# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ISAAC FOSTER, *on behalf of himself and all other similarly situated,*<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SERVICE SANITATION, INC.,<br><br>　　　　Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Service Sanitation, Inc. ("SSI"), Defendant in the above-titled action, fully reserving the right to raise all defenses and objections to which it may be entitled, hereby removes this matter from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### Claims Asserted in Complaint

1. On January 21, 2025, Plaintiff Isaac Foster ("Plaintiff") filed a class action complaint against SSI in the Circuit Court of Cook County, Chancery Division, captioned, Isaac Foster, *on behalf of himself and all others similarly situated,* v. Service Sanitation, Inc., Case No. 25 CH 00666 (the "Complaint"). SSI was served with the Summons and Complaint on January 29, 2025.

2. Plaintiff, a former employee of SSI, alleges a violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1 ("GIPA"), based on the purported solicitation of

genetic information, as defined in 410 ILCS 513/10 and 45 CFR 160.103, during what Plaintiff claims was a pre-hire medical examination at a local clinic. SSI denies that Plaintiff underwent a pre-hire medical examination and likewise denies that he was asked to provide family medical history or genetic information during his pre-hire ergonomic testing.

3. In the Complaint, Plaintiff seeks to represent, two classes as follows:

Nationwide Class

All individuals in United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitations period, as a condition of apply for employment by Defendant.

Illinois Class

All individuals in Illinois from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitations period, as a condition of apply for employment by Defendant.

(Compl. ¶¶ 31, 32).

4. Plaintiff alleges that, as part of SSI's hiring process nationwide, SSI "requires all prospective employees to undergo a physical examination and answer questions regarding their family medical history, i.e. the manifestation of diseases or disorders in family members." (*Id*. at ¶ 18). Plaintiff alleges the pre-hire process included questions to Plaintiff about "whether Plaintiff's family members had a history of diabetes, heart disease, kidney disease and other medical conditions. (*Id*. at ¶ 24).

5. Plaintiff also claims the Defendant failed to inform Plaintiff or members of the putative classes of "their right not to answer any questions regarding or otherwise provide any

of their genetic information as a condition of applying for employment with Defendant" (*Id*. at ¶ 21).

6. Based on these allegations Plaintiff purports that Defendant's actions led to violations of GIPA for every individual within the putative classes. (*Id*. at ¶ 22). Plaintiff is seeking declaratory relief, injunctive and equitable relief, statutory relief, attorneys' fees, cost, other litigation expenses, pre- and post-judgment interest as well as other relief. (*See id*. "Prayer for Relief.")

7. Plaintiff alleges that the class period for the Nationwide Class and Illinois Class is the applicable limitations period for GIPA, but does not specify what that is. Nor does the Act specify a statute of limitations for its claims anywhere in its statutory text. Presumably, Plaintiff intends to argue that GIPA has the same five (5) year statute of limitations as the Illinois Supreme Court recently determined existed for the Illinois Biometric Information Privacy Act. *See* 740 ILCS 14/1 *et seq.*; *Tims v. Black Horse Carrier, Inc.*, 2023 IL 127801 (Ill. 2023)(applying five year "catch all" statute of limitations to claims under the Biometric Information Privacy Act).

### Compliance with Statutory Requirements

8. On January 29, 2025, Plaintiff served SSI with the Summons and Complaint. Because SSI is removing this case within 30 days of service, the removal is timely. *See* 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing,* Inc., 526 U.S. 344, 354-56 (1999) (stating that notice of removal is timely under 28 U.S.C. §1446(b) if filed within 30 days after service of the complaint).

9. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the Circuit Court of Cook County, Chancery Division are other pleadings and filings are attached hereto as Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), SSI is providing written notice of removal of the action to Plaintiff and filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, in conjunction with this filing.

**Jurisdiction**

11. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")). Under the CAFA, federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100, 28 U.S.C. § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(c) and (d)(2). All CAFA requirements are satisfied here.

12. "A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." No such discretion exists here because the Nationwide Class pled by the Complaint would encompass 884 individuals who underwent pre-hire testing

during the five year period preceding the filing of the Complaint and fewer than 246 of these individuals reside in the state this matter was filed in, Illinois.[1] (Conner Decl. ¶¶ 8-9).

### Citizens of Separate States

13. SSI is an Illinois Corporation with principal place of business in Gary, Indiana, which owns and operates locations in Indiana, Wisconsin and Illinois. (Compl.¶ 9; Conner ¶ 1).

14. As alleged in the Complaint, the proposed class includes numerous individuals who are located in states outside of Illinois, the state in which the action was filed. (Compl. ¶¶ 17, 21, 31).

15. Indeed, 72.2% of the proposed Nationwide Class are believed to be citizens of states other than Illinois. (Conner Decl. ¶ 9). This includes a significant number from Wisconsin. (*Id*.) Conversely, SSI is an Illinois Corporation with a principal place of business in Indiana. (Compl.¶ 9; Conner ¶ 1). Accordingly, the parties are sufficiently diverse for the purpose of 28 U.S.C. § 1332(c) and (d)(2)(A) and (B).

### Size of Potential Class

16. Plaintiff alleges that each of the putative classes is "believed to amount to thousands of persons for each of the two classes" (*see* Compl. ¶ 35), which easily satisfies the

---

[1] As set out in SSI Vice President Emily Connor's declaration attached as Exhibit B, a review of SSI's records indicates that 217 of the individuals who went through SSI's pre-hire ergonomic testing were Illinois residents and there are an additional 29 individuals for whom SSI is unsure their address at this time. Even if we assume for present purposes that all 29 resided in Illinois, 246 is still only 27.8% of the putative class. Consequently, removal is proper under 28 U.S.C. 1332(d)(2).

100+ person threshold under CAFA.[2] *See* 28 U.S.C. § 1332(d)(5)(B). Accordingly, the second element for CAFA jurisdiction is also satisfied here.

### Amount in Controversy

17. Although Plaintiff does not explicitly plead the amount in controversy in his Complaint, SSI can rely on good-faith estimates of the same when seeking to remove this matter to federal court. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Such estimates can be reached:

> (1) "by calculation from the complaint's allegations;" (2) "by reference to the plaintiff's informal estimates or settlement demands;" and (3) "by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands."

*Halim v. Charlotte Tilbury Beauty Inc.*, No. 23 CV 94, 2023 WL 3388898, at *3 (N.D. Ill. May 11, 2023) (quoting *Roppo*, 869 F.3d at 579). A fair reading of Plaintiff's Complaint suggests that CAFA's $5,000,000 amount in controversy requirement is easily satisfied here.

18. Plaintiff alleges that "thousands of persons" were subject to violations of GIPA at its facilities nation-wide from SSI's "standardized hiring process at all its locations that required "prospective employees to undergo a physical examination and answer questions regarding their family medical history". (*See, e.g.*, Compl. ¶¶ 18, 21, 35.) The Complaint also alleges that each of these alleged violations was knowing, willful and in reckless disregard

---

[2] While thousands of persons is a gross exaggeration, there is no dispute the Nationwide Class alleged in the Complaint exceeds 100 people. Conner Decl. ¶¶ 8-9).

QB\94687905.1

of GIPA's statutory requirements and seeks $15,000 for each such violation. (Compl., ¶¶ 49, 51-52)

19. Taking the Complaint allegations as true and using the Nationwide Class alleged in the Complaint, 884 unique individuals have undergone pre-employment physical ability testing and/or received a pre-employment drug test in the five year period preceding the filing of the Complaint. (Conner Decl. ¶ 8). With the Complaint seeking $15,000 per class member for 884 class members, the amount in controversy from this aspect of the claim alone exceeds **$13,260,000.** As such, the amount in controversy is well above the $5 million threshold required by CAFA.

20. The amount in controversy exceeds even the $13,2605,000 noted above, because in addition to statutory damages under GIPA Plaintiff also seeks, "reasonable attorneys' fees, costs and other litigation expenses" and pre- and post-judgment interest" (*See id*. "Prayer for Relief.") These allegations result in an amount in controversy well in excess of the $5 million CAFA minimum requirement. *See* 28 U.S.C. § 1332(c) and (d)(2).

General Statement

21. In alleging the amount in controversy for the purpose of removal, SSI does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff and/or any putative class members were required to undergo a physical examination and answer questions regarding their family medical history, that GIPA applies to any employee who is a citizen of a state other than Illinois or who performed services for Defendant in a state other than Illinois, that any policy creation or decision making related to providing any pre-employment testing

- 8 -

was performed in Illinois, that Defendant committed any of the wrongful acts alleged in the Complaint, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.  Nor does Defendant concede that Plaintiff's class is properly defined, that Defendant should or can be stopped from asserting the statute of limitations as a defense in this matter, or that class certification is appropriate. Finally, this Notice of Removal does not waive any objections Defendant has to personal jurisdiction or any and all of the other claims all of which are expressly preserved herein.

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441 and 1446, the above-entitled action is hereby removed to this Court from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Dated**:** February 28, 2025

Respectfully submitted,

QUARLES & BRADY LLP

By: */s/ Brian A. Hartstein*

Gary R. Clark, #06271092
Brian A. Hartstein #6289689
QUARLES & BRADY LLP
300 N. LaSalle Dr., Suite 4000
Chicago, IL 60654
Phone:  312-715-5040
Fax:    312-715-5155
gary.clark@quarles.com
brian.hartstein@quarles.com
Firm ID 36566

*Attorneys for Service Sanitation, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 28, 2025, I caused the foregoing document to be served on the individuals listed below, via mail with first class postage pre-paid and e-mail.

*/s/Brian A. Hartstein*
BRIAN A. HARTSTEIN

## SERVICE LIST

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Attorney No. 38819
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@wbafh.com

**HEDINLLP**
Julie Holt*
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: jholt@hedinllp.com