**EXHIBIT A**

Hearing Date: <<CmsHearingStart>>
Location: <<CmsHearingResource="Location">>
Judge: <<CmsHearingResource="JudicialOfficer">>

FILED
1/21/2025 8:17 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH00666
Calendar, 14
31067482

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |
|---|---|
| ISAAC FOSTER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SERVICE SANITATION, INC. <br><br> Defendant. | Case No.:    **2025CH00666** |

## CLASS ACTION COMPLAINT

Plaintiff Isaac Foster, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Service Sanitation, Inc. ("Defendant" or "Service Sanitation") for violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and alleges as follows based on personal knowledge as to himself and, as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.      This case is about Defendant requiring that prospective employees provide their genetic information as a condition of employment or preemployment application with the company, in clear violation of GIPA.

2.      Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. This genetic information reveals a trove of intimate information about that person's health, family, and innate characteristics. In recognition of the private and sensitive nature of genetic information, the Illinois Legislature enacted GIPA to regulate the use, transfer, and retention of an individual's genetic information. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection,

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

or disclosure of such information. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

3.      It was precisely this risk of using genetic information in a discriminatory manner that led the Illinois Legislature to amend GIPA in 2008 to prohibit employers from soliciting, requesting or requiring applicants to provide genetic information as a condition of employment, or otherwise use genetic information in its hiring decisions. Specifically, GIPA provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

(1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2) affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure, or terminate the employment, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3) limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4) retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

410 ILCS 513/25(c).

4.     GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual. 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

5.     During the applicable statutory period, Defendant has systematically required applicants for employment to provide their protected familial medical histories (specifically information about disease or disorders in family members) as a condition of applying for employment. To this day, Defendant continues to engage in these practices.

6.     GIPA clearly prohibits what Defendant has done. By requiring prospective employees, including Plaintiff and members of the Classes (defined below), to disclose their family medical histories as a condition of applying for employment, Defendant violated Plaintiff's and the putative Classes members' GIPA-protected rights to keep their genetic information private.

7.     Plaintiff, individually and on behalf of the members of the Classes, seeks monetary and injunctive relief to redress Defendant's violations of GIPA.

**PARTIES**

8.     Plaintiff Foster is, and at all times relevant hereto was, a resident and citizen of North Chicago, Illinois.

9.     Defendant Service Sanitation, a portable sanitation company, is incorporated in Illinois and maintains its corporate headquarters in Homewood, Illinois.  Defendant owns and operates locations in Illinois, Wisconsin, and Indiana.

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

## JURISDICTION AND VENUE

10.     Personal jurisdiction exists over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is headquartered in the state of Illinois and because the claims of Plaintiff and all members of the putative Classes arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, and/or required, from its headquarters in Illinois, that Plaintiff and all members of the putative Classes provide Defendant their genetic information as a condition of applying for employment by Defendant.

11.     Venue is proper in this Court because Defendant maintains its corporate headquarters in Cook County.

## FACTUAL BACKGROUND

### I.     Illinois's Genetic Information Privacy Act

12.     The genomic revolution has ushered in significant advancements in biological sciences and medicine over recent decades. Modern genomic technologies now enable individuals to uncover genealogical information about themselves and their relatives, discover genetic predispositions to diseases before symptoms appear, and in some cases, prevent and treat such diseases proactively.

13.     These benefits have been accompanied by a dramatic reduction in genetic testing costs. The expense of collecting and analyzing a complete individual human genome has plummeted from over $100 million in 2001 to under $1,000 in 2022.[1] However, with the increase in accessibility of genetic testing and genetic information came an increased risk that such information would be abused or used in a discriminatory manner.

---

[1] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data.

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

14.     To address these concerns, Illinois, in 1998, enacted the Genetic Information Privacy Act (GIPA), 410 ILCS513/1 *et seq*., which regulates the use, receipt, transmission, and retention of individuals' genetic information. A decade later, acknowledging the risk that employers would use or had been using individuals' genetic information in discriminatory ways, GIPA was amended to include protections against such discrimination by employers. Specifically, GIPA now prohibits employers from directly or indirectly soliciting, requesting, requiring, or purchasing genetic testing or genetic information of an individual or their family members as a condition of employment, preemployment application, labor organization membership, or licensure.

15.     GIPA defines an employer, in relevant part, as "every [] person employing employees within the state." 410 ILCS 513/10.

16.     GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

## II.     Defendant violates GIPA

17.     Defendant is an "employer" as defined by GIPA, as it employs employees within the state of Illinois.

18.     As part of its standardized hiring process at all its locations nationwide, Defendant requires all prospective employees to undergo a physical examination and answer questions regarding their family medical history, i.e., the manifestation of diseases or disorders in family members.

19.     Defendant devised and implemented this national hiring policy at its headquarters in Illinois, and has directed, overseen, controlled, and directed that its human resource staff at all

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

its locations nationwide execute this policy, throughout the entire limitation period applicable to this action, also from its headquarters in Illinois.

20.    Defendant made the decisions regarding what the physical examination would entail, and the information that prospective employees would be requested and/or required to provide, from its headquarters in Illinois.

21.    Additionally, Defendant failed to inform Plaintiff or any members of the putative Classes of their right not to answer any questions regarding or otherwise provide any of their genetic information as a condition of applying for employment with Defendant. Defendant should have, but failed to, inform Plaintiff and the members of the putative Classes—from its corporate headquarters in Illinois—of their right not to provide their genetic information during the process of applying for employment with Defendant. Defendant's failure to provide Plaintiff or any members of the putative Classes such information occurred pursuant to a uniform, nationwide policy implemented by Defendant at its headquarters in Illinois and, at all times relevant hereto, maintained, overseen, and enforced by Defendant from its headquarters in Illinois.

22.    By soliciting, requesting, and/or requiring that Plaintiff and all members of the putative Classes provide their genetic information to Defendant as a condition of applying for employment, without first informing Plaintiff or any member of the putative Classes of their right not to provide such information—all of which occurred in Illinois, pursuant to standardized policies and practices implemented, maintained, executed, overseen, and controlled by Defendant from within Illinois—Defendant violated GIPA on a massive scale.

### III.    Plaintiff Foster's experience

23.    In or around May 2024, Plaintiff Foster applied for a job with Defendant at one of its locations in Illinois.

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

24.     As a condition of applying for employment, Defendant solicited, requested, and/or required that Plaintiff submit to a physical examination and provide information concerning his family medical history, i.e. the manifestation of diseases or disorders in his family members, to Defendant (or another person acting on Defendant's behalf). Such questions included whether Plaintiff's family members had a history of diabetes, heart disease, kidney disease and other medical conditions.

25.     In response, Plaintiff disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed in order to apply for employment by Defendant.

26.     Thus, Plaintiff's sensitive genetic information was solicited, requested, and/or required by Defendant as a condition of Plaintiff's employment.

27.     Prior to requesting and requiring that Plaintiff provide such information, neither Defendant nor any other person acting on its behalf informed Plaintiff, either verbally, in writing, or otherwise, of his right not to disclose such information as a condition of applying for employment with Defendant.

28.     The information Defendant requested and/or required Plaintiff to provide as a condition of applying for employment, as alleged above, constituted "genetic information" within the meaning of GIPA (including the applicable provisions of HIPAA referenced and incorporated therein).

29.     None of Defendant's solicitations, requests, and/or requirements for Plaintiff to provide his genetic information to Defendant were made in furtherance of a workplace wellness program.

FILED DATE: 1/21/2025 8:17 PM    2025CH00666

30.     By requiring Plaintiff to answer questions about his family medical history as a condition of applying for employment, Defendant directly or indirectly solicited, requested, and/or required Plaintiff to disclose his genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of himself and a "Nationwide Class" comprised of the following similarly situated persons:

> All individuals in the United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of applying for employment by Defendant.

32.     Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of himself and an "Illinois Class" comprised of the following similarly situated persons:

> All individuals in Illinois from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of applying for employment by Defendant.

33.     The Nationwide Class and the Illinois Class are at times herein referred to collectively as the "Classes."

34.     The following are excluded from the Classes: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

35.     **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Classes is substantial, believed to amount to thousands of persons for each of the two Classes. It is, therefore, impractical to join each member of either of the Classes as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendant's records.

36.     **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of each of the Classes and that predominate over any questions affecting only individual members. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a)  Whether Defendant's conduct is subject to GIPA;

(b)  Whether Defendant directly or indirectly solicited Plaintiffs and the other class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(l);

(c)  Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

(d)  Whether Plaintiff and the Classes are entitled to damages and injunctive relief.

37.     **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the above-defined Classes. Neither Plaintiff nor his counsel has any interest adverse

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

to, or in conflict with, the interests of the absent members of either of the Classes. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Classes and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Classes or additional claims as may be appropriate.

38.    **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with GIPA.

## CAUSE OF ACTION
### Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*
### (On behalf of Plaintiff and the Members of Both Classes)

39.    Plaintiff fully incorporates all paragraphs above.

40.    Defendant is an employer under 410 ILCS 513/l0 in that it employs employees within the state of Illinois.

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

41.     GIPA defines "genetic information" by reference to HIPAA, 45 C.F.R. § 160.103, to include the manifestation of a disease or disorder in family members of an individual.

42.     Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of applying for employment. 410 ILCS 513/25(c)(l).

43.     As a condition of Plaintiff and the putative members of the Classes applying for employment, Defendant solicited, requested and/or required, either directly or indirectly by another person acting on its behalf and at its direction, that Plaintiff and the members of the Classes undergo physical exams and answer questions regarding their family medical history, i.e. the manifestation of a disease or disorder in family members. In doing so, Defendant directly or indirectly solicited, requested, and required Plaintiff and the members of the Classes to disclose their genetic information as a condition of applying for employment.

44.     The information that Defendant solicited, requested, and/or required from Plaintiff and the members of Classes as a condition of applying for employment, as described above, constitutes "genetic information" that is protected by GIPA. 410 ILCS 513/l.

45.     Prior to soliciting, requesting, and/or requiring genetic information from Plaintiff and the members of the Classes as a condition of applying for employment, Defendant failed to advise Plaintiff or any other member of either of the Classes, either verbally, in writing, or otherwise, of their statutorily protected rights under GIPA not to provide such information.

46.     Defendant also solicited, requested and/or required that Plaintiff and members of the Classes provide other personally identifying information, including their full names, home addresses, dates of birth, Social Security numbers and gender, as part of their employment applications, including during the physical exams they underwent.

11

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

47.     The unlawful practices alleged herein, as applied to Plaintiff and all members of the Classes, were conceived of, implemented, maintained, executed, overseen, and otherwise controlled by Defendant from its corporate headquarters in Illinois.

48.     Plaintiff and all members of the Classes have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

49.     Defendant knowingly and/or willfully violated GIPA, and at the very least acted in reckless disregard of the statute's requirements, because the part of the statute relevant to this action has been in effect since 2009; because, on information and belief, Defendant maintains a legal department that routinely performs legal compliance audits (including those required pursuant to applicable regulations in its industry), rendering it well equipped to identify and implement measures to comply with all applicable laws, including GIPA; and because Defendant nonetheless failed to take any steps, implement any measures, or otherwise take any effort to comply with GIPA prior to requesting, and/or requiring Plaintiff and members of the Classes to provide their genetic information as a condition of applying for employment by Defendant.

50.     Alternatively, Defendant violated GIPA negligently in that any steps it took, measures it implemented, or any other efforts it undertook to comply with GIPA were unreasonable under the circumstances, particularly in light of the nature of Defendant's business and the standard of conduct expected of it in the industry and field in which it operates.

51.     On behalf of himself and the proposed members of the Classes, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the members of the Classes by requiring Defendant to destroy the genetic information it solicited, requested, and/or required from them in violation of GIPA and to comply with GIPA's requirements

FILED DATE: 1/21/2025 8:17 PM 2025CH00666

in the future; (2) statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2); (3) statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff Foster, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying the Classes defined above, appointing Plaintiff as representative of the Classes and his attorneys as counsel for the Classes;

B. Declaring that Defendant's actions, as set forth herein, violate GIPA;

C. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Classes by requiring Defendant to destroy the genetic information it solicited, requested, and/or required from Plaintiff and members of the Classes in violation of GIPA and to comply with GIPA's requirements in the future;

D. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent violation of GIPA;

E. Awarding reasonable attorneys' fees, costs, and other litigation expenses;

F. Awarding pre- and post-judgment interest, as allowable by law; and

G. Such further and other relief the Court deems reasonable and just.

FILED DATE: 1/21/2025 8:17 PM   2025CH00666

**JURY TRIAL**

Plaintiff demands a trial by jury on all issues and claims so triable.

Date: January 21, 2025

*s/   Carl V. Malmstrom*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
Attorney No. 38819
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel:  (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and Putative Classes*

**HEDIN LLP**
Julie Holt*
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: jholt@hedinllp.com

*\*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and Putative Classes*

14



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2025CH00666   **SHERIFF NUMBER:** 20177867   **MULT. SER.:** 1   **DOC. TYPE:** CHAN

**DIE DATE:** 02/19/2025   **RECEIVED DATE:** 01/24/2025   **FILED DATE:** 01/23/2025   **DIST:** 430

| | |
|---|---|
| **DEFENDANT:** HOMEWOOD DISPOSAL SERVICE | **PLAINTIFF:** FOSTER, ISSAC |
| ADDRESS: 5901 W 175TH | **ATTORNEY:** CARL V MALMSTROM |
| CITY: HOMEWOOD | ADDRESS: 111 W JACKSON BLVD |
| STATE: IL   ZIP CODE: 60430 | CITY: CHICAGO |
| ATTACHED FEE AMT: | STATE: IL   ZIP CODE: 60604 |
| SERVICE INFORMATION: | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

WRIT SERVED ON: TAMMY (CLERK)          ATTEMPTED SERVICES

SEX: F   RACE: BL   AGE: 56          Date      Time      Star #

THIS 29 DAY OF January 20 25

TIME: 10:50 AM

THOMAS J. DART,

SHERIFF, BY: /S/   WILLIAMSON, PAMELA #11589   , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2025CH00666   **SHERIFF NUMBER:**   20177867   **MULT. SER.:** 1   **DOC. TYPE:** CHAN

**DIE DATE:** 02/19/2025   **RECEIVED DATE:**   01/24/2025   **FILED DATE:**   01/23/2025   **DIST:** 430

| Date | Time | Star # |
|------|------|--------|

FILED
1/23/2025 11:07 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH00666
Calendar, 14
31095211

FILED DATE: 1/23/2025 11:07 AM   2025CH00666

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ISAAC FOSTER, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>SERVICE SANITATION, INC.<br><br>     Defendant. | Case No.: 2025CH666<br><br>Calendar 14 |

### <u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>[1]

Plaintiff Isaac Foster, individually and on behalf of all others similarly situated, by and through his undersigned attorney, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, for an Order certifying this litigation as a class action on behalf of the following class (sometimes collectively referred to as the "Class"):

> All individuals who applied for employment with Defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, requested and/or obtained family medical history or other genetic information within the applicable limitation period.

Plaintiff hereby reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be

---

[1] Plaintiff requests that the Court delay its ruling on this motion until the parties have had an opportunity to complete the discovery process and fully brief this issue. Plaintiff is filing this motion in light of the Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL 118644 (Ill. 2015). In *Ballard RN Ctr.*, the Illinois Supreme Court found that a motion for class certification which "identified [the] defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations" was sufficient to overcome mootness efforts by Defendant to defeat the case in question. *Id.* at **19.

used to prove those elements in individual actions alleging the same claims.

In support of his motion,[2] Plaintiff states as follows:

**1.** **Introduction.** This is a class action lawsuit through which Plaintiff, individually and on behalf of the Classes described herein, seeks damages from Defendant for Defendant's Data Breach in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, as well as common law negligence, breach of implied contract, and unjust enrichment.

**2.** This case satisfies all of the elements of 735 ILCS 5/2-801 *et seq.* Illinois state law requires numerosity, commonality, adequacy, and appropriateness of representation. As discussed below, each of these requirements is satisfied:

**3.** **Numerosity** – 735 ILCS 5/2-801(1). The numerosity requirement is satisfied where "joinder of all members is impracticable." "Although there is no magic number of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable." *Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS 36023 at *6 (N.D. Ill. Apr. 28, 2009).[3] Here, the total number of class members is believed to be 47,877. Compl. ¶ 73.

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file her opening memorandum of law in support thereof after sufficient discovery has been allowed. In *Ballard RN Ctr.*, the Illinois Supreme Court stated that "when additional discovery or further development of the factual basis is necessary. . .those matters will be left to the discretion of the trial court." *Id.* at **24.

[3] "Section 2-801 of the Code, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a Class action. Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Uesco Indus. v. Poolman of Wis.*, Inc., 2013 IL App (1st) 112566 at P45 (Ill. App. Ct. 1st Dist. 2013) (internal quotation marks and citations omitted).

FILED DATE: 1/23/2025 11:07 AM   2025CH00666

FILED DATE: 1/23/2025 11:07 AM    2025CH00666

3.    **Commonality** – 735 ILCS 5/2-801(2).  The commonality requirement is satisfied where "common questions [of law or fact] predominate over any questions affecting only individual members." "To satisfy this predominance requirement, a plaintiff must necessarily show that successful adjudication of the class representative's individual claim will establish a right of recovery in other class members. A favorable judgment for the class should decisively resolve the whole controversy, and all that should remain is for other class members to file proof of their claim.  *Mashal v. City of Chicago*, 2012 IL 112341 at P33 (Ill. 2012) (Internal quotation marks and citations omitted).

As alleged in the Complaint, the Defendant engaged in a common course of conduct that was nearly identical for every putative member of the Class, namely individuals whose Sensitive Personal Information was inadequately protected by Defendant.

In this case, the common questions of law or fact include, among others:

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant directly or indirectly solicited Plaintiffs and the other Class members' genetic information as a condition of employment or their preemployment application in violation of 410 ILCS 513/25(c)(l);

(c) Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

(d) Whether Plaintiff and the Class are entitled to damages and injunctive relief.

Based on the nature of Defendant's conduct which Defendant uniformly applied to the Plaintiff and all members of the alleged class, commonality is easily established here.  "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class." *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (Ill. App. Ct. 2d Dist. 2004) (citation omitted).

4.    **Adequacy** – 735 ILCS 5/2-801(3).  The adequacy requirement is satisfied where the "representative parties will fairly and adequately protect the interest of the class."

FILED DATE: 1/23/2025 11:07 AM   2025CH00666

> The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined.

*P.J.'s Concrete Pumping Serv.* 345 Ill. App. 3d at 1004 (citations omitted).

Here, Plaintiff has no interests antagonistic to the interests of absent class members, and Plaintiff has retained counsel that is qualified, experienced, and generally able to conduct the proposed litigation.  Compl. ¶ 76.

**5.**    **Appropriateness** – 735 ILCS 5/2-801(4).  The appropriateness requirement is satisfied where the "class action is an appropriate method for the fair and efficient adjudication of the controversy."  Further,

> In deciding whether the fourth requirement for class certification is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled.  Also, class actions are often the last barricade of consumer protection. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus attaining the ends of equity and justice.

*Walczak v. Onyx Acceptance Corp*., 365 Ill. App. 3d 664, 679 (Ill. App. Ct. 2d Dist. 2006) (citations omitted)

Here, where there are thousands of potential consumer class members, each seeking small recoveries pursuant to claims that cannot be efficiently litigated separately, a class action is clearly the appropriate vehicle to litigate this action in order to secure economies of time, effort and expense for both the Court and the parties.  Compl. ¶ 77.

**WHEREFORE**, Plaintiff respectfully requests that this Court, after allowing the parties an opportunity to complete the discovery process and fully brief the issues raised by this motion, enter an Order: (1) certifying this case as a class action pursuant to 735 ILCS 5/2-801 *et seq.*, (2)

FILED DATE: 1/23/2025 11:07 AM   2025CH00666

appointing Plaintiff as representative of the Class; and (3) appointing Plaintiff's attorneys as Class

Counsel.

Dated:  January 22, 2025                          Respectfully submitted,

/s/    *Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
Attorney No. 38819
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel:  (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

Julie Holt*
**HEDIN LLP**
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: jholt@hedinllp.com

*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Putative Class*