**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ISAAC FOSTER, | ) | |
| | ) | |
| On behalf of himself and all others | ) | Case No. 1:25-cv-02101 |
| similarly situated | ) | |
| | ) | Judge Sara L. Ellis |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERVICE SANITATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT OR,
ALTERNATIVELY, TO STRIKE NATIONWIDE CLASS ALLEGATIONS**

Plaintiff Isaac Foster ("Plaintiff" or "Foster") filed this putative class action alleging violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* ("GIPA") on a nationwide basis, despite the fact this law only applies in Illinois. With regard to Foster's individual claim, the Complaint alleges that Service Sanitation, Inc. ("SSI") violated GIPA by requiring Foster to undergo a medical examination as a pre-hire requirement. As Foster does not allege that he was discriminated against in any way (he was hired after the alleged pre-hire examination), the only relevant provision of GIPA is 410 ILCS 513/25(c)(1), which prohibits employers from soliciting, requesting, or requiring an employee to provide genetic information as a condition of employment.

The Complaint, however, alleges nothing factual in support of its ultimate conclusion that SSI solicited genetic information from Foster. Moreover, the pre-hire testing packet referenced in the Complaint makes clear that there was no medical examination – merely a drug test and physical abilities test lifting weighted objects – and

no solicitation of any family medical history or genetic information. As such, the Complaint fails to meet the minimum pleading requirements because it lacks sufficient facts to allege a plausible claim for relief under GIPA and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Alternatively, the Court should strike the Nationwide Class alleged in the Complaint because GIPA does not apply extraterritorially and there is nothing alleged to indicate that anyone outside of Illinois had sufficient contact with Illinois as part of their pre-hire testing for GIPA to apply. As currently alleged, the Nationwide Class seeks to apply GIPA extraterritorially to individuals who do not live in Illinois, never worked in Illinois, never underwent testing in Illinois, and have no connection whatsoever to the state of Illinois. As such, the Nationwide Class allegations should be struck as irreconcilable with Illinois law.

## COMPLAINT ALLEGATIONS

Plaintiff alleges that he applied for a job with SSI in Illinois in May 2024 and that, "as a condition of applying," SSI "solicited, requested, and/or required" him to provide information concerning his family medical history. (Compl. at ¶ 24). Plaintiff further alleges that, in response, he disclosed his "genetic information, including diseases and disorders with which his family members have been diagnosed in order to apply for employment by Defendant." (*Id.* at ¶ 25). Styled as a class action, Plaintiff further broadly brings the action on behalf of both a "Nationwide Class," comprised of all individuals in the United States from whom SSI allegedly solicited, requested, or required family medical history as a condition of applying for employment, and an "Illinois Class," comprised of all individuals in Illinois under the same circumstances. (*Id.* at ¶¶ 31-32).

Paragraphs 24-25 of the Complaint allege that Plaintiff provided information at the testing facility concerning his family medical history and that these disclosures were the alleged violation of GIPA at issue in this case. (Compl., ¶¶ 24-25). This allegation implicitly references the packet of materials from that pre-hire testing session, which is attached hereto as Exhibit A ("Procedure Summary"). The Procedure Summary conclusively shows that there was no medical examination, no solicitation of genetic information and that the pre-hire "examination" was actually a physical abilities test that required lifting weighted objects with some monitoring of heart rate and blood pressure. (Exhibit A).

The Procedure Summary makes the complete absence of any factual allegations in support of the GIPA claim in the Complaint glaring. Rather than allege such facts, the Complaint relies exclusively on formulaic conclusions and reiteration of the statutory elements of a GIPA claim. Indeed, the sole allegations in support of Foster's claim are eight paragraphs that allege each element of a GIPA claim involving the alleged solicitation of medical information in conclusory fashion. (Compl., ¶¶ 23-30). Foster does not even allege what supposed genetic information he disclosed, alleging instead the conclusion that he disclosed family medical history that constitutes genetic information. (Compl., ¶ 25). ***Most importantly, there is nothing factual alleged in the Complaint to support the conclusions that SSI was involved in any alleged solicitation of genetic information or that any solicitation was an intentional act and a condition of employment at SSI.***

Also indicative of how little investigation was conducted before filing this GIPA claim as a nationwide class action are the incorrect allegations that SSI's corporate headquarters and principal place of business are in Illinois. (Compl., ¶¶ 17-22). This is

incorrect as SSI's corporate headquarters, its leadership team, it's personnel responsible for hiring and pre-hire testing, and its principal place of business are all in Gary, Indiana.

## **LEGAL STANDARD**

To survive a motion to dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *id*., or "allegations in the form of legal conclusions." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). Indeed,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Twombly*, 550 U.S. at 555. This requires pleading "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 679.

The Seventh Circuit holds that a complaint must plead sufficient facts and detail to (i) give the defendant fair notice of what the claim is and the grounds upon which it rests; and (ii) to state a claim for relief that rises above the speculative level and is plausible on its face. *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). While the amount and types of facts necessary to satisfy this requirement will vary from case to case, the complaint must always "allege enough facts to state a claim to relief that is plausible on its face." *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th

Cir. 2008). To do so, a plaintiff must do more than merely parrot the statutory language of the claim that they are pleading, but must include some concrete details—e.g., who, what, when, how the legal violation occurred. *See, e.g., Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The federal rules also permit the Court to strike class action allegations from a complaint. *See* Fed. R. Civ. P. 12(f), 23(d)(1)(D); *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010); *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). Under Rule 23(c)(1)(A), "[a]t an early practicable time," a district court "must determine by order whether to certify the action as a class action." When it is clear that class certification is inappropriate, a ruling on class allegations may be made at the pleading stage. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) (district court has an "independent obligation" to decide whether an action brought on a class basis is to be so maintained" and "need not delay a ruling on certification if it thinks that additional discovery would not be useful"); *Pumputiena v. Deutsche Lufthansa, AG*, 2017 WL 66823, at *8 (N.D. Ill. Jan. 6, 2017). A plaintiff bears the burden of demonstrating that the proposed class meets the requirements of Federal Rule of Civil Procedure 23, and when a plaintiff does not meet the requirements, courts are authorized to enter orders to "require that the pleadings be amended to eliminate allegations about representations of absent persons, and that the action proceed accordingly." *Wright*, 2010 WL 4962838, at *2; Fed. R. Civ. P. 23(d)(1)(D).

<u>**ANALYSIS**</u>

I.      **Plaintiff Has Pled No Facts Suggesting SSI Intentionally Solicited Genetic Information as a Condition of Employment.**

Nowhere in the Complaint does Foster allege that SSI ever took an adverse action against him or otherwise discriminated against him on account of his genetic information. Nor could he as SSI hired him after his pre-hire test. As such, the only GIPA provision remotely applicable is the provision prohibiting employers from soliciting, requesting, or requiring genetic information as a condition of employment:

> "An employer, employment agency, labor organization, and licensing agency shall not directly or indirectly do any of the following: (1) solicit, request, require or purchase genetic testing or genetic information of a person or a family member of the person, . . . as a condition of employment, preemployment application, labor organization membership, or licensure."

410 ILCS 513/25(c)(1). This provision, however, requires an intentional act by the employer to solicit or request the genetic information as a condition of employment, which is not alleged here. Indeed, GIPA explicitly states that "inadvertently requesting family medical history by an employer . . . does not violate this Act." 410 ILCS 513/25(g). As such, the Complaint fails to allege a viable claim under section 513/25(c)(1) and should be dismissed.

A.      <u>**The Complaint Does Not Plead an Intentional Act By SSI.**</u>

The Complaint concludes that SSI solicited, requested, and required genetic information as a condition of employment but never pleads any fact in support of this conclusion. This is an important omission as GIPA only prohibits an employer from, directly or indirectly, soliciting genetic information from an applicant or employee as a condition of employment. 410 ILCS 513/25(c)(1).

Looking at the plain meaning of the terms used in the statutory text (solicit, request, and require), each requires intent to *affirmatively* act in furtherance of a goal. To "solicit" means "[t]o entreat or petition (a person) for, or to do, something; to urge, importune; to ask earnestly or persistently." Oxford English Dictionary, https://www.oed.com/search/dictionary/?scope=Entries&q=solicit. Similarly, to "request" means "[t]o ask (a person), esp. in a polite or forma manner, to do something." *Id.* at https://www.oed.com/search/dictionary/?scope=Entries&q=request. And, to "require" means "[t]o demand (a thing) authoritatively or as a right; to demand, claim, or insist on having (something) from or of someone." *Id.* at https://www.oed.com/search/dictionary/?scope=Entries&q=require.[1]

This makes clear that the Complaint allegations are woefully deficient because there is not one single fact alleged suggesting that SSI ever acted in any manner that can be characterized as intending to solicit, request or require genetic information from Plaintiff. Rather, the Complaint ignores this requirement and simply concludes that "defendant made the decisions regarding what the physical examination would entail, and the information that prospective employees would be requested and/or required to provide," and that "defendant solicited, requested, and/or required" Plaintiff to submit to a physical examination and provide information concerning his family medical history. (Compl. at ¶¶ 20, 24). This falls well short of the minimum pleading requirements to plead sufficient factual detail to allege a plausible claim for relief.

---

[1] Requiring intentional conduct from the employer is also consistent with the stated purpose of GIPA: to prevent intentional discrimination based upon genetic information. *See Bridges v. Blackstone Grp., Inc.,* No. 21-CV-1091-DWD, 2022 WL 2643968, at *1 (S.D. Ill. July 8, 2022) ("GIPA was designed to prevent employers and insurers from using genetic testing data as a means of discrimination for employment . . . purposes."); 93d Ill. Gen. Assem., Senate Proceedings, May 13, 1997, at 2-3 (statements of Senator Hawkinson); 90th Ill. Gen. Assem., House Proceedings, April 15, 1997, at (statements of Representative Moffitt).

The complete absence of any facts pled in support of Plaintiff's conclusion that SSI acted intentionally to solicit genetic information from Foster is irreconcilable with the Act's language, which plainly and unmistakably requires the employer to act in an intentional and affirmative manner to solicit, request or require the employee's genetic information as a condition of employment.  It is also irreconcilable with 410 ILCS 513/25(g), which makes clear that an inadvertent request for family medical history by an employer does not violate GIPA.[2]  As such, the Complaint fails to allege a plausible claim for relief under GIPA and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**B.    The Complaint's Conclusions are also Contradicted by the Procedure Summary Document.**

In addition to lacking any factual support, the Complaint's conclusory allegations are also contradicted by a document implicitly referenced by the Complaint.  Specifically, paragraphs 24-25 of the Complaint allege that Plaintiff provided information at the pre-hire testing session concerning his family medical history and that these disclosures were the alleged violation of GIPA at issue in this case.  (Compl., ¶¶ 24-25).  The Procedure Summary attached as Exhibit A is the packet from the pre-hire testing session where Plaintiff allegedly disclosed his family medical history.  The Procedure Summary shows that there was no medical examination or solicitation of genetic information and that the

---

[2] Presumably, Plaintiff will ask the Court to apply a U.S. Equal Employment Opportunity Commission regulation interpreting the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. §2000ff *et seq.*, to GIPA.  See 29 CFR §1635.8.  This argument fails for multiple reasons, including because EEOC regulations are interpretive as to federal laws (and not GIPA) and not binding on courts.  Additionally, any EEOC regulation seeking to impose liability on an employer with no intent to solicit genetic information cannot be reconciled with GIPA's clear admonition that an inadvertent request for family medical history does not violate GIPA.  *See Lesniak v. Wesley's Flooring, Inc.,* 2014 IL App (1st) 131345-U, ¶ 11 ("If, as in this case, the language of the statute is clear and unambiguous, we must interpret the statute according to its terms without resorting to aids of construction, and we may not add provisions that are not found in the statute." (internal citations omitted)).

pre-hire "examination" was merely a physical abilities test that required lifting weighted objects with some monitoring of heart rate and blood pressure. (Exhibit A).

This packet can be considered as part of a Fed. R. Civ. P. 12(b)(6) motion to dismiss because it is implicitly referenced in the Complaint allegations and central to Plaintiff's claim that he was asked to disclose family medical history at this pre-hire testing session. (Compl. at ¶¶ 24-25).[3]  Where a document incorporated into the Complaint by reference contradicts the allegations of the Complaint, the Court may consider the document and disregard those allegations. *See, e.g., Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("When an exhibit contradicts the allegations in the complaint, ruling against the nonmoving party on a motion to dismiss is consistent with our obligation to review all facts in the light most favorable to the non-moving party."); *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 544 (7th Cir. 2007) (court properly made inferences against a plaintiff based on review of exhibits attached to motion to dismiss and properly before the court as central to plaintiff's claim).

With no facts pled to support Plaintiff's conclusory allegations that SSI intended to solicit genetic information from Foster as a condition of employment and the Procedure Summary contradicting such conclusions, the Complaint fails to allege a plausible claim for relief under GIPA and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

[3] The Court may consider documents not attached to a complaint without converting a Fed. R. Civ. P. 12(b)(6) motion to a motion for summary judgment where the document is central to the plaintiff's claims and referenced in the document. *Andersen v. Vill. of Glenview*, 821 F. App'x 625, 627 (7th Cir. 2020) (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The complaint's reference to the document need not be explicit if the complaint allegations are premised on the document. *Krepps v. NIIT (USA), Inc.*, No. 11 C 8787, 2012 WL 1532227, at *4 (N.D. Ill. May 1, 2012); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) ("This court has been relatively liberal in its approach to the rule [regarding attaching documents to a motion to dismiss.]").

**C.      The Complaint Fails to Allege a Solicitation or Disclosure that
Constituted Genetic Information.**

Also problematic is the Complaint's failure to allege any facts in support of its
conclusion that Plaintiff was asked to provide "genetic information." The Complaint
mistakenly conflates family medical history with genetic information and, treating them
interchangeably, alleges that Plaintiff was asked about conditions such as diabetes, heart
disease and kidney disease in his family history*, **but none of these medical conditions
constitutes genetic information under GIPA**. (Compl. at ¶ 24). Nor does the Complaint
allege what information Foster allegedly revealed for purposes of evaluating whether it
constitutes genetic information under GIPA.  (Compl. at ¶ 25).  As the Complaint fails to
allege that Plaintiff was asked to provide actual genetic information, it fails to allege a
viable claim under GIPA and should be dismissed.

GIPA defines "genetic information" as having the same meaning ascribed to that
term by HIPAA, which is found in 45 C.F.R. § 160.103. 410 ILCS 513/10. This regulation
defines genetic information to include, among other things, information about "the
manifestation of a disease or disorder in family members of such [employees]." *Id*. In the
context of GINA claims, courts have generally found that family medical conditions
disclosed must be "specifically linked to a genetic condition" to be considered genetic
information sufficient to survive a motion to dismiss. *See Tedesco v. Pearson Educ., Inc.*,
No. CV 21-199, 2021 WL 2291148, at *5 (E.D. La. June 4, 2021) (alleged disclosure of
employee's father's suicide was not disclosure of genetic information because there was
nothing alleged that disclosure included a genetic condition that allegedly caused the
suicide); *Bell v. PSS World Medical, Inc.*, No. 3:12-CV381-J-99MMH, 2012 WL 6761660,
at *2 (M.D. Fla. Dec. 7, 2012) (granting employer's motion to dismiss because plaintiff

"failed to provide any basis, factual or otherwise, for the Court to reasonably infer that" the medical information sought equated to genetic information).

This is because many conditions have sufficient environmental and lifestyle factors such that the mere occurrence of the medical condition in the family history does not necessarily suggest a link to a genetic condition or predisposition to the condition. *Tedesco*, No. CV 21-199, at *5. Indeed, the *Tedesco* court noted that, even alleging that a particular disease "is at least part genetic" is insufficient for purposes of alleging a valid claim. *Id.*; *see also Tedrow v. Franklin Twp. Cmty. Sch. Corp*., No. 1:21-CV-453 RLM-MG, 2023 U.S. Dist. LEXIS 89617, at *78-79 (S.D. Ind. May 23, 2023) (GINA claim dismissed because no facts alleged to suggest medical information allegedly solicited was genetic information under GINA); *Munnerlyn v. Installed Bldg. Prod., LLC,* No. 1:20-CV-225-LY, 2020 WL 2528547, at *2 (W.D. Tex. May 18, 2020) (Complaint dismissed because GINA "prohibits discrimination based on genetic information and *not on the basis of a manifested condition*."); *Bell*, No. 3:12-CV-381-J-99MMH, at *3 (GINA claim dismissed because the complaint "failed to provide any basis, factual or otherwise, for the Court to reasonably infer that" the information at issue was genetic information); *Graves v. Brookfield Suites Hotel & Convention Ctr*., 2012 WL3941774 (E.D. Wis. 2012) (Dismissing GINA claim because the complaint did not describe "any genetic information about [the plaintiff] that was disclosed to [the] defendant"); *Dumas v. Hurley Med. Ctr*., 837 F.Supp. 2d 655, PG. (E.D. Mich. 2011) (dismissing GINA claim where "disclosed information" did not fall under GINA's definition of genetic information).

Identical to these cases, the only medical conditions about which Foster claims he was asked (diabetes, kidney disease and heart disease) are lifestyle diseases and do not

constitute genetic information under GIPA. Nor does the Complaint allege what family medical history Foster allegedly disclosed during the pre-hire testing, so this lends no support to the conclusion that genetic information was solicited and disclosed. As there are no facts plead to support the conclusion that Foster was asked to provide genetic information at the pre-hire testing session, the Complaint fails to allege a plausible claim for relief under GIPA and should be dismissed under Fed. R. Civ. P. 12(b)(6). *See e.g., Duignan v. City of Chicago*, 275 F.Supp. 3d 933 (N.D. Ill. 2017) (holding that Huntington's disease does not qualify as genetic information); *Conner-Goodgame v. Wells Fargo Bank*, 2013 WL 5428448 (N.D. Ala. 2013) (holding that AIDS diagnosis does not qualify as genetic information).

## II.     The Nationwide Class Should Be Struck Because GIPA Does Not Apply Extraterritorially.

The Complaint purports to allege both an Illinois Class and a Nationwide Class for the GIPA claim pled, with the only difference between the two being that the Nationwide Class includes the entire U.S. while the Illinois Class is presumably limited to people who worked or underwent pre-hire testing in Illinois. (Compl., ¶¶ 32-33). Stated another way, the Nationwide Class is an illegitimate attempt to bring a GIPA claim on behalf of individuals who have no connection to Illinois with regard to their SSI employment or any pre-hire testing. As this is contrary to well-established Illinois law on the extraterritorial application of its statutes, the Nationwide Class allegations should be struck.

### A.     Extraterritorial Application of Illinois Laws.

Illinois statutes do not have extraterritorial application, absent a clear, express provision in the statute granting such application. *Kurt v. Platinum Supplemental Ins., Inc.*, No. 19 C 4520, 2021 WL 3109667, at *10 (N.D. Ill. July 22, 2021); *Avery v. State Farm*

*Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 835 N.E.2d 801, 852 (2005) (noting the "long-standing rule of construction in Illinois which holds that a 'statute is without extraterritorial effect unless a clear intent in this respect appears from the express provisions of the statute.'").

Absent such language, Illinois statutes only apply to events that occurred "primarily and substantially in Illinois." *Robinson v. DeVry Educ. Grp., Inc.*, No. 16 CV 7447, 2018 WL 828050, at *4 (N.D. Ill. Feb. 12, 2018). In determining whether an event occurred primarily and substantially in Illinois, courts look to a variety of factors, including "the residency of the plaintiff, the location of harm, communications between parties (where sent and where received), and where a company policy is carried out." *Mahmood v. Berbix, Inc.*, No. 22 C 2456, 2022 WL 3684636, at *1 (N.D. Ill. Aug. 25, 2022) (quoting *Rivera v. Google Inc.*, 238 F.Supp.3d 1088, 1101 (N.D. Ill. 2017)). The core question is whether "most of the relevant circumstances" underlying the alleged statutory violation had a "connection to Illinois." *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009).

**B.      GIPA Cannot Be Applied Extraterritorially to the Nationwide Class.**

GIPA includes no extraterritorial language, *see generally* 410 ILCS 513/1 *et seq.*, so it does not have extraterritorial effect. *See Avery*, 835 N.E.2d at 852. Thus, the key inquiry is whether "***most*** of the relevant circumstances underlying the alleged statutory violation "had a connection to Illinois." *Crichton*, 576 F.3d at 396; *see also Sloan v. Anker Innovations Ltd.,* 711 F. Supp. 3d 946, 959 (N.D. Ill. 2024) ("To avoid the extraterritoriality doctrine, the circumstances that relate to the disputed transaction must have occurred primarily and substantially in Illinois, with each case decided on its own facts" (internal citations and alterations omitted)). In evaluating this, it may be relevant to look to where

the alleged company policy is carried out. *McKnight v. United Airlines, Inc.*, No. 23-CV-16118, 2024 WL 3426807, at *6 (N.D. Ill. July 16, 2024).

In this case, the Nationwide Class allegations are an illegitimate attempt to bring a GIPA claim on behalf of individuals not encompassed within the Illinois Class, who have no connection to Illinois with regard to their SSI employment or any pre-hire testing. There is no allegation they took the physical abilities test in Illinois, disclosed any genetic information in Illinois, received a solicitation for genetic information from someone in Illinois or even communicated with anyone in Illinois regarding the pre-hire physical abilities testing. Nor are such facts likely because SSI's corporate headquarters, principal place of business, executive leadership team, and personnel administering hiring and pre-hire testing are all in Gary, Indiana. *See e.g.* (Notice of Removal, Dkt. #1, ¶ 13).[4] As such, the Nationwide Class must be struck as it is irreconcilable with the prohibition on extraterritorial application of Illinois laws, such as GIPA. *See Sloan*, 711 F.Supp. 3d at 959 (dismissing BIPA claims as to nationwide class where none of the purported class members alleged they purchased or installed the relevant product in Illinois); *Daly v. Glanbia Performance Nutrition, Inc.,* No. 23 C 933, 2023 WL 5647232, at *3 (N.D. Ill. Aug. 31, 2023) ("Since the ICFA does not apply extraterritorially, it does not provide class members . . . outside of Illinois with a cause of action. Therefore, this Court grants [defendant's] motion to strike [plaintiff's] nationwide class allegations.").

---

[4] Presumably, Plaintiff's pre-filing investigation began and ended with the fact that SSI is an Illinois corporation. There is, however, no basis in the law to apply an Illinois law like GIPA throughout the U.S. to companies incorporated in Illinois.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's GIPA claim pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, strike the Nationwide Class pled in the Complaint.

**Dated:** March 31, 2025

Respectfully Submitted,

**SERVICE SANITATION, INC.**

By: _/s/Brian A. Hartstein_
       One of Its Attorneys

Gary R. Clark, #6271092
Brian A. Hartstein, #6289689
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000 | (312)715-5155 (fax)
gary.clark@quarles.com
brian.hartstein@quarles.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on March 31, 2025, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system.

/s/ *Brian A. Hartstein*

16