UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Isaac Foster, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICE SANITATION, INC.<br><br>    Defendant. | Case No.: 25-CV-02101<br><br><u>CLASS ACTION</u> |

**JOINT INITIAL STATUS REPORT**

1. **Nature of the Case**

    A. **All attorneys of record:**

Attorneys for Plaintiff and Putative Class:

    Carl V. Malmstrom
    WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLC
    ARDC No. 6295219
    111 W. Jackson Blvd., Suite 1700
    Chicago, IL 60604
    Tel: (312) 391-5059
    Fax: (212) 686-0114
    malmstrom@whafh.com

    Julie Holt
    HEDIN LLP
    1395 Brickell Avenue, Ste 610
    Miami, Florida 33131
    Tel: (305) 357-2107
    Fax: (305) 200-8801
    E-mail: jholt@hedinllp.com

Attorneys for Defendant:

    Gary R. Clark, #06271092
    Brian A. Hartstein #6289689
    QUARLES & BRADY LLP
    300 N. LaSalle Dr., Suite 4000
    Chicago, IL 60654
    Phone: 312-715-5000
    Fax: 312-715-5155
    gary.clark@quarles.com
    brian.hartstein@quarles.com

**B. The nature of the claims asserted in the complaint and any counterclaims and/or third party claims**

Plaintiff alleges that Defendant Service Sanitation, Inc. ("SSI") violated the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA") by requiring him to provide genetic information as part of his preemployment application. Plaintiff alleges that Defendant required him to do a physical examination as part of his application for employment, and at that physical, required him to provide his family medical history of diseases and disorder—genetic information protected by GIPA. Plaintiff asserts his claim on behalf of himself and a putative class of all individuals in the United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of applying for employment by Defendant. Defendant denies these allegations.

There are no counterclaims or third-party claims.

**C. The major legal and factual issues in the case**

1. <u>Plaintiff</u>.

Plaintiff believes the major legal and factual issues in the case include: (a) whether Defendant directly or indirectly solicited Plaintiff's and the other class members' genetic information as a condition of employment or preemployment application; (b) whether Defendant's conduct is subject to GIPA; and (c) whether Defendant's violations of GIPA were negligent, reckless, or intentional.

Plaintiff does not agree that Defendant's "pre-hire testing packet" attached as an exhibit to its motion to dismiss is complete or otherwise dispositive, as Defendant argues below. With respect to its completeness, Plaintiff's counsel proposed to defense counsel that the parties agree to early third-party discovery in order to obtain the complete paperwork associated with Plaintiff's pre-hire physical examination from the third-party clinic. Defense counsel did not agree. Consequently, Plaintiff does not agree that what Defendant has presented to Plaintiff and the Court is complete.

Further, Plaintiff does not agree that the content of the "pre-hire testing packet" is dispositive of Plaintiff's claims in any way. A violation of GIPA does not require that an employer request a form with the requested or solicited genetic information, and other evidence exists that supports Plaintiff's allegations. If an employer requests, requires, or solicits genetic information as a condition of employment or preemployment application, whether verbally or in writing, the employer has violated GIPA.

2. <u>Defendant.</u>

Defendant SSI asserts that the primary issue in the case is to resolve whether Plaintiff's family medical history was solicited during his pre-hire testing and whether the information solicited or disclosed constituted genetic information under GIPA. SSI further asserts that this issue is resolved by the pre-hire testing packet previously produced to Plaintiff, which shows there was no pre-hire medical examination and no information sought with regard to Plaintiff's family medical history. Rather, ***the pre-hire event was a drug test and a physical abilities test*** that involved recording blood pressure and heart rate. As there was no medical examination, no form seeking family health history and no reason to seek such information as part of lifting weighted objects, the packet makes clear that Plaintiff's claim he underwent a medical examination that required disclosing family health information is without merit.[1]

A secondary issue is whether there is any factual basis for alleging this GIPA claim as a Fed. R. Civ. P. 23 class action, either as the Illinois Class or Nationwide Class pled in the Complaint. SSI asserts that there is no factual basis for asserting a Rule 23 class because the testing packet makes clear there was no common policy of requesting family health information as part of the pre-hire testing process and there is nothing factual alleged in the Complaint to suggest that any such common policy existed and was applicable to all pre-hire candidates.

If Plaintiff claims that he was an outlier to the normal pre-hire testing process and pursues an individual claim that his family medical history was solicited, SSI asserts the major factual and legal issues include: (a) whether SSI intended or otherwise acted in furtherance of the alleged solicitation;; (b) whether the information solicited or collected was "genetic information" consistent with GIPA; (c) whether the clinic was an agent of SSI and acting within the scope of such agency for purposes of the alleged solicitation; and (d) whether any alleged solicitation constitutes an inadvertent request under 410 ILCS 513/25(g).

D. **Relief sought**

Plaintiff seeks: (1) to have a class certified under Rule 23 of the Federal Rules of Civil Procedure; (2) injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Classes by requiring Defendant to destroy the genetic information it solicited, requested, and/or required from Plaintiff and members of the Classes in violation of GIPA and to comply with GIPA's requirements in the future; (3) statutory damages of $15,000 for each reckless or

---

[1] Counsel's representation that counsel suggested a subpoena to the testing clinic is misleading at best. Counsel suggested a subpoena and multiple depositions – with no promise that Plaintiff would voluntarily dismiss his claims if there was no evidence of a solicitation of family health information in this discovery - while simultaneously asking SSI to forego a motion to dismiss. Not surprisingly, SSI rejected such a one-sided, self-serving request.

intentional violation of GIPA, or alternatively, $2,500 for each negligent violation of GIPA; (4) reasonable attorneys' fees, costs, and other litigation expenses; (5) pre- and post-judgment interest, as allowable by law; and (6) such further and other relief the Court deems reasonable and just.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA")) as members of the putative nationwide class are citizens of a state different from Defendant, there are over 100 potential class members, and the amount in controversy exceeds $5,000,000.

**(1) Amount in Controversy**

Defendant's Notice of Removal asserts that the proposed nationwide class would consist of 884 people and the proposed Illinois class would consist of approximately 217 people. (Dkt. #1, ¶¶ 12, 19 and fn 1). GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3). Consequently, with potentially 884 class members, the amount in controversy exceeds $5,000,000. There is no dispute regarding the amount.

**(2) State of Citizenship of Parties**

    a. Plaintiff Isaac Foster is a citizen and resident of Illinois.
    b. Defendant SSI

Defendant's Position

As represented in Defendant's Notice of Removal, Defendant Service Sanitation Inc. is incorporated in Illinois and maintains its principal place of business in Indiana. (Dkt. #1, ¶ 13). With regard to Plaintiff's arguments below, SSI notes that they are not consistent with applicable law on where a corporation's principal place of business may be and leaves this dispute for another day.

Plaintiff's Position

Plaintiff disputes SSI's representation that its principal place of business is in Indiana. In doing so, Plaintiff relies on Defendant's most recent Domestic Corporation Annual Report filed with the Secretary of State of Illinois, in which Defendant stated that the principal address of the corporation is in Homewood, Illinois. (Publicly available at https://apps.ilsos.gov/businessentitysearch/businessentitysearch.) Plaintiff also relies on Defendant's most recent Business Entity Report filed with the

      Secretary of State of Indiana, in which Defendant also stated that its principal office address is in Homewood Illinois. (Publicly available at https://bsd.sos.in.gov/publicbusinesssearch.) Plaintiff asked Defendant to provide documentation or filings to show the headquarters have changed to Indiana. Defendant did not provide Plaintiff additional documentation.

3. **Status of Service**

The single named Defendant has been served.

4. **Consent to Proceed Before a United States Magistrate Judge**

Counsel have advised the parties that they may proceed before a Magistrate Judge. There is not unanimous consent.

5. **Motions:**

Defendant filed a Motion to Dismiss on March 31, 2025. The parties propose the following briefing deadlines: (i) Plaintiff's response due April 29, 2025; and (ii) Defendant's reply due May 13, 2025.

6. **Case Plan:**

    A. **Discovery**

        1. **Discovery While Motion to Dismiss is Pending.**

<u>**Plaintiff**</u> anticipates that the following types of discovery will be needed:

1. Defendant's application records for putative class members;
2. Defendant's employment policies and procedures and application process;
3. Records from third parties who conducted pre-employment screenings on behalf of Defendant;
4. Documents sufficient to establish class size; and
5. Depositions of Defendant's corporate representative and custodian of records, as well as depositions of the third-party medical provider who conducted the physical examinations.

Plaintiff does not believe that discovery should be stayed until the motion to dismiss is resolved. By asking this Court to stay discovery, Defendant is at once asking this Court to consider selective discovery items of its choice attached to its motion to dismiss whilst denying Plaintiff the ability to obtain complete discovery. Plaintiff also believes that allowing him to obtain full discovery from Defendant and third parties may 1) allow the parties to narrow the issues, 2) lead to greater efficiency for the parties and the Court, and 3) lead to a quicker resolution.

**Defendant** believes that discovery should be stayed until the motion to dismiss is resolved. As SSI pointed out in its motion to dismiss, the materials from Plaintiff's pre-hire testing indicate that there was no medical examination and no solicitation of his family health history. Even more egregious is the complete lack of a factual basis for alleging this claim as a class action (either the Illinois Class or the Nationwide Class). There is nothing factual pled to suggest there was a common policy to solicit genetic information from all pre-hire candidates, nothing in the testing packet to suggest that such questions were asked of every pre-hire candidate and nothing to indicate that this clinic routinely asked such questions during pre-hire tests. As such, there is no factual basis for the class allegations in this case and it would be unduly burdensome and unfairly prejudicial to require SSI to incur the significant time and cost engaging in class discovery for a claim based purely on speculation.

### 2. Proposed Discovery Plan

**Plaintiff** proposes the following discovery plan:

| | |
|---|---|
| Rule 26(a)(1) disclosures | April 28, 2025 |
| Deadline to issue written discovery | April 28, 2025 |
| Fact discovery complete | December 19, 2025 |
| Delivery of expert reports | February 13, 2026 |
| Expert discovery complete | April 17, 2026 |
| Deadline to file dispositive motions | May 15, 2026 |

**Defendant** proposes that discovery should be stayed pending the Court's ruling on the motion to dismiss. If discovery is ordered, despite a motion to dismiss which may resolve all claims, any such discovery should be limited to Plaintiff's individual claim, due to the testing packet contradicting Plaintiff's individual allegations and the complete absence of any factual allegations of a common policy or practice related to the pre-hire testing process and an alleged solicitation of genetic information.

### B. Trial

Plaintiff requests a jury trial. The parties anticipate it will last 5 days if a single plaintiff claim. If a class claim, it is too early to predict.

### 7. Settlement Discussions

No settlement discussions have occurred. The parties believe a settlement conference may be beneficial in the future, but at this time, it is premature.

| | |
|---|---|
| April 7, 2025 | Respectfully submitted |
| By: /s/ *Carl V. Malmstrom (with permission)* <br> Attorneys for Plaintiff and Putative Class | By: /s/ *Gary R. Clark* <br> Attorneys for Defendant |
| Carl V. Malmstrom, # 6295219 <br> WOLF HALDENSTEIN ADLER <br> FREEMAN & HERZ LLC <br> 111 W. Jackson Blvd., Suite 1700 <br> Chicago, IL 60604 | Gary R. Clark, #06271092 <br> Brian A. Hartstein #6289689 <br> QUARLES & BRADY LLP <br> 300 N. LaSalle Dr., Suite 4000 <br> Chicago, IL 60654 |
| Julie Holt <br> HEDIN LLP <br> 1395 Brickell Avenue, Ste 610 <br> Miami, Florida 33131 | |

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 31, 2025, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system.

*/s/ Gary R. Clark*