**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ISAAC FOSTER, | ) | |
| | ) | |
| On behalf of himself and all others | ) | Case No. 1:25-cv-02101 |
| similarly situated | ) | |
| | ) | Judge Sara L. Ellis |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERVICE SANITATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT
OR, ALTERNATIVELY, TO STRIKE NATIONWIDE CLASS ALLEGATIONS**

Nowhere in Plaintiff Isaac Foster's ("Foster") response brief does he identify any additional facts in support of his Illinois Genetic Information Privacy Act, 410 ILCS 513/1 *et seq*. ("GIPA"), claim or ask the Court for leave to file an amended complaint alleging such facts. Instead, Plaintiff recites all the conclusory allegations supporting his GIPA claim, labels them as facts and asks the Court to accept this as sufficient to meet the minimum pleading requirements. Plaintiff similarly asks the Court to ignore the packet of materials from his pre-hire testing (Procedure Summary), which makes clear that the process did not include a medical examination or solicitation of family medical history information. As the Procedure Summary is properly considered, the complete lack of factual allegations in support of Plaintiff's GIPA claim requires dismissal under Fed. R. Civ. P. 12(b)(6).

The lack of a factual basis for an individual GIPA claim is troubling enough, but it is unfathomable for Plaintiff to try and convert this flawed individual claim into a

nationwide class action under Fed. R. Civ. P. 23. For his individual claim, Plaintiff is asking the Court to ignore the Procedure Summary and accept his conclusion that the testing clinic deviated from the normal pre-hire testing process by (i) conducting a surreptitious medical examination outside the normal pre-hire testing process; (ii) falsifying the record to indicate that no medical examination was conducted; and (iii) deviating from the normal process to solicit Plaintiff's family medical history but not recording it in the Procedure Summary. Yet, Plaintiff has pled nothing factual to connect this alleged individual experience to any other individual hired by Service Sanitation, Inc. ("SSI"). No facts are alleged regarding a nationwide policy or practice regarding such pre-hire testing that in any way relates to Plaintiff's individual experience. Nor is there anything alleged that even one other individual experienced the same deviation from the normal pre-hire testing process that Plaintiff alleges and likewise received a medical examination that included a solicitation of family medical history and the Procedure Summary falsified to not reflect this deviation. Instead, Plaintiff shrugs his shoulders and suggests he will use discovery to investigate whether there is a factual basis for extending his individual GIPA claim to others. This abuse of the judicial process should be rejected, and Plaintiff's GIPA claim (both individual and class) dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, the Rule 23 Nationwide Class claim should be struck.

## I. Plaintiff Has Pled No Facts Suggesting that SSI Solicited Genetic Information as a Condition of Employment.

In his response brief, Plaintiff doubles down on the Complaint and its conclusory allegations that the clinic conducted a medical examination and, during this medical examination, solicited Plaintiff's family medical history. This is in spite of the materials from that pre-hire testing session (Procedure Summary) making clear that (i) no medical

2

examination was conducted, and (ii) the pre-hire testing was limited to a drug test and a physical abilities test involving lifting weighted objects.  It also makes clear that the entire premise of Plaintiffs' conclusory allegations is that the clinic:  (i) deviated from the pre-hire testing protocol evidenced by the packet; (ii) conducted a surreptitious medical examination and then falsified the testing records to indicate that no medical examination was conducted; and (iii) deviated further from the normal testing protocol by asking Plaintiff about his family medical history and then not recording any of that information in the testing materials supplied to the employer.[1]

This falls well short of the requirement to plead sufficient facts to state a plausible claim for relief.  The Seventh Circuit holds that a complaint must plead sufficient facts and detail to (i) give the defendant fair notice of what the claim is and the grounds upon which it rests; and (ii) to state a claim for relief that rises above the speculative level and is plausible on its face.  *EEOC v. Concentra Health Serv., Inc*., 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  To do so, a plaintiff must do more than merely parrot the statutory language of the claim that they are pleading, but must include some concrete details—e.g., who, what, when, how the legal violation occurred.  *See, e.g., Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

---

[1] Grasping at straws, Plaintiff cites to a generic sentence at the bottom of the Procedure Summary form indicating that the clinic's recommendation (whatever it may be) is based on a list of all the services it offers as "evidence" that everything listed occurred.  Plaintiff neglects to mention that this is a portion of the form that is not filled out for individuals and the services are listed with an "and/or" connecting them, making clear that not all of these services were performed.  Moreover, the portion of this form that is tailored to individuals expressly states that no medical examination was conducted.  (Dkt. 19, Exhibit A).

This is especially true where, as is the case here, the claim alleged involves a complex, nationwide class claim where "discovery is likely to be more than usually costly." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803–804 (7th Cir.2008). Where a claim is "more complex," the complaint must include "more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Plaintiff's Complaint alleges nothing factual to explain how his pre-hire drug test and physical abilities lifting test were surreptitiously converted to a medical examination that asked him for family medical history. Nor does Plaintiff allege anything factual related to who allegedly solicited his family medical history, the context for this alleged solicitation or anything else that might make it plausible that it actually occurred. Nor does Plaintiff allege what information he allegedly supplied in response to the alleged solicitation. ***Nor does Plaintiff allege anything factual regarding a national policy, a national practice or anything else to connect his alleged individual experience to any other individual hired by SSI.*** The complete lack of any factual allegations in support of a GIPA claim pled as a class action falls well short of the minimum pleading requirements described in *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544 (2007). As such, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  The Procedure Summary Document is Central to Plaintiff's Claim and Requires No Discovery to Authenticate.

Not surprisingly, Plaintiff wants the Court to ignore the packet of materials from his pre-hire testing process. Plaintiff wants the Court to ignore this packet because it ***expressly states that no medical examination was conducted during the visit*** and glaringly

lacks any questionnaire or record indicating that any family medical history was solicited from Plaintiff. (*See* Dkt. 19, <u>Exhibit A</u>).

In opposition to the Court's consideration of the Procedure Summary, Plaintiff claims that a document attached to a motion to dismiss may only be considered if it is explicitly referenced in the Complaint, but this is incorrect. Contrary to this, a document need only be implicitly referenced so long as it directly relates to the same subject matter underlying the case. *See Minch v. City of Chicago*, 486 F.3d 294, n.3 (7th Cir. 2007) (permitting consideration of a document defendant attached to the motion to dismiss because the claim rested on the document even though "the complaint in this case neither quoted from nor referred to [it;] no mention of [it] was made at all"); *Owens v. St. Anthony Med. Ctr., Inc.*, No. 14-CV-4068, 2015 WL 3819086, at *4 (N.D. Ill. June 18, 2015) (considering a letter attached to defendant's motion to dismiss that related to the same event underlying the allegations in the complaint and "in concert with plaintiffs' allegations throughout their complaint"); *McCabe v. Crawford & Co.,* 210 F.R.D. 631, n.4 (N.D. Ill. 2002) (holding the court was "permitted to consider the rental agreement attached to Crawford's motion to dismiss because it is implicitly . . . referred to in McCabe's complaint"). *Were it otherwise, a plaintiff could evade evidence undermining or destroying their case by carefully wording their complaint. See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) ("The concern is that, were it not for the exception, the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit.").

Nor is there any merit to Plaintiff's contention that consideration of a document at the motion to dismiss stage is limited to contract cases or instances where the document is

authored by a third party.[2]  *Id.* at 738-39 ("Although this is not a contract case, the letter by [Defendant] Judge Vahle attached to the complaint is potentially (in fact actually, as we shall see) dispositive of the claim of retaliation against him and so he could have submitted it for the court's consideration, even if the plaintiffs had not attached it to their complaint, without the court's being obliged to convert his motion to dismiss to a motion for summary judgment.").

Plaintiff's opposition similarly falls flat in claiming that any document attached to a motion to dismiss (that was not attached to the complaint) must be separately authenticated by a third party.  Contrary to Plaintiff's contention, "[t]he Seventh Circuit "has been relatively liberal in its approach to the rule [relating to authenticity] articulated in *Tierney*."  *Verfuerth v. Orion Energy Sys., Inc.*, 65 F. Supp. 3d 640, 649 (E.D. Wis. 2014).  This is because *Tierney* only mentions a requirement to authenticate in dicta.  *Archer v. Chisholm*, 188 F. Supp. 3d 866, n.10 (E.D. Wis. 2016), *aff'd*, 870 F.3d 603, 649 (7th Cir. 2017) (highlighting that *Tierney* states only "in dicta that such documents must be 'concededly authentic,'" and noting that "[t]he purpose of the 'concededly authentic' requirement is to prevent consideration on a motion to dismiss of a document that 'require[s] discovery to authenticate or disambiguate.'").  Thus, Plaintiff cannot escape the facts in this form by claiming it needs authentication.  *ABN AMRO, Inc. v. Capital Int'l, Ltd.*, No. 04 C 3123, 2007 WL 845046, at *11 (N.D. Ill. Mar. 16, 2007) (considering documents central to plaintiff's claims where plaintiff argued that documents were unauthenticated but did not assert that they were inauthentic); *Verfuerth*, 65 F. Supp. 3d at 650 ("Under *Twombly, supra,* it is not enough to make noises about authenticity without

---

[2] The third-party authorship argument makes no sense because the Procedure Summary is from a third party, the clinic which conducted the pre-hire testing.

backing them up with at least *something*. . . . a claim cannot survive without something more than a conclusory assertion that the document is not legitimate.").

It is understandable why Plaintiff does not want the Court to consider the materials from his clinic visit, which make clear that his GIPA claim has no merit. But, as made clear in SSI's motion, the Procedure Summary document is implicitly referenced in the Complaint allegations and central to Plaintiff's claim that he was asked to disclose family medical history at this pre-hire testing session. (Compl. at ¶¶ 24-25). And, where a document incorporated into the Complaint by reference contradicts the allegations of the Complaint, the Court may consider the document and disregard those allegations. *See, e.g., Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("When an exhibit contradicts the allegations in the complaint, ruling against the nonmoving party on a motion to dismiss is consistent with our obligation to review all facts in the light most favorable to the non-moving party."); *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 544 (7th Cir. 2007) (court properly made inferences against a plaintiff based on review of exhibits attached to motion to dismiss and properly before the court as central to plaintiff's claim).

## III. The Complaint Does Not Allege that Genetic Information Was Solicited or Disclosed.

Another deficiency in Plaintiff's GIPA claim is its failure to allege that any genetic information was solicited or disclosed. The only allegation in the Complaint is that Plaintiff was asked about conditions such as diabetes, heart disease and kidney disease in his family history*, **but none of these medical conditions constitute genetic information under GIPA**. (Compl. at ¶ 24). Nor does the Complaint allege what information Plaintiff allegedly revealed for purposes of evaluating whether it constitutes genetic information under GIPA. (Compl. at ¶ 25).

As SSI made clear in its prior brief, not all medical conditions experienced by family members constitute genetic information for purposes of GIPA or GINA (which has the identical definition of genetic information as GIPA). (*See* SSI's Memorandum in Support of Motion to Dismiss, Dkt. #18, pp. 10-12). Moreover, the conditions identified by Plaintiff (diabetes, heart disease and kidney disease) are well known to have a strong lifestyle component and the mere occurrence of the medical condition in the family history does not necessarily suggest a link to a genetic condition or predisposition to the condition sufficient to constitute genetic information under GIPA. *See Tedrow v. Franklin Twp. Cmty. Sch. Corp.*, No. 1:21-CV-453 RLM-MG, 2023 U.S. Dist. LEXIS 89617, at *78-79 (S.D. Ind. May 23, 2023) (GINA claim dismissed because no facts alleged to suggest medical information allegedly solicited was genetic information under GINA).

In response to this point, Plaintiff suggests that GIPA defines genetic information broadly to include all family medical history, regardless of whether the family medical history relates to medical conditions with a genetic component to them. (Plaintiff's Response, Dkt. 24 ["Resp."] at 12). Under this all-encompassing definition, family medical history involving the flu, pneumonia, and the common cold are all genetic information, but that would be complete nonsense and antithetical to the purpose of GIPA and GINA. Not surprisingly, Plaintiff cites to nothing to support such an overly expansive definition of genetic information. Rather, Plaintiff merely cites to cases which survived a motion to dismiss with no discussion of the specific medical conditions allegedly disclosed in those cases or how that holding might be applicable to this case. Clearly, this does nothing to support Plaintiff's overly expansive definition of genetic information.

Plaintiff's all-encompassing definition of "genetic information" is similarly contrary to how many courts have dealt with the issue in the context of GINA claims. For example, in *Tedesco v. Pearson Education*, the court expressly noted that many conditions have sufficient environmental and lifestyle causes such that the mere occurrence of the medical condition in the family history does not necessarily suggest a link to a genetic condition. *Id.* at *5. As such, even alleging that a particular disease "is at least part genetic" is insufficient for purposes of alleging a valid claim because:

> It would be one thing if the only cause of [the condition] is genetic; then, perhaps, [employer] may be held liable for requesting information about it—since it is information concerning a solely genetic disorder. But [plaintiff] does not even allege that, instead claiming only that 'transmission of [the condition] is at least in part genetic. That is insufficient under GINA, absent allegations that [employer] knew otherwise.

*Id.* at *6; s*ee, e.g., Conner-Goodgame v. Wells Fargo Bank, N.A.*, No. 2:12-CV-03426-IPJ, 2013 WL 5428448, at *11 (N.D. Ala. Sept. 26, 2013) (noting that information about a Plaintiff's mother's AIDS does not constitute genetic information even though it is family medical history because it was not inheritable).

As the Complaint only alleges the solicitation of lifestyle diseases and does not allege the disclosure of any condition constituting genetic information, Plaintiff's GIPA claim should be dismissed pursuant to Fed. R Civ. P. 12(b)(6).

## IV.     The Class Claims Should Be Dismissed or Struck.

As discussed, *supra*, it is inconceivable how Plaintiff can pursue a Fed. R. Civ. P. 23 class claim when the entire basis of his individual GIPA claim is that he was an exception to the normal pre-hire testing process and the clinic (i) disregarded the Procedure Summary packet for the pre-hire testing process; (ii) conducted a medical examination and solicited

his family medical history, even though neither is part of the pre-hire testing process set forth in the packet; and (iii) falsified the document to indicate that no medical examination was conducted. Compounding this deficiency is the complete absence of any factual allegations regarding a national policy or practice related to the pre-hire testing or anything else to indicate a commonality of factual or legal issues that Plaintiff might share with anyone else for purposes of a Rule 23 claim. This complete lack of any factual allegations to support a Rule 23 claim requires dismissal under Fed. R. Civ. P. 12(b)(6).

Alternatively, the Nationwide Class claim should be struck because there is nothing factual alleged to support the extraterritorial application of GIPA to individuals outside of Illinois. Indeed, nowhere in the Complaint nor in Plaintiff's response brief is there a single fact alleged to indicate any connection between Illinois and SSI employees in other states. Instead, Plaintiff speculates on what he might find to draw such a connection if given the opportunity to use discovery to investigate his claim. Such speculation is insufficient to justify requiring SSI to incur the burden and expense of discovery into a nationwide class claim that has no basis in fact.

Courts regularly block class actions—even at the motion to dismiss stage—when the plaintiff attempts to extend an individual claim to a class without factual basis for doing so.[3] Indeed, in *Pruitt v. City of Chicago*, the court rejected the plaintiffs' attempt to impute one supervisor's unsanctioned behavior toward them to other supervisors toward other employees as "artificially justify[ing] their proposed class." No. 03 C 2877, 2004 WL

---

[3] It is appropriate for a court to grant a motion to strike even before plaintiffs file a motion to certify where the matter is sufficiently obvious from the pleadings. Specifically, "[a] court may do so even in the absence of a motion seeking a class certification; the court 'need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class determination.'" *Advanced Dermatology v. Fieldwork, Inc.*, 550 F. Supp. 3d 555, 568 (N.D. Ill. 2021) (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011)).

1146110, at *4 (N.D. Ill. May 20, 2004), *aff'd sub nom. Pruitt v. City of Chicago*, 472 F.3d 925 (7th Cir. 2006). Specifically, the court in *Pruitt* concluded that "[t]o allow Plaintiffs to certify a class to include employees who work for other supervisors against whom there is no evidence of [unsanctioned behavior] and to allow discovery pertaining to those supervisors would be to condone the ultimate fishing expedition." *Id.* Without more than "unsupported and vague contentions" supporting the class action, the court would not allow it to proceed.

In support of his purported Nationwide Class claim, Plaintiff pleads only an unfounded conclusion that "defendant has systematically required applicants for employment to provide their protected familial medical histories . . . as a condition of applying for employment," and that "to this day, Defendant continues to engage in these practices." (Compl. at 5). Nowhere does Plaintiff allege a single fact to support these conclusions. No allegation regarding whether other individuals go through the same pre-hire testing process as Plaintiff or whether they go through some other process. No allegations explaining how this family medical history is allegedly solicited. No allegations regarding whether it is SSI, the local clinic Plaintiff went to, or someone else doing the alleged soliciting. There is simply nothing alleged to support the Complaint's conclusions as to the alleged class.

Nor does the Complaint allege anything factual to connect these conclusions regarding the Nationwide Class to Illinois. For an Illinois statute to apply nationwide, Plaintiff must establish that "[m]ost of the relevant circumstances underlying the alleged [statutory violation] had [a ]connection to Illinois." *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009). But Plaintiff has pled no facts supporting the extraterritorial

application of GIPA across the nation. There is no allegation that the individuals outside of Illinois were subject to the same deviated pre-hire testing as Plaintiff and either came to Illinois to take the test or were directed to take the test or disclose family medical history from someone in Illinois. Nor is anything alleged about the role of any specific individual in Illinois with regard to any other new hire who supposedly took the same deviated pre-hire test as Plaintiff. Indeed, there is a complete lack of any factual allegations in the Complaint to connect Illinois with anyone outside of the state.

Instead of such factual allegations, Plaintiff points to secretary of state filings from past years which listed an Illinois address for the corporation and theorizes that this is sufficient to support a nationwide fishing expedition to see if there is any connection between Illinois and the putative Nationwide Class with regard to pre-hire testing. (Resp., at 14). In other words, Plaintiff concedes the complete lack of a factual basis for the Nationwide Class claim and, rather than conduct the pre-filing investigation required by Fed. R. Civ. P. 11, asserts that he will simply use discovery on a nationwide basis to investigate whether there is any basis for a Nationwide Class claim applicable to individuals outside of Illinois. Plaintiff's request to "file the complaint and then take discovery to try to establish the facts that justify the complaint," is like "a tail wagging a dog." *Arango v. Work & Well, Inc.*, No. 11 C 1525, 2012 WL 3023338, at *2-3 (N.D. Ill. July 24, 2012). It is also an abuse of the judicial process. *See id.* at *3 (Granting the defendant's motion to strike class claims before class certification where: "The court expressed its concern early on that the plaintiff was going about discovering facts in the wrong order. (Dkt. # 116, 9/8/2011 Hr'g Tr. 6) (Judge Guzman: 'Sounds like a tail wagging a dog at this point to me. . . . I don't think we file the complaint and then take discovery to

try to establish the facts that justify the complaint') . . . The plaintiff is seeking nothing more than a classic fishing expedition, which is not permissible."); *Pruitt*, 2004 WL 1146110, at *4 ("To allow Plaintiffs to certify a class to include employees who work for other supervisors against whom there is no evidence or even allegations of harassment and to allow discovery pertaining to those supervisors would be to condone the ultimate fishing expedition.")."

At the end of the day, the Complaint alleges nothing to make it plausible that (i) any nationwide policy or practice was in place to support a nationwide class action, or (ii) any connection exists between Illinois and the Nationwide Class members outside the state sufficient to justify extraterritorial application of an Illinois state law on a nationwide basis. As such, the Nationwide Class claim should be struck.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's GIPA claim pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, strike the Nationwide Class pled in the Complaint.

Dated: May 13, 2025                          Respectfully Submitted,

                                             **SERVICE SANITATION, INC.**


                                             By:  */s/Gary R. Clark*
                                                   One of Its Attorneys

Gary R. Clark, #6271092
Brian A. Hartstein, #6289689
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000 | (312)715-5155 (fax)
gary.clark@quarles.com
brian.hartstein@quarles.com

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney certifies that on May 13, 2025, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system.


*/s/ Gary R. Clark*

QB\96356724.3