# UNITED STATES DISTRICT COURT

# NOTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Isaac Foster, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICE SANITATION, INC.<br><br>    Defendant. | Case No.: 25-CV-02101<br><br><u>CLASS ACTION</u> |

## REVISED JOINT INITIAL STATUS REPORT

1. **Nature of the Case**

    A. **All attorneys of record:**

Attorneys for Plaintiff and Putative Class:

    Carl V. Malmstrom
    WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLC
    ARDC No. 6295219
    111 W. Jackson Blvd., Suite 1700
    Chicago, IL 60604
    Tel:  (312) 391-5059
    Fax: (212) 686-0114
    malmstrom@whafh.com

    Frank S. Hedin
    Elliot O. Jackson, ARDC 6351816
    HEDIN LLP
    1395 Brickell Avenue, Ste 610
    Miami, Florida 33131
    Tel: (305) 357-2107
    Fax: (305) 200-8801
    fhedin@hedinllp.com
    ejackson@hedinllp.com

Attorneys for Defendant:

>Gary R. Clark, #06271092
>Brian A. Hartstein #6289689
>QUARLES & BRADY LLP
>155 N. Wacker Drive, Ste. 3200
>Chicago, IL 60606
>Phone: 312-715-5000
>Fax: 312-715-5155
>gary.clark@quarles.com
>brian.hartstein@quarles.com

**B. The nature of the claims asserted in the complaint and any counterclaims and/or third-party claims**

Plaintiff alleges that Defendant Service Sanitation, Inc. ("SSI") violated the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA") by requiring him to provide genetic information as part of his preemployment application process. Plaintiff alleges that Defendant required him to undergo a medical examination as part of his application for employment, and at that examination, required him to provide his family medical history of diseases and disorder—genetic information protected by GIPA. Plaintiff asserts his claim on behalf of himself and a putative class of all individuals in the United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of applying for employment by Defendant.

Defendant denies that its pre-employment process involves a medical examination or any request for family medical history and, more generally, denies Plaintiff's allegations.

There are no counterclaims or third-party claims.

**C. The major legal and factual issues in the case**

1. <u>Plaintiff</u>.

Plaintiff believes the major legal and factual issues in the case include: (a) whether Defendant directly or indirectly solicited Plaintiff's and the other class members' genetic information as a condition of employment or preemployment application; (b) whether Defendant's conduct is subject to GIPA; and (c) whether Defendant's violations of GIPA were negligent, reckless, or intentional.

2. <u>Defendant.</u>

Defendant SSI asserts that the two issues in the case requiring immediate resolution are: (i) whether Plaintiff's family medical history was solicited during his pre-hire testing process; and (ii) whether there was a practice or policy of soliciting genetic information as part of the pre-

hire process that would allow for a Fed. R. Civ. 23 claim. SSI asserts that, consistent with the packet previously produced, its pre-hire process neither involves a medical examination nor a solicitation of family medical history.

If Plaintiff claims that he was an outlier to the normal pre-hire testing process and pursues an individual claim that his family medical history was solicited, SSI asserts that the major factual and legal issues will also include: (a) whether SSI intended or otherwise acted in furtherance of the alleged solicitation; (b) whether the information solicited or collected was "genetic information" consistent with GIPA; (c) whether the clinic was an agent of SSI and acting within the scope of such agency for purposes of the alleged solicitation; and (d) whether any alleged solicitation constituted an inadvertent request under 410 ILCS 513/25(g).

### D. Relief sought

Plaintiff seeks: (1) to have a class certified under Rule 23 of the Federal Rules of Civil Procedure; (2) injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Classes by requiring Defendant to destroy the genetic information it solicited, requested, and/or required from Plaintiff and members of the Classes in violation of GIPA and to comply with GIPA's requirements in the future; (3) statutory damages of $15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent violation of GIPA; (4) reasonable attorneys' fees, costs, and other litigation expenses; (5) pre- and post-judgment interest, as allowable by law; and (6) such further and other relief the Court deems reasonable and just.

## 2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), as members of the putative nationwide class are citizens of a state different from Defendant, there are over 100 potential class members, and the amount in controversy exceeds $5,000,000.

### (1) Amount in Controversy

Defendant's Notice of Removal asserts that the proposed nationwide class would consist of 884 people and the proposed Illinois class would consist of approximately 217 people. (Dkt. #1, ¶¶ 12, 19 and fn 1). GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3). Consequently, with potentially 884 class members, the amount in controversy exceeds $5,000,000. There is no dispute regarding the amount in controversy.

### (2) State of Citizenship of Parties

    a. Plaintiff Isaac Foster is a citizen and resident of Illinois.

    b. Defendant SSI asserts that it is incorporated in Illinois and maintains its principal place of business in Indiana. Plaintiff challenges this assertion and intends to conduct discovery on this issue.

3. **Status of Service**

The single-named Defendant has been served.

4. **Consent to Proceed Before a United States Magistrate Judge**

The parties do not consent to the magistrate judge.

5. **Motions:**

There are no pending motions.

6. **Case Plan:**

    A. **Discovery**

        1. **Scope of Discovery**

The parties anticipate discovery on the following issues:

1. Whether Plaintiff's genetic information was solicited as part of SSI's pre-hire process.
2. Whether there is a generally applicable practice or policy of requesting genetic information as part of SSI's pre-hire process.
3. Whether the administration of SSI's pre-hire process has ever been located in the state of Illinois during the relevant period of time.
4. If there was a generally applicable practice or policy of requesting genetic information as part of SSI's pre-hire process, discovery as to the putative class.

        2. **Proposed Discovery Plan**

The parties propose the following discovery plan:

| | |
|---|---|
| Rule 26(a)(1) disclosures | September 10, 2025 |
| Deadline to issue written discovery | October 27, 2025 |
| Fact discovery complete | May 27, 2026 |
| Delivery of expert reports | June 30, 2026 |
| Expert discovery complete | August 31, 2026 |
| Deadline to file dispositive motions | July 30, 2026 |

### B. Trial

Plaintiff requests a jury trial. The parties anticipate it will last 5 days for a single plaintiff to present his claim. If a class is certified, it is too early to predict the duration of time necessary for a trial.

### 7. Settlement Discussions

No settlement discussions have occurred.

Date: August 27, 2025                                                                 Respectfully submitted,

By: /s/ *Carl V. Malmstrom (with permission)*          By: /s/ *Gary R. Clark*
Attorneys for Plaintiff and Putative Class                   Attorneys for Defendant

Carl V. Malmstrom, # 6295219                                 Gary R. Clark, #06271092
WOLF HALDENSTEIN ADLER                                 Brian A. Hartstein #6289689
FREEMAN & HERZ LLC                                           QUARLES & BRADY LLP
111 W. Jackson Blvd., Suite 1700                              155 N. Wacker Drive, Ste. 3200
Chicago, IL 60604                                                      Chicago, IL 60606

Frank Hedin
Elliot Jackson
HEDIN LLP
1395 Brickell Avenue, Ste 610
Miami, Florida 33131

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on August 27, 2025, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system.

<i>/s/ Gary R. Clark</i>