**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ISAAC FOSTER, | ) | |
| On behalf of himself and all others similarly | ) | |
| situated | ) | Case No. 1:25-cv-02101 |
| | ) | |
| Plaintiff, | ) | Judge Sara L. Ellis |
| | ) | |
| v. | ) | |
| | ) | |
| SERVICE SANITATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**CLASS ACTION COMPLAINT**

Defendant, Service Sanitation, Inc., by and through its attorneys, answers the Plaintiff's

Class Action Complaint as follows.

**INTRODUCTION**

1. This case is about Defendant requiring that prospective employees provide their genetic information as a condition of employment or preemployment application with the company, in clear violation of GIPA.

**ANSWER:** Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. This genetic information reveals a trove of intimate information about that person's health, family, and innate characteristics. In recognition of the private and sensitive nature of genetic information, the Illinois Legislature enacted GIPA to regulate the use, transfer, and retention of an individual's genetic information. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." See 410 ILCS 513/5(2).

**ANSWER:** Defendant is not required to admit or deny this paragraph as it lacks actual

factual allegations. Defendant admits that GIPA was enacted in 1998 but denies that this

1

paragraph accurately states the goals of the legislation and, thus, denies the allegations in

Paragraph 2 of the Complaint. Defendant further asserts that 40 ILCS 513/5(2) speaks for itself.

Defendant denies any remaining allegations in Paragraph 2, including any assertion that

Defendant violated GIPA.

3.       It was precisely this risk of using genetic information in a discriminatory manner that led the Illinois Legislature to amend GIPA in 2008 to prohibit employers from soliciting, requesting or requiring applicants to provide genetic information as a condition of employment, or otherwise use genetic information in its hiring decisions. Specifically, GIPA provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

(1)   solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2)   affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure, or terminate the employment, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3)   limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4)   retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.  410 ILCS 513/25(c).

**ANSWER:** Defendant admits that GIPA was amended in 2008 and asserts that the

statutory language in 410 ILCS 513/25(c) speaks for itself. Defendant denies the remaining

allegations in Paragraph 3 of the Complaint, including any assertion that Defendant violated

GIPA.

4.       GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of,

2

genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual. 410 ILCS 513/10, by reference to 45 C.F.R. §160.103.

**ANSWER:** Defendant admits that the definition of "genetic information" for purposes of

GIPA is contained within 410 ILCS 513/10 and 45 C.F.R. §160.103. Answering further,

Defendant denies the remaining allegations in Paragraph 4 of the Complaint, including any

assertion that Defendant violated GIPA.

5. During the applicable statutory period, Defendant has systematically required applicants for employment to provide their protected familial medical histories (specifically information about disease or disorders in family members) as a condition of applying for employment. To this day, Defendant continues to engage in these practices.

**ANSWER:** Defendant denies the allegations in Paragraph 5 of the Complaint.

6. GIPA clearly prohibits what Defendant has done. By requiring prospective employees, including Plaintiff and members of the Classes (defined below), to disclose their family medical histories as a condition of applying for employment, Defendant violated Plaintiff's and the putative Classes members' GIPA-protected rights to keep their genetic information private.

**ANSWER:** Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Plaintiff, individually and on behalf of the members of the Classes, seeks monetary and injunctive relief to redress Defendant's violations of GIPA.

**ANSWER:** Defendant admits that the Complaint purports to allege violations of GIPA

and seeks the relief described in this paragraph but denies that the Complaint alleges a valid

cause of action under GIPA, denies that Plaintiff and any purported class member are entitled to

any relief whatsoever, and denies that it violated GIPA in any way.

## PARTIES

8. Plaintiff Foster is, and at all times relevant hereto was, a resident and citizen of North Chicago, Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the state of residence for Plaintiff and, thus, denies the allegations in Paragraph 8 of

the Complaint.

9.      Defendant Service Sanitation, a portable sanitation company, is incorporated in Illinois and maintains its corporate headquarters in Homewood, Illinois. Defendant owns and operates locations in Illinois, Wisconsin, and Indiana.

**ANSWER:** Defendant admits that it provides portable sanitation services, including restrooms, sinks, and other various forms of sanitary and hygienic trailer services at locations in Illinois, Wisconsin and Indiana. Defendant admits that it is incorporated in Illinois but denies that it maintains a corporate headquarters in Homewood, Illinois. Defendant denies the remaining allegations in Paragraph 9.

## JURISDICTION

10.      Personal jurisdiction exists over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is headquartered in the state of Illinois and because the claims of Plaintiff and all members of the putative Classes arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, and/or required, from its headquarters in Illinois, that Plaintiff and all members of the putative Classes provide Defendant their genetic information as a condition of applying for employment by Defendant.

**ANSWER:** Defendant admits that this court has subject matter jurisdiction over Plaintiff's claims but denies that personal jurisdiction exists for any putative class member who resides outside of the state of Illinois.  Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.      Venue is proper in this Court because Defendant maintains its corporate headquarters in Cook County.

**ANSWER:** Defendant denies that it maintains its corporate headquarters in Cook County, but admits this Court is the proper venue for this action.

## FACTUAL BACKGROUND

### I.      Illinois' General Information

12.      The genomic revolution has ushered in significant advancements in biological sciences and medicine over recent decades. Modern genomic technologies now enable individuals to uncover genealogical information about themselves and their relatives, discover genetic

4

predispositions to diseases before symptoms appear, and in some cases, prevent and treat such diseases proactively.

**ANSWER:** Defendant is not required to admit or deny Paragraph 12 as it lacks any

factual allegations. Answering further, Defendant denies the allegations in Paragraph 12 of the

Complaint.

13.     These benefits have been accompanied by a dramatic reduction in genetic testing costs. The expense of collecting and analyzing a complete individual human genome has plummeted from over $100 million in 2001 to under $1,000 in 2022.[1] However, with the increase in accessibility of genetic testing and genetic information came an increased risk that such information would be abused or used in a discriminatory manner.

**ANSWER:** Defendant is not required to admit or deny Paragraph 13 as it lacks any

factual allegations. Answering further, Defendant denies the allegations in Paragraph 13 of the

Complaint, including any assertion that Defendant violated GIPA.

14.     To address these concerns, Illinois, in 1998, enacted the Genetic Information Privacy Act (GIPA), 410 ILCS513/1 et seq., which regulates the use, receipt, transmission, and retention of individuals' genetic information. A decade later, acknowledging the risk that employers would use or had been using individuals' genetic information in discriminatory ways, GIPA was amended to include protections against such discrimination by employers. Specifically, GIPA now prohibits employers from directly or indirectly soliciting, requesting, requiring, or purchasing genetic testing or genetic information of an individual or their family members as a condition of employment, preemployment application, labor organization membership, or licensure.

**ANSWER:** Defendant admits that GIPA was enacted in 1998 and later amended but

denies that this paragraph accurately states the goals or intent of the legislation. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of what other Illinois

employers do or do not do with regard to the practices alleged in Paragraph 14, and, thus, denies

the same. Defendant also denies that Paragraph 14 accurately describes the legal requirements of

GIPA and, thus, denies the allegations in Paragraph 14 of the Complaint.

---

[1] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data.

15. GIPA defines an employer, in relevant part, as "every [] person employing employees within the state." 410 ILCS 513/10.

**ANSWER:** Defendant asserts that the statutory language in 410 ILCS 513/10 speaks for

itself and denies any remaining allegations in Paragraph 15 of the Complaint.

16. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

**ANSWER:** Defendant asserts that the statutory language in 410 ILCS 513/40(a)(3)

speaks for itself and denies any remaining allegations in Paragraph 16 of the Complaint,

including any assertion that Defendant violated GIPA.

## II. Defendant violates GIPA

17. Defendant is an "employer" as defined by GIPA, as it employs employees within the state of Illinois.

**ANSWER:** Defendant admits that it is an employer under GIPA for Plaintiff and

Defendant's Illinois employees, but denies that it is an employer under GIPA for anyone outside

of Illinois. Defendant denies the remaining allegations in Paragraph 17 of the Complaint,

including any assertion that Defendant violated GIPA.

18. As part of its standardized hiring process at all its locations nationwide, Defendant requires all prospective employees to undergo a physical examination and answer questions regarding their family medical history, i.e., the manifestation of diseases or disorders in family members.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant devised and implemented this national hiring policy at its headquarters in Illinois, and has directed, overseen, controlled, and directed that its human resource staff at all its locations nationwide execute this policy, throughout the entire limitation period applicable to this action, also from its headquarters in Illinois.

**ANSWER:** Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Additionally, Defendant failed to inform Plaintiff or any members of the putative Classes of their right not to answer any questions regarding or otherwise provide any of their

genetic information as a condition of applying for employment with Defendant. Defendant should have, but failed to, inform Plaintiff and the members of the putative Classes—from its corporate headquarters in Illinois—of their right not to provide their genetic information during the process of applying for employment with Defendant. Defendant's failure to provide Plaintiff or any members of the putative Classes such information occurred pursuant to a uniform, nationwide policy implemented by Defendant at its headquarters in Illinois and, at all times relevant hereto, maintained, overseen, and enforced by Defendant from its headquarters in Illinois.

**ANSWER:** Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     By soliciting, requesting, and/or requiring that Plaintiff and all members of the putative Classes provide their genetic information to Defendant as a condition of applying for employment, without first informing Plaintiff or any member of the putative Classes of their right not to provide such information—all of which occurred in Illinois, pursuant to standardized policies and practices implemented, maintained, executed, overseen, and controlled by Defendant from within Illinois—Defendant violated GIPA on a massive scale.

**ANSWER:** Defendant denies the allegations in Paragraph 21 of the Complaint, including

any assertion that Defendant violated GIPA.

### III.     Plaintiff Foster's experience

22.     In or around May 2024, Plaintiff Foster applied for a job with Defendant at one of its locations in Illinois.

**ANSWER:** Defendant admits that Plaintiff applied for a Yard Laborer position with

Defendant in Waukegan, Illinois on or about May 6, 2024.

23.     As a condition of applying for employment, Defendant solicited, requested, and/or required that Plaintiff submit to a physical examination and provide information concerning his family medical history, i.e. the manifestation of diseases or disorders in his family members, to Defendant (or another person acting on Defendant's behalf). Such questions included whether Plaintiff's family members had a history of diabetes, heart disease, kidney disease and other medical conditions.

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     In response, Plaintiff disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed in order to apply for employment by Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Thus, Plaintiff's sensitive genetic information was solicited, requested, and/or required by Defendant as a condition of Plaintiff's employment.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Prior to requesting and requiring that Plaintiff provide such information, neither Defendant nor any other person acting on its behalf informed Plaintiff, either verbally, in writing, or otherwise, of his right not to disclose such information as a condition of applying for employment with Defendant.

**ANSWER:** Defendant denies that Plaintiff was asked to provide his family medical

history and, thus, denies the allegations in Paragraph 26 of the Complaint.

27.     The information Defendant requested and/or required Plaintiff to provide as a condition of applying for employment, as alleged above, constituted "genetic information" within the meaning of GIPA (including the applicable provisions of HIPAA referenced and incorporated therein).

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     None of Defendant's solicitations, requests, and/or requirements for Plaintiff to provide his genetic information to Defendant were made in furtherance of a workplace wellness program.

**ANSWER:** Defendant denies that Plaintiff was asked to provide his family medical

history and, thus, denies the allegations in Paragraph 28 of the Complaint.

29.     By requiring Plaintiff to answer questions about his family medical history as a condition of applying for employment, Defendant directly or indirectly solicited, requested, and/or required Plaintiff to disclose his genetic information in violation of GIPA.

**ANSWER:** Defendant denies that Plaintiff was asked to provide his family medical

history and, thus, denies the allegations in Paragraph 29 of the Complaint.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of himself and a "Nationwide Class" comprised of the following similarly situated persons:

> All individuals in the United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of applying for employment by Defendant.

**ANSWER:** Defendant admits that the Complaint purports to allege a class action but denies that the Complaint alleges a valid cause of action under GIPA, denies that a class can be certified, and denies that it violated GIPA in any way. Defendant denies any remaining allegations in Paragraph 30 of the Complaint.

31.     Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of himself and an "Illinois Class" comprised of the following similarly situated persons:

> All individuals in Illinois from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of applying for employment by Defendant.

**ANSWER:** Defendant admits that the Complaint purports to allege a class action but denies that the Complaint alleges a valid cause of action under GIPA, denies that a class can be certified, and denies that it violated GIPA in any way. Defendant denies any remaining allegations in Paragraph 31 of the Complaint.

32.     The Nationwide Class and the Illinois Class are at times herein referred to collectively as the "Classes."

**ANSWER:** Defendant is not required to admit or deny this paragraph as it lacks actual factual allegations. Defendant denies any remaining allegations of Paragraph 32 of the Complaint.

33.     The following are excluded from the Classes: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**ANSWER:** Defendant admits that the Complaint purports to allege a class action but denies that the Complaint alleges a valid cause of action under GIPA, denies that a class can be

certified, and denies that it violated GIPA in any way. Defendant denies any remaining

allegations in Paragraph 33 of the Complaint.

34.     Numerosity: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Classes is substantial, believed to amount to thousands of persons for each of the two Classes. It is, therefore, impractical to join each member of either of the Classes as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendant's records.

**ANSWER:** Defendant admits that the Complaint purports to allege a class action but

denies that the Complaint alleges a valid cause of action under GIPA, denies that a class can be

certified, and denies that it violated GIPA in any way. Defendant denies any remaining

allegations in Paragraph 34 of the Complaint.

35.     Commonality and Predominance: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of each of the Classes and that predominate over any questions affecting only individual members. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

    (a)   Whether Defendant's conduct is subject to GIPA;

    (b)   Whether Defendant directly or indirectly solicited Plaintiffs and the other class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(l);

    (c)   Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

    (d)   Whether Plaintiff and the Classes are entitled to damages and injunctive relief.

**ANSWER:** Defendant admits that the Complaint purports to allege a class action but

denies that the Complaint alleges a valid cause of action under GIPA, denies that there are

common questions that predominate over any individual member's questions amongst the

alleged class, denies that a class can be certified, and denies that it violated GIPA in any way.

Defendant denies any remaining allegations in Paragraph 35 of the Complaint.

36.     **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the above-defined Classes. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of either of the Classes. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Classes and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Classes or additional claims as may be appropriate.

**ANSWER:** Defendant admits that the Complaint purports to allege a class action but

denies that the Complaint alleges a valid cause of action under GIPA, denies that Plaintiff is an

adequate class representative, denies that a class can be certified, and denies that it violated

GIPA in any way. Defendant denies any remaining allegations in Paragraph 36 of the Complaint.

37.     **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with GIPA.

**ANSWER:** Defendant admits that the Complaint purports to allege a class action but

denies that the Complaint alleges a valid cause of action under GIPA, denies that a class can be

certified, and denies that it violated GIPA in any way.  Defendant denies any remaining

allegations in Paragraph 37 of the Complaint.

## CAUSE OF ACTION

**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***
**(On behalf of Plaintiff and the Members of Both Classes)**

38.     Plaintiff fully incorporates all paragraphs above.

**ANSWER:** Defendant incorporates by reference its responses to the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

39.     Defendant is an employer under 410 ILCS 513/l0 in that it employes employees within the state of Illinois.

**ANSWER:** Defendant admits that it is an employer under GIPA with regard to Plaintiff and Defendant's Illinois employees but denies that it is an employer under GIPA for any employee outside of Illinois.  Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40.     GIPA defines "genetic information" by reference to HIPAA, 45 C.F.R. § 160.103, to include the manifestation of a disease or disorder in family members of an individual.

**ANSWER:** Defendant admits that the definition of "genetic information" for purposes of GIPA is contained within 410 ILCS 513/10 and 45 C.F.R. §160.103. Answering further, Defendant denies any remaining allegations in Paragraph 40 of the Complaint, including any assertion that Defendant violated GIPA.

41.     Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of applying for employment. 410 ILCS 513/25(c)(l).

**ANSWER:** Defendant asserts that the statutory language in 410 ILCS 513/25(c)(1) speaks for itself. Defendant denies the remaining allegations in Paragraph 41 of the Complaint, including any assertion that Defendant violated GIPA,

42.     As a condition of Plaintiff and the putative members of the Classes applying for employment, Defendant solicited, requested and/or required, either directly or indirectly by another person acting on its behalf and at its direction, that Plaintiff and the members of the Classes undergo physical exams and answer questions regarding their family medical history, i.e. the manifestation of a disease or disorder in family members. In doing so, Defendant directly or indirectly solicited, requested, and required Plaintiff and the members of the Classes to disclose their genetic information as a condition of applying for employment.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     The information that Defendant solicited, requested, and/or required from Plaintiff and the members of Classes as a condition of applying for employment, as described above, constitutes "genetic information" that is protected by GIPA. 410 ILCS 513/l.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Prior to soliciting, requesting, and/or requiring genetic information from Plaintiff and the members of the Classes as a condition of applying for employment, Defendant failed to advise Plaintiff or any other member of either of the Classes, either verbally, in writing, or otherwise, of their statutorily protected rights under GIPA not to provide such information.

**ANSWER:** Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant also solicited, requested and/or required that Plaintiff and members of the Classes provide other personally identifying information, including their full names, home addresses, dates of birth, Social Security numbers and gender, as part of their employment applications, including during the physical exams they underwent.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     The unlawful practices alleged herein, as applied to Plaintiff and all members of the Classes, were conceived of, implemented, maintained, executed, overseen, and otherwise controlled by Defendant from its corporate headquarters in Illinois.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Plaintiff and all members of the Classes have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant knowingly and/or willfully violated GIPA, and at the very least acted in reckless disregard of the statute's requirements, because the part of the statute relevant to this action has been in effect since 2009; because, on information and belief, Defendant maintains a legal department that routinely performs legal compliance audits (including those required pursuant to applicable regulations in its industry), rendering it well equipped to identify and implement measures to comply with all applicable laws, including GIPA; and because Defendant nonetheless failed to take any steps, implement any measures, or otherwise take any effort to comply with GIPA prior to requesting, and/or requiring Plaintiff and members of the Classes to provide their genetic information as a condition of applying for employment by Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Alternatively, Defendant violated GIPA negligently in that any steps it took, measures it implemented, or any other efforts it undertook to comply with GIPA were

unreasonable under the circumstances, particularly in light of the nature of Defendant's business and the standard of conduct expected of it in the industry and field in which it operates.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     On behalf of himself and the proposed members of the Classes, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the members of the Classes by requiring Defendant to destroy the genetic information it solicited, requested, and/or required from them in violation of GIPA and to comply with GIPA's requirements in the future; (2) statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2); (3) statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(a)(3).

**ANSWER:** Defendant admits that the Complaint purports to seek the relief requested in Paragraph 50 but denies that the Complaint alleges a valid cause of action under GIPA, denies that Plaintiff and the alleged class are entitled to any relief whatsoever, and denies that it violated GIPA in any way.  Defendant denies any remaining allegations in Paragraph 50 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Foster, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

A.     Certifying the Classes defined above, appointing Plaintiff as representative of the Classes and his attorneys as counsel for the Classes;

**ANSWER:** Defendant asserts that neither Plaintiff nor the purported class is entitled to any relief whatsoever and, thus, denies the allegations in paragraph (A) of the prayer for relief.

B.     Declaring that Defendant's actions, as set forth herein, violate GIPA;

**ANSWER:** Defendant asserts that neither Plaintiff nor the purported class is entitled to any relief whatsoever and, thus, denies the allegations in paragraph (B) of the prayer for relief.

C.     Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Classes by requiring Defendant to destroy the genetic information it solicited,

requested, and/or required from Plaintiff and members of the Classes in violation of GIPA and to comply with GIPA's requirements in the future;

**ANSWER:** Defendant asserts that neither Plaintiff nor the purported class is entitled to any relief whatsoever and, thus, denies the allegations in paragraph (C) of the prayer for relief.

D.    Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent violation of GIPA;

**ANSWER:** Defendant asserts that neither Plaintiff nor the purported class is entitled to any relief whatsoever and, thus, denies the allegations in paragraph (D) of the prayer for relief.

E.    Awarding reasonable attorneys' fees, costs, and other litigation expenses;

**ANSWER:** Defendant asserts that neither Plaintiff nor the purported class is entitled to any relief whatsoever and, thus, denies the allegations in paragraph (E) of the prayer for relief.

F.    Awarding pre- and post-judgment interest, as allowable by law; and

**ANSWER:** Defendant asserts that neither Plaintiff nor the purported class is entitled to any relief whatsoever and, thus, denies the allegations in paragraph (F) of the prayer for relief.

G.    Such further and other relief the Court deems reasonable and just.

**ANSWER:** Defendant asserts that neither Plaintiff nor the purported class is entitled to any relief whatsoever and, thus, denies the allegations in paragraph (G) of the prayer for relief.

## <u>AFFIRMATIVE DEFENSES</u>

Service Sanitation, Inc., without waiving Plaintiff's obligation to prove each and every factual element of his claims, states as follows with regard to its affirmative defenses:

## <u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any alleged solicitation of Plaintiff's or any class member's genetic information by a third-party was not intended by Defendant, not directed by Defendant, outside the scope of the services requested by Defendant, and not for the benefit of Defendant. As such, any alleged solicitation of genetic information was inadvertent and not a violation of GIPA.

## THIRD AFFIRMATIVE DEFENSE

The claims in this Complaint are premised on the notion that a third-party solicited genetic information from Plaintiff and putative class members without any knowledge or involvement by Defendant. As such, Plaintiff does not have standing to pursue the claims alleged in the Complaint because he suffered no injury in fact that is fairly traceable to any act or omission by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's request for statutory damages and other relief on behalf of himself and the putative class is unconstitutional because neither Plaintiff nor the putative class members suffered any damages and, therefore, Plaintiff seeks to impose a penalty that is excessive in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution, the Eighth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Complaint are barred by the statute of limitations for the GIPA claim alleged.

## SIXTH AFFIRMATIVE DEFENSE

The claims pled in the Complaint are barred by the doctrines of ratification, acceptance, consent and estoppel as Plaintiff and the putative class each consented to any questions related to their family medical history or genetic information.

## SEVENTH AFFIRMATIVE DEFENSE

The claims pled in the Complaint are barred because they attempt to regulate the provision of medical treatment by health care professionals who are licensed and regulated by the Illinois Department of Financial and Professional Regulation, the Medical Licensing Board, and otherwise by 225 ILCS 60/1 Et seq.

Respectfully submitted,

Date: August 28, 2025

**SERVICE SANITATION, INC.**

By: /s/ *Gary R. Clark*
　　　One of Its Attorneys

Gary R. Clark, #6271092
Brian A. Hartstein, #6289689
Quarles & Brady LLP
155 North Wacker Drive, Suite 3200
Chicago, Illinois 60606
(312) 715-5000 | (312)715-5155 (fax)

## CERTIFICATE OF SERVICE

I, Gary R. Clark, an attorney of record, hereby certify that on August 28, 2025, I caused the foregoing **Service Sanitation, Inc.'s Answer and Affirmative Defenses to Class Action Complaint** to be electronically filed using the court's CM/ECF system and to be served upon the following counsel of record at their email address on file with the court:

| | |
|---|---|
| Carl V. Malmstrom | Elliott Jackson (*Pro Hac Vice*) |
| Wolf Haldenstein Adler Freeman & Hertz LLC | Hedin LLP |
| 111 W. Jackson Boulevard | 1395 Brickell Avenue |
| Suite 1700 | Suite 610 |
| Chicago, IL  60604 | Miami, FL  33131 |
| malmstrom@whafh.com | ejackson@hedinllp.com |

By:  /s/ *Gary R. Clark*