IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISAAC FOSTER,<br>On behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SERVICE SANITATION, INC.,<br><br>Defendant. | Case No. 1:25-cv-02101<br><br>Judge Sara L. Ellis |

**DEFENDANT'S MOTION TO QUASH**
**SUBPOENAS AND/OR FOR A PROTECTIVE ORDER**

Defendant Service Sanitation, Inc. ("SSI") hereby moves the Court, pursuant to Fed. R. Civ. Pro. 26(c) and 45(d)(3), to quash the six (6) third-party subpoenas attached as Exhibit A because they seek any and all documents and communications related to individual medical examinations, drug tests and pre-hire tests for non-party individuals in violation of HIPAA and state law governing such protected health information. Alternatively, SSI asks the Court to modify the subpoenas to strike these requests for individual records for putative class members and limit the subpoenas to their requests for Plaintiff's individual information, communications regarding Plaintiff, and general agreements, contracts, forms and policies related to the pre-hire testing process.[1]

---

[1] SSI notes the Court's requirement for a five-page joint motion to handle discovery disputes, which appears intended to cover more discrete disputes involving discovery responses and not an issue as complex as this one. If SSI is incorrect on this point, it asks for leave to file this motion outside of this normal process due to the complexity of the issues discussed in this motion. SSI also notes the urgency of its motion to quash because Plaintiff served all six subpoenas, despite knowing that SSI objected to them and was requesting a meet and confer to resolve the issues.

In lieu of the scorched earth discovery contemplated by the subpoenas, SSI has encouraged Plaintiff Isaac Foster ("Plaintiff" or "Foster") to serve subpoenas on the vendor responsible for SSI's pre-hire physical ability testing process (1Source) and the clinic that conducted Plaintiff's pre-hire testing (Creative Rehab) for Plaintiff's individual records and any general materials (*e.g.* agreements, contracts, statements of work, templates, forms) detailing what is and is not included in SSI's pre-hire physical ability testing process (and deposing a corporate representative on these issues) because ***it will eliminate the need to conduct burdensome and time consuming class discovery in this case***. Specifically, 1Source and Creative Rehab are prepared to provide the applicable forms for the pre-hire testing as well as a corporate representative for a declaration or deposition to make clear that there is no component of the SSI pre-hire test that involves requesting family medical history from an individual. Plaintiff has refused this initial step, choosing instead to launch into discovery as to the putative class – even though the entire basis of the Complaint's Fed. R. Civ. P. 23 class claim is the allegation that SSI had a practice or policy of requesting family medical history as part of pre-hire physical ability testing. (Complaint, ¶¶ 41 – 49).

## FACTS

Plaintiff alleges that he applied for a job with SSI in Illinois in May 2024 and that, "as a condition of applying," SSI "solicited, requested, and/or required" him to provide information concerning his family medical history. (Complaint, ¶ 24). Plaintiff further alleges that, in response, he disclosed his "genetic information, including diseases and disorders with which his family members have been diagnosed in order to apply for employment by Defendant." (*Id.* at ¶ 25). Styled as a class action, Plaintiff broadly alleges the same claim on behalf of both a "Nationwide Class," comprised of all individuals in the United States from whom SSI allegedly solicited, requested, or required family medical history as a condition of applying for employment, and an

"Illinois Class," comprised of all individuals in Illinois under the same circumstances. (*Id.* at ¶¶ 31-32).

SSI has previously produced to Plaintiff the pre-hire testing materials it received from the clinic for Foster. (Procedure Summary filed under seal as Dkt. # 19). ***Notably, there is nothing in the Procedure Summary indicating that any medical examination took place or any family medical history was solicited from Plaintiff.***

## SUBPOENAS AND ATTEMPTS TO RESOLVE DISPUTE

On October 9, 2025, Plaintiff gave notice to SSI that it intended to serve the subpoenas attached as Exhibit A on the following entities: (i) 1Source OHS, LLC ("1Source"); (ii) Examinetics, Inc. ("Examinetics"); (iii) eScreen, Inc. ("eScreen"); (iv) Lake County Immediate Care, LLC ("Prompt Med"); and (v) Abbott Laboratories, Inc. ("Abbott Laboratories"). 1Source is the vendor administering SSI's pre-hire testing process. Examinetics is allegedly a related entity for 1Source. eScreen and Prompt Med conduct drug tests for SSI, but there is nothing in the Complaint alleging anything improper regarding drug testing. SSI has no relationship with Abbott Laboratories related to the pre-hire testing process.[2] Plaintiff gave notice of a subpoena issued to Creative Rehab on October 20, 2025.

1. <u>1Source, Examinetics and Creative Rehab.</u>

In addition to documents related to Plaintiff and SSI's pre-hire testing process generally (Ex. A, Nos. 1 – 4),[3] each subpoena seeks all records related to any individual who underwent pre-hire testing, a DOT medical examination, a drug test or an interview or submitted an application

---

[2] Plaintiff advised that he would withdraw the Abbot Laboratories subpoena but has not done so yet.

[3] Numbers 2 – 4 of the subpoena riders appear to be limited to Plaintiff Foster and the general policy materials to which SSI has no objection.

(Ex. A, Nos. 9, 12).[4] The subpoenas also seek – with no temporal restriction – any communication between the subpoena recipient and SSI that in any way involves any individual tested or examined (Ex. A, No. 10). There was no HIPAA release attached to the subpoenas. Nor has Plaintiff obtained a court order authorizing the subpoena of records containing protected health information.

The subpoenas also seek broad information with no relationship to this case, including: (i) any complaints, inquiries or concerns that the entity has received about SSI or any other third-party entity. (Ex. A, No. 6); and (ii) materials regarding any information or records sought by the subpoena (as to any individual tested) that were destroyed (Ex. A, Nos. 7 - 8).

2. eScreen and PromptMed.

eScreen and PromptMed conduct drug tests for SSI. Yet, Plaintiff served the identical subpoena rider on these entities, seeking, in addition to Foster's records: (i) all agreements, contracts, and statements of work with SSI (Ex. A, No. 2); (ii) all materials related to "medical examinations," which incorporates the drug testing these entities perform (Ex. A, Nos. 3 – 4, 11); (iii) materials related to any complaints against the subpoena recipient or any third party related to a "medical examination" (Ex. A, No. 6); (iv) documents related to the retention and destruction of or records (Ex. A, Nos. 7 – 8); (v) records related to any individual who underwent a "medical examination," which incorporates individual drug tests (Ex. A, Nos. 9, 12); and (vi) with no temporal restriction – any communication between the subpoena recipient and SSI that in any way involves any individual tested or examined (Ex. A, No. 10). Identical to the other subpoenas, no

---

[4] The subpoenas seek information regarding "Medical Examinations" or "Medically Examined Persons," but define both terms to include things that have nothing to do with medical exams. For example, "Medical Examinations" is defined as, "any pre-employment or post-employment medical examination, interview, or other similar procedure performed on Defendant's employee in Illinois or an applicant for employment with Defendant in Illinois." (Ex. A, Definitions, No. 12). Similarly, "Medically Examined Persons" means, "any of Defendant's employees or any Person who applied for employment with Defendant who underwent any medical examination, or interview or other similar procedure performed by or on behalf of Defendant in Illinois." (Ex. A, Definitions, No. 13).

HIPAA release was attached to the subpoenas. Nor has Plaintiff obtained a court order authorizing the subpoena of such records.

    3.   <u>Local Rule 37.1 Certification/Efforts to Resolve Dispute.</u>

SSI immediately requested a meet and confer and asked Plaintiff to hold off on serving the subpoenas until the parties could discuss their scope. Plaintiff refused and said the subpoenas were going out regardless. (October 9, 2025 emails attached as Exhibit B).

The parties thereafter discussed the subpoenas on October 13, 2025. During that call, ***SSI counsel Gary Clark advised Plaintiff's counsel Elliot Jackson that SSI had no objection to the subpoenas served on the vendor SSI utilizes for its pre-hire physical ability testing (1Source) and its related entity (Examinetics) for: (i) Plaintiff's individual pre-hire testing records and communications; (ii) any agreements, contracts or general statements of work for the pre-hire testing process it administers for SSI; (iii) any templates or forms utilized for the pre-hire testing process; and (iv) any materials discussing the pre-hire testing on a general basis and not involving individual putative class members.*** <u>With regard to the subpoenas served on eScreen and PromptMed,</u> <u>SSI asked Plaintiff to limit the subpoenas to Plaintiff's individual drug test materials and any agreements, contracts or general statements of work</u> in order to verify that these entities are limited to drug tests and not involved in the pre-hire testing process at issue in this lawsuit.

SSI urged Plaintiff to limit the subpoenas to this information in order to allow Plaintiff to investigate (i) whether Plaintiff's family medical history was solicited during his pre-hire testing process (SSI asserts it was not); and (ii) whether there are any forms, templates, agreements or general materials indicating that family medical history is to be solicited during the pre-hire testing process. (October 13, 2025 email attached as Exhibit C). SSI further urged Plaintiff to depose

corporate representatives for 1Source and the clinic at which Plaintiff was tested (Creative Rehab) in order to vet these same issues and confirm that there is nothing in the SSI pre-hire testing process that involves requesting family medical history. *Id.* Plaintiff refused to limit or modify their subpoenas in any manner. As Plaintiff served the subpoenas knowing this dispute existed and has refused any modification or limit to its subpoenas, it is necessary for Defendant to seek relief from the Court.

## ARGUMENT

Rule 26(c) authorizes a party to move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1). Rule 45(d)(3) additionally requires that, on timely motion, a court "must quash or modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). The rules also limit the scope of discovery to matters that are "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, ... the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### I. The Subpoenas Violate Federal and State Law.

In requesting individual drug test records, medical examination records, pre-hire testing records and any communications related to the same for every SSI applicant without a release or court order, the subpoenas violate HIPAA and Illinois law governing requests for protected health information. The requests seek any and all Documents, ESI or Communications related to any Medical Examination (defined to include any "medical examination, interview, or other similar procedure") for any individual employed by SSI or who applied for an SSI job. This necessarily

includes individual information related to any and all pre-hire drug tests, DOT medical examinations, pre-hire testing and communications regarding the same - which Plaintiff refused to eliminate from the materials requested by the subpoena. And, while the subpoena appears to be limited to Illinois on its face, Plaintiff's counsel took the position at the meet and confer that it was national in scope and there would be no agreement to narrow that nationwide scope. Contrary to this, federal and state law prohibit this attempt to subpoena individual drug test, medical examination and pre-hire testing records for non-parties.

It is important to reiterate that SSI has no objection to the portions of the subpoenas served on the vendors SSI utilizes for its pre-hire physical ability testing (1Source and Creative Rehab) for: (i) Plaintiff's individual pre-hire testing records and communications regarding the same; (ii) any agreements, contracts or general statements of work for the pre-hire testing process administered by 1Source; (iii) any templates or forms utilized for the pre-hire testing process administered by 1Source; and (iv) any materials discussing the pre-hire testing on a general basis and not involving individual records. Similarly, SSI advised Plaintiff that it has no objection to the portions of the subpoenas to eScreen and PromptMed seeking Plaintiff's drug testing information or general agreements, contracts or statements of work. ***It is the request for records and communications related to individual medical examinations, drug tests and pre-hire testing for non-parties that is at issue in this motion.***

      A.      <u>**The Subpoenas are Invalid Under HIPAA**</u>.

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its corresponding regulations prohibit the unauthorized disclosure of protected health information ("PHI"). "PHI" is individually identifiable information maintained by a covered entity or business associate. 45 C.F.R. § 160.103. "Individually identifiable information" is health information that

(1) is created or received by a HIPAA-covered entity; (2) "relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual"; and (3) identifies or could be used to identify an individual. *Id*. Notably, HIPAA specifically addresses patient "genetic information." To the extent that genetic information is individually identifiable and maintained by a HIPAA-covered entity, genetic information is considered protected health information and covered under HIPAA. *Id*.

The general rule under HIPAA is that a covered entity or business associate may <u>not</u> disclose PHI without patient authorization or as otherwise required or permitted by HIPAA. *Id.* § 164.502. In the context of a judicial or administrative proceeding, a HIPAA-covered entity is only permitted to disclose health information in limited circumstances. *Id.* § 164.512(e). Specifically, a covered entity may disclose PHI pursuant to a court order. *Id.* § 164.512(e)(1)(i). Per guidance from the U.S. Department of Health and Human Services ("HHS"), a "court order" refers to an order of a court or administrative tribunal and excludes subpoenas from a court clerk or attorney. *See* HHS, Court Orders and Subpoenas (Nov. 2, 2020), at [https://www.hhs.gov/hipaa/for-individuals/court-orders-subpoenas/index.html](https://www.hhs.gov/hipaa/for-individuals/court-orders-subpoenas/index.html). Absent a court order, a covered entity may disclose PHI pursuant to a subpoena only if the covered entity receives certain satisfactory assurances, as set forth in 45 C.F.R. § 164.512(e)(1)(iii), from the party seeking the information. 45 C.F.R. § 164.512(e)(1)(ii). In short, HIPAA only permits a covered entity to rely on a subpoena for disclosure when there is either a court order or satisfactory assurances that a court order has been requested.

Here, Plaintiff has not complied with HIPAA in issuing subpoenas for records and communications related to individual medical examination records, drug test results and pre-hire

physical ability testing (which includes blood pressure information).[5] Nor could Plaintiff as any motion for a qualified protective order under HIPAA for such individual records on a nationwide basis is unnecessary to this case, invasive of individual privacy for putative class members and completely lacking in any proportionality to the needs of the case.

### B. The Subpoenas are Invalid Under State Law.

Illinois law governing the privacy and confidentiality of patient health information requires health care providers to follow disclosure requirements under HIPAA or other applicable federal or state law. *See* 410 Ill. Comp. Stat. Ann. 50/3(d). Specifically, in response to requests for general health care records, Illinois prohibits health care facilities and health care practitioners from disclosing health care records without a valid authorization for the release of records signed by the patient or the patient's legally authorized representative. *See* 735 Ill. Comp. Stat. Ann. 5/8-2001(b).

Similarly, under Illinois law, entities that are state-regulated or receive state funding must disclose substance use disorder ("SUD") records in accordance with 42 U.S.C. § 290dd-2 and 42 C.F.R. Part 2. *See* 20 Ill. Comp. Stat. Ann. § 301/30-5(bb). Specifically, regulated entities may only disclose SUD records with patient consent, as set forth in 42 C.F.R. §§ 2.1(b)(1) & 2.31; or with a court order, as set forth in 42 C.F.R. §§ 2.61-2.67. *See id.* § 301/30-5(bb)(2)(A) & (E).

Contrary to this, the subpoenas issued by Plaintiff for any and all records and communications related to individual medical examinations, drug tests, and pre-hire testing violate these state law requirements as there is no court order permitting the issuance of the subpoenas.

---

[5] On this point, it is worth noting that Plaintiff demanded that his pre-hire physical ability testing form be filed under seal due to the information it contained. (Dkt. #19).

For this reason, the subpoenas should be quashed or modified to strike any request for any documents, ESI or communications related to any medical examination, drug test or pre-hire physical ability testing for a non-party.

II. **The Requests for Records Related to Non-Party Individuals Should Also be Rejected as Excessively Burdensome and Completely Unnecessary to the Case.**

The subpoenas should also be quashed to the extent they seek nationwide information regarding individuals that is invasive of privacy for these individuals and completely unnecessary, unduly burdensome and not proportional to the needs of the case. In the alternative, a protective order should be entered to limit the subpoenas and discovery to Plaintiff's individual claim and SSI's pre-hire testing process generally.

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court:

> "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time or place . . . for the discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery. . ."

In class action matters, including GIPA matters like the present one, courts have required a plaintiff to focus initial discovery efforts on the plaintiff's individual claim for purposes of determining if there is any merit to the individual claim and a policy or practice sufficient to support a Fed. R. Civ. P. 23 class action, rather than allowing the plaintiff to simply launch in to burdensome, expensive and time-consuming discovery on the putative class. For example, in *Harris-Morrison v. Sabert Corp.*, a GIPA case like this one, Judge Chang limited initial discovery to the merits of the plaintiff's individual claim. *Harris-Morrison v. Sabert Corp.*, No. 1:23-CV-16120, 2024 WL 5264702, at *5 (N.D. Ill. Dec. 31, 2024). The Court reasoned that this limited

discovery would determine if there was any merit to the plaintiff's individual GIPA claim and a basis to pursue the claim on a Rule 23 class basis. *Id*.

Other courts have similarly required individual discovery to proceed first as part of determining if burdensome and expensive class discovery is even necessary in the case. *See e.g. Ragsdale v. Harmony Leads, Inc.*, No. 1:24-CV-02510-CNS-SBP, 2025 WL 1617233, at *2 (D. Colo. May 9, 2025) ("[When] there are discrete, narrow issues which may dispose of Plaintiffs' individual claims, the court [may] conclude that the most expeditious course is to limit discovery to those individual claims before authorizing discovery on the putative class claims."); *Fania v. Kin Ins., Inc.*, No. 22-12354, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (Granting the defendant's motion to bifurcate because bifurcation was the most efficient way to proceed with the litigation since the need for class discovery could be eliminated if plaintiff lacked a viable individual claim.); *Rivera v. Google Inc.*, No. 16 C 02714, 2017 WL 11895720, at *2 (N.D. Ill. June 27, 2017) ("If, after discovery on the merits of the individual claims and on [the] defenses, the individual claims fail, then the expense of certification litigation will be saved.").

Consistent with this, limiting initial discovery in this case to Plaintiff's individual GIPA claim and the pre-hire testing process at issue in this case will allow the parties to determine if: (i) Plaintiff's individual claim has merit; and (ii) there is generally applicable policy or practice to support the Rule 23 class action allegations. SSI has maintained that it does not have a practice or policy of requesting family medical history as part of its pre-hire physical ability testing process. As such, SSI has urged Plaintiff to limit the subpoenas served on 1Source (the pre-hire testing vendor) and Creative Rehab (the clinic that did the testing) to Plaintiff's individual testing records, communications related to Plaintiff's testing, and the agreements, contracts, forms, statements of work and general materials indicating what is and is not part of the pre-hire testing process. SSI

has likewise encouraged Plaintiff to depose a corporate representative for each entity on SSI's pre-hire testing process and whether it includes a request for family medical history information. Limiting initial discovery to these issues will make clear whether there is any merit to Plaintiff's individual GIPA claim and/or a basis for alleging such claim as a Rule 23 class action.

This course of action will likely eliminate the need to conduct costly, time-consuming and burdensome discovery into communications and records related to individual putative class members. It will likewise prevent the clear invasion of privacy for these non-party individual putative class members on a completely unnecessary fishing expedition.

## CONCLUSION

For the reasons stated herein, SSI respectfully requests that the Court quash the subpoenas attached as Exhibit A or, alternatively, enter a Rule 26(c) protective order (i) modifying the subpoenas to limit the information requested to Plaintiff's individual pre-hire testing information, communications related to Plaintiff's pre-hire testing and general agreements, contracts, statements of work and forms related to SSI's pre-hire physical ability testing process; and (ii) limiting initial discovery to Plaintiff's individual GIPA claim and SSI's pre-hire physical ability testing process generally.

Dated: October 21, 2025

Respectfully submitted,
SERVICE SANITATION, INC.

By: /s/*Gary R. Clark*
       One of Its Attorneys

Gary R. Clark, #6271092
Brian A. Hartstein, #6289689
Quarles & Brady LLP
155 North Wacker Drive, Suite 3200
Chicago, Illinois 60606
(312) 715-5000 | (312)715-5155 (fax)
gary.clark@quarles.com
brian.hartstein@quarles.com

## CERTIFICATE OF SERVICE

I, Gary R. Clark, an attorney of record, hereby certify that on **October 21, 2025**, I caused the foregoing **DEFENDANT'S MOTION TO QUASH SUBPOENAS AND/OR FOR A PROTECTIVE ORDER** to be electronically filed using the court's CM/ECF system and to be served upon the following counsel of record at their email address on file with the court:

*Attorneys for Plaintiff and the Putative Class*

| | |
|---|---|
| Carl V. Malmstrom | Frank Hedin |
| Wolf Haldenstein Adler | Elliot Jackson |
| Freeman & Hertz LLC | Hedin LLP |
| 111 W. Jackson Boulevard | 1395 Brickell Avenue |
| Suite 1700 | Suite 610 |
| Chicago, IL 60604 | Miami, FL 33131 |
| malmstrom@whafh.com | fhedin@hedinllp.com |
| | ejackson@hedinllp.com |

/s/ *Gary R. Clark*