EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Isaac Foster | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| Service Sanitation, Inc. | ) |
| _Defendant_ | ) |

Civil Action No.   1:25-CV-02101

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

LAKE COUNTY IMMEDIATE CARE, LLC d/b/a PromptMed Urgent Care UC
c/o Registered Agent Hunter Davis
724 N Green Bay Rd, Waukegan, IL 60085

To:

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.

| Place: Veritext<br>1 N Franklin Street, Suite 2100,<br>Chicago, IL 60606 | Date and Time:<br><br>10/28/2025 at 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/09/2025

_CLERK OF COURT_

OR

_____
_Signature of Clerk or Deputy Clerk_

/s/ Elliot O. Jackson
_____
_Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Isaac Foster
_____ , who issues or requests this subpoena, are:

Elliot O. Jackson, Hedin LLP, 1395 Brickell Ave. Suite 610, Miami, FL 33131, ejackson@hedinllp.com, 305-357-2107

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:25-CV-02101

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

<u>DEFINITIONS</u>

1.      "**Action**" means or refers to Case No. 25-CV-02101, pending in the United States District Court for the Northern District of Illinois, which was commenced by Defendant's filing of a notice of removal on February 28, 2025.  A copy of the operative pleading is attached hereto as **Exhibit 1**.

1.      "**Communication**" means or refers to the transmission of information, facts, or ideas, including any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recordings, voicemail, e-mail message, telegram, computer files, computer disks, text (SMS) message, advertisement, or other form of exchange of words, whether oral or written. This includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or between Your employees.

2.      "**Defendant**" means or refers to Service Sanitation, Inc., the Defendant in the Action.

3.      "**Describe**" when used in relation to any process, policy, act, agreement, object or event means explain the process, policy, act, agreement, object or event in complete and reasonable detail, stating the time, date, and location, Identifying all Persons participating or present, and Identifying all Documents relating thereto.

4.      "**Document**" means or refers to any Communications, writings, memoranda or notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data compilations—including ESI—stored in any medium from which information can be

obtained.

5. "**Electronically Stored Information**" or "**ESI**" means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape, or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

6. "**Family Members**" means or refers to all individuals related by blood or law to the individual.

7. "**Genetic Information**" means or refers to a Person's Genetic Tests, Genetic Tests of family members, the manifestation of a disease or disorder in family members of a Person, any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the Person or any family member of the Person.

8. "**Genetic Test**" means or refers to any information that is obtained by an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, if the analysis detects genotypes, mutations, or chromosomal changes.

9. "**Genetic Monitoring**" means or refers to the periodic examination of employees to evaluate acquired modifications to their genetic material, such as chromosomal damage or evidence of increased occurrence of mutations that may have developed in the course of employment due to exposure to toxic substances in the workplace in order to identify, evaluate, and respond to effects of or control adverse environmental exposures in the workplace.

10. "**GIPA**" means or refers to the Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*

11. "**Identify**" means:

    a.    <u>For natural persons</u>: Provide the Person's full name, current business title and address, business and personal telephone numbers, last

2

known home address, city of residence, and a summary of their relevant knowledge. Include where and how the knowledge was obtained, whether it was discussed with You, when those discussions occurred, who participated, and the substance of the discussions.

    b.   <u>For entities</u>: Provide the entity's full legal name, last known address(es), telephone number, and organizational form (e.g., corporation, partnership, joint venture).

    c.   <u>For acts or events</u>: Describe in detail the act or event, including the date, time, location, and the Persons or entities involved.

    d.   <u>For documents</u>: State the type of document (e.g., letter, memorandum, email), its author(s), addressee(s) or recipient(s), title or subject matter, last known custodian or location, and date. If already produced, reference its production number; if not produced, provide the information and produce it pursuant to Fed. R. Civ. P. 34. and to Identify its last known custodian or location.

    e.   <u>For oral communications</u>: State the date, time, place, and method (e.g., phone call, in-person meeting), identify all participants and any Persons who overheard it, and provide a detailed summary of the communication's content.

12.    "**Medical Examination**" means any pre-employment or post-employment medical examination, interview, or other similar procedure performed on Defendant's employee in Illinois or an applicant for employment with Defendant in Illinois.

13.    "**Medically Examined Person**" means any of Defendant's employees or any Person who applied for employment with Defendant who underwent any medical examination, interview, or other similar procedure performed by or on behalf of Defendant in Illinois.

14.    "**Plaintiff**" means or refers to Isaac Foster, the Plaintiff in the Action.

15.    "**Person**" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

2.    "**You**" and "**Your**" as used herein shall refer to Lake County Immediate Care, LLC d/b/a PromptMed Urgent Care and any of its parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities.

## **INSTRUCTIONS**

1.      Unless otherwise specified, the relevant time period for each request below is January 21, 2020, through the present, unless otherwise specifically indicated, and shall include all Documents, Communications, and ESI that relate to such period, even if prepared or published before then. If a Document, Communication, or ESI prepared or published before this period is necessary for a correct or complete understanding of any Document, Communication, or ESI responsive to a request, you must produce the earlier Document, Communication, or ESI as well. If any Document, Communication, or ESI is undated and the date of its preparation or publication cannot be determined, the Document, Communication, or ESI shall be produced if otherwise responsive to a request.

2.      Documents shall be produced in the manner and order in which they appear in Your files, and shall not be shuffled or otherwise rearranged. Documents that were, in their original condition, stapled, clipped, or otherwise fastened together shall be produced in such form.

3.      For any objection grounded on a privilege or immunity, set forth the facts and supporting material, including, where necessary, a privilege log disclosing the general nature of what is being withheld and substantiating the basis of any claim of privilege or immunity, including:

> a. The name(s) of the author(s) of the document;
> b. The name(s) of the sender(s) of the document;
> c. The name(s) of the person(s) who received the document or to whom copies were sent or exhibited at any time;
> d. The name(s) of all persons presently having possession of the document or a copy thereof;
> e. A brief description of the nature and subject matter of the document; and
> f. The privilege asserted and the statute, rule, decision, or other basis that is claimed to give rise to the privilege.

4.  If no documents exist that are responsive to any request to identify or to produce, so state.

## DOCUMENT REQUESTS

1.    All Documents, Communications and ESI Concerning Plaintiff.

2.    All agreements, contracts, statements of work, and the like (and all exhibits and schedules and the like thereto) between You and Defendant.

3.    All Documents (Standard Forms, Notes, Writings, etc.) used for the coordination, performance, execution, or scheduling of Medical Examinations.

4.    All Documents, Communications, and ESI exchanged between You and Defendant (or any third party on their   behalf) Concerning the coordination,   performance,   execution,   or scheduling of Medical Examinations.

5.    All Documents, Communications, and ESI that You have sent to or received from Defendant (or any third party on their behalf) Concerning the Action.

6.    All Documents, Communications, and ESI Concerning any and all complaints, inquiries,  or  concerns  received  Concerning the coordination,  performance,  execution,  or scheduling of Medical Examinations by Defendant (or another third party on their behalf).

7.    All Documents, Communications, and ESI Concerning Your policies of retention Concerning any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

8.    All Documents, Communications, and ESI Concerning the destruction or deletion of any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

9.    Documents, Communications, and ESI sufficient to Identify the total number of Medically Examined Persons for whom You coordinated, performed, executed, or scheduled Medical Examinations on behalf of Defendant.

10.     Without temporal restriction, all Communications between You and Defendant relating to Medical Examinations or Medically Examined Persons, including Communications describing what information would be or has been collected, stored, recorded, or examined.

11.     Without temporal restriction, Documents sufficient to Identify Your Role in, and the period of time that You participated in that role, the coordination, performance, execution, or scheduling of Medical Examinations (including any changes to the scope of work or performance).

12.     Documents sufficient to Identify the total number of Medically Examined Persons who underwent Medical Examinations coordinated or conducted by You.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Northern District of Illinois

| | |
|---|---|
| Isaac Foster | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:25-CV-02101 |
| | ) |
| Service Sanitation, Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Abbott Laboratories, Inc.
c/o CT CORPORATION SYSTEM
334 North Senate Avenue, Indianapolis, IN, 46204, USA
_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.

| Place: Veritext<br>111 Monument Circle, Suite 4350,<br>Indianapolis, IN 4620 | Date and Time:<br>10/28/2025 at 10:00 am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/09/2025

| _CLERK OF COURT_ | OR | |
|---|---|---|
| | | s/ Elliot O. Jackson |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Isaac Foster
_____, who issues or requests this subpoena, are:

Elliot O. Jackson, Hedin LLP, 1395 Brickell Ave. Suite 610, Miami, FL 33131, ejackson@hedinllp.com, 305-357-2107

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-CV-02101

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

<u>DEFINITIONS</u>

1.      "**Action**" means or refers to Case No. 25-CV-02101, pending in the United States District Court for the Northern District of Illinois, which was commenced by Defendant's filing of a notice of removal on February 28, 2025.  A copy of the operative pleading is attached hereto as **Exhibit 1**.

1.      "**Communication**" means or refers to the transmission of information, facts, or ideas, including any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recordings, voicemail, e-mail message, telegram, computer files, computer disks, text (SMS) message, advertisement, or other form of exchange of words, whether oral or written. This includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or between Your employees.

2.      "**Defendant**" means or refers to Service Sanitation, Inc., the Defendant in the Action.

3.      "**Describe**" when used in relation to any process, policy, act, agreement, object or event means explain the process, policy, act, agreement, object or event in complete and reasonable detail, stating the time, date, and location, Identifying all Persons participating or present, and Identifying all Documents relating thereto.

4.      "**Document**" means or refers to any Communications, writings, memoranda or notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data compilations—including ESI—stored in any medium from which information can be

obtained.

5.     "**Electronically Stored Information**" or "**ESI**" means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape, or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

6.     "**Family Members**" means or refers to all individuals related by blood or law to the individual.

7.     "**Genetic Information**" means or refers to a Person's Genetic Tests, Genetic Tests of family members, the manifestation of a disease or disorder in family members of a Person, any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the Person or any family member of the Person.

8.     "**Genetic Test**" means or refers to any information that is obtained by an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, if the analysis detects genotypes, mutations, or chromosomal changes.

9.     "**Genetic Monitoring**" means or refers to the periodic examination of employees to evaluate acquired modifications to their genetic material, such as chromosomal damage or evidence of increased occurrence of mutations that may have developed in the course of employment due to exposure to toxic substances in the workplace in order to identify, evaluate, and respond to effects of or control adverse environmental exposures in the workplace.

10.     "**GIPA**" means or refers to the Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*.

11.     "**Identify**" means:

    a.     <u>For natural persons</u>: Provide the Person's full name, current business title and address, business and personal telephone numbers, last

2

known home address, city of residence, and a summary of their relevant knowledge. Include where and how the knowledge was obtained, whether it was discussed with You, when those discussions occurred, who participated, and the substance of the discussions.

      b.    <u>For entities</u>: Provide the entity's full legal name, last known address(es), telephone number, and organizational form (e.g., corporation, partnership, joint venture).

      c.    <u>For acts or events</u>: Describe in detail the act or event, including the date, time, location, and the Persons or entities involved.

      d.    <u>For documents</u>: State the type of document (e.g., letter, memorandum, email), its author(s), addressee(s) or recipient(s), title or subject matter, last known custodian or location, and date. If already produced, reference its production number; if not produced, provide the information and produce it pursuant to Fed. R. Civ. P. 34. and to Identify its last known custodian or location.

      e.    <u>For oral communications</u>: State the date, time, place, and method (e.g., phone call, in-person meeting), identify all participants and any Persons who overheard it, and provide a detailed summary of the communication's content.

12.    "**Medical Examination**" means any pre-employment or post-employment medical examination, interview, or other similar procedure performed on Defendant's employee in Illinois or an applicant for employment with Defendant in Illinois.

13.    "**Medically Examined Person**" means any of Defendant's employees or any Person who applied for employment with Defendant who underwent any medical examination, interview, or other similar procedure performed by or on behalf of Defendant in Illinois.

14.    "**Plaintiff**" means or refers to Isaac Foster, the Plaintiff in the Action.

15.    "**Person**" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

2.    "**You**" and "**Your**" as used herein shall refer to Abbott Laboratories, Inc. and any of its parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities.

## **INSTRUCTIONS**

1.      Unless otherwise specified, the relevant time period for each request below is January 21, 2020, through the present, unless otherwise specifically indicated, and shall include all Documents, Communications, and ESI that relate to such period, even if prepared or published before then. If a Document, Communication, or ESI prepared or published before this period is necessary for a correct or complete understanding of any Document, Communication, or ESI responsive to a request, you must produce the earlier Document, Communication, or ESI as well. If any Document, Communication, or ESI is undated and the date of its preparation or publication cannot be determined, the Document, Communication, or ESI shall be produced if otherwise responsive to a request.

2.      Documents shall be produced in the manner and order in which they appear in Your files, and shall not be shuffled or otherwise rearranged. Documents that were, in their original condition, stapled, clipped, or otherwise fastened together shall be produced in such form.

3.      For any objection grounded on a privilege or immunity, set forth the facts and supporting material, including, where necessary, a privilege log disclosing the general nature of what is being withheld and substantiating the basis of any claim of privilege or immunity, including:

> a. The name(s) of the author(s) of the document;
> b. The name(s) of the sender(s) of the document;
> c. The name(s) of the person(s) who received the document or to whom copies were sent or exhibited at any time;
> d. The name(s) of all persons presently having possession of the document or a copy thereof;
> e. A brief description of the nature and subject matter of the document; and
> f. The privilege asserted and the statute, rule, decision, or other basis that is claimed to give rise to the privilege.

4.  If no documents exist that are responsive to any request to identify or to produce, so state.

## DOCUMENT REQUESTS

1.      All Documents, Communications and ESI Concerning Plaintiff.

2.      All agreements, contracts, statements of work, and the like (and all exhibits and schedules and the like thereto) between You and Defendant.

3.      All Documents (Standard Forms, Notes, Writings, etc.) used for the coordination, performance, execution, or scheduling of Medical Examinations.

4.      All Documents, Communications, and ESI exchanged between You and Defendant (or any third party on their   behalf) Concerning the coordination,   performance,   execution,   or scheduling of Medical Examinations.

5.      All Documents, Communications, and ESI that You have sent to or received from Defendant (or any third party on their behalf) Concerning the Action.

6.      All Documents, Communications, and ESI Concerning any and all complaints, inquiries,  or  concerns  received  Concerning the coordination,  performance,  execution,  or scheduling of Medical Examinations by Defendant (or another third party on their behalf).

7.      All Documents, Communications, and ESI Concerning Your policies of retention Concerning any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

8.      All Documents, Communications, and ESI Concerning the destruction or deletion of any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

9.      Documents, Communications, and ESI sufficient to Identify the total number of Medically Examined Persons for whom You coordinated, performed, executed, or scheduled Medical Examinations on behalf of Defendant.

10.     Without temporal restriction, all Communications between You and Defendant relating to Medical Examinations or Medically Examined Persons, including Communications describing what information would be or has been collected, stored, recorded, or examined.

11.     Without temporal restriction, Documents sufficient to Identify Your Role in, and the period of time that You participated in that role, the coordination, performance, execution, or scheduling of Medical Examinations (including any changes to the scope of work or performance).

12.     Documents sufficient to Identify the total number of Medically Examined Persons who underwent Medical Examinations coordinated or conducted by You.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | | |
|---|---|---|
| Isaac Foster | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:25-CV-02101 |
| | ) | |
| Service Sanitation, Inc. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
eScreen, Inc.
c/o CT CORPORATION SYSTEM
334 North Senate Avenue, Indianapolis, IN, 46204, USA

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.

| Place: Veritext<br>111 Monument Circle, Suite 4350,<br>Indianapolis, IN 4620 | Date and Time:<br><br>10/28/2025 at 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/09/2025

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| | | s/ Elliot O. Jackson |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Isaac Foster
_____, who issues or requests this subpoena, are:

Elliot O. Jackson, Hedin LLP, 1395 Brickell Ave. Suite 610, Miami, FL 33131, ejackson@hedinllp.com, 305-357-2107

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-CV-02101

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

<u>DEFINITIONS</u>

1. "**Action**" means or refers to Case No. 25-CV-02101, pending in the United States District Court for the Northern District of Illinois, which was commenced by Defendant's filing of a notice of removal on February 28, 2025. A copy of the operative pleading is attached hereto as **Exhibit 1**.

1. "**Communication**" means or refers to the transmission of information, facts, or ideas, including any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recordings, voicemail, e-mail message, telegram, computer files, computer disks, text (SMS) message, advertisement, or other form of exchange of words, whether oral or written. This includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or between Your employees.

2. "**Defendant**" means or refers to Service Sanitation, Inc., the Defendant in the Action.

3. "**Describe**" when used in relation to any process, policy, act, agreement, object or event means explain the process, policy, act, agreement, object or event in complete and reasonable detail, stating the time, date, and location, Identifying all Persons participating or present, and Identifying all Documents relating thereto.

4. "**Document**" means or refers to any Communications, writings, memoranda or notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data compilations—including ESI—stored in any medium from which information can be

obtained.

5.     "**Electronically Stored Information**" or "**ESI**" means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape, or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

6.     "**Family Members**" means or refers to all individuals related by blood or law to the individual.

7.     "**Genetic Information**" means or refers to a Person's Genetic Tests, Genetic Tests of family members, the manifestation of a disease or disorder in family members of a Person, any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the Person or any family member of the Person.

8.     "**Genetic Test**" means or refers to any information that is obtained by an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, if the analysis detects genotypes, mutations, or chromosomal changes.

9.     "**Genetic Monitoring**" means or refers to the periodic examination of employees to evaluate acquired modifications to their genetic material, such as chromosomal damage or evidence of increased occurrence of mutations that may have developed in the course of employment due to exposure to toxic substances in the workplace in order to identify, evaluate, and respond to effects of or control adverse environmental exposures in the workplace.

10.    "**GIPA**" means or refers to the Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*.

11.    "**Identify**" means:

       a.     <u>For natural persons</u>: Provide the Person's full name, current business title and address, business and personal telephone numbers, last

2

known home address, city of residence, and a summary of their relevant knowledge. Include where and how the knowledge was obtained, whether it was discussed with You, when those discussions occurred, who participated, and the substance of the discussions.

      b.    <u>For entities</u>: Provide the entity's full legal name, last known address(es), telephone number, and organizational form (e.g., corporation, partnership, joint venture).

      c.    <u>For acts or events</u>: Describe in detail the act or event, including the date, time, location, and the Persons or entities involved.

      d.    <u>For documents</u>: State the type of document (e.g., letter, memorandum, email), its author(s), addressee(s) or recipient(s), title or subject matter, last known custodian or location, and date. If already produced, reference its production number; if not produced, provide the information and produce it pursuant to Fed. R. Civ. P. 34. and to Identify its last known custodian or location.

      e.    <u>For oral communications</u>: State the date, time, place, and method (e.g., phone call, in-person meeting), identify all participants and any Persons who overheard it, and provide a detailed summary of the communication's content.

12.    "**Medical Examination**" means any pre-employment or post-employment medical examination, interview, or other similar procedure performed on Defendant's employee in Illinois or an applicant for employment with Defendant in Illinois.

13.    "**Medically Examined Person**" means any of Defendant's employees or any Person who applied for employment with Defendant who underwent any medical examination, interview, or other similar procedure performed by or on behalf of Defendant in Illinois.

14.    "**Plaintiff**" means or refers to Isaac Foster, the Plaintiff in the Action.

15.    "**Person**" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

2.    "**You**" and "**Your**" as used herein shall refer to eScreen, Inc. and any of its parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities.

3

## INSTRUCTIONS

1.      Unless otherwise specified, the relevant time period for each request below is January 21, 2020, through the present, unless otherwise specifically indicated, and shall include all Documents, Communications, and ESI that relate to such period, even if prepared or published before then. If a Document, Communication, or ESI prepared or published before this period is necessary for a correct or complete understanding of any Document, Communication, or ESI responsive to a request, you must produce the earlier Document, Communication, or ESI as well. If any Document, Communication, or ESI is undated and the date of its preparation or publication cannot be determined, the Document, Communication, or ESI shall be produced if otherwise responsive to a request.

2.      Documents shall be produced in the manner and order in which they appear in Your files, and shall not be shuffled or otherwise rearranged. Documents that were, in their original condition, stapled, clipped, or otherwise fastened together shall be produced in such form.

3.      For any objection grounded on a privilege or immunity, set forth the facts and supporting material, including, where necessary, a privilege log disclosing the general nature of what is being withheld and substantiating the basis of any claim of privilege or immunity, including:

   a. The name(s) of the author(s) of the document;
   b. The name(s) of the sender(s) of the document;
   c. The name(s) of the person(s) who received the document or to whom copies were sent or exhibited at any time;
   d. The name(s) of all persons presently having possession of the document or a copy thereof;
   e. A brief description of the nature and subject matter of the document; and
   f. The privilege asserted and the statute, rule, decision, or other basis that is claimed to give rise to the privilege.

4.  If no documents exist that are responsive to any request to identify or to produce, so state.

## <u>DOCUMENT REQUESTS</u>

1.      All Documents, Communications and ESI Concerning Plaintiff.

2.      All agreements, contracts, statements of work, and the like (and all exhibits and schedules and the like thereto) between You and Defendant.

3.      All Documents (Standard Forms, Notes, Writings, etc.) used for the coordination, performance, execution, or scheduling of Medical Examinations.

4.      All Documents, Communications, and ESI exchanged between You and Defendant (or any third party on their   behalf) Concerning the coordination,   performance,   execution,   or scheduling of Medical Examinations.

5.      All Documents, Communications, and ESI that You have sent to or received from Defendant (or any third party on their behalf) Concerning the Action.

6.      All Documents, Communications, and ESI Concerning any and all complaints, inquiries,  or  concerns  received  Concerning the coordination,  performance,  execution,  or scheduling of Medical Examinations by Defendant (or another third party on their behalf).

7.      All Documents, Communications, and ESI Concerning Your policies of retention Concerning any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

8.      All Documents, Communications, and ESI Concerning the destruction or deletion of any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

9.      Documents, Communications, and ESI sufficient to Identify the total number of Medically Examined Persons for whom You coordinated, performed, executed, or scheduled Medical Examinations on behalf of Defendant.

10.     Without temporal restriction, all Communications between You and Defendant relating to Medical Examinations or Medically Examined Persons, including Communications describing what information would be or has been collected, stored, recorded, or examined.

11.     Without temporal restriction, Documents sufficient to Identify Your Role in, and the period of time that You participated in that role, the coordination, performance, execution, or scheduling of Medical Examinations (including any changes to the scope of work or performance).

12.     Documents sufficient to Identify the total number of Medically Examined Persons who underwent Medical Examinations coordinated or conducted by You.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Isaac Foster | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-CV-02101 |
| Service Sanitation, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

1 Source OHS, LLC
c/o CORPORATION SERVICE COMPANY
135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204, USA

To:

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.

| Place: Veritext<br>111 Monument Circle Suite 4350<br>Indianapolis, IN 46204 | Date and Time:<br>10/28/2025 at 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/09/2025

*CLERK OF COURT*

OR

s/ Elliot O. Jackson

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Isaac Foster
_____ , who issues or requests this subpoena, are:

Elliot O. Jackson, Hedin LLP, 1395 Brickell Ave. Suite 610, Miami, FL 33131, ejackson@hedinllp.com, 305-357-2107

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:25-CV-02101

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $          0          .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                                    *Server's signature*

                                                                  _____
                                                                                    *Printed name and title*

                                                                  _____
                                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

DEFINITIONS

1.      "**Action**" means or refers to Case No. 25-CV-02101, pending in the United States District Court for the Northern District of Illinois, which was commenced by Defendant's filing of a notice of removal on February 28, 2025.  A copy of the operative pleading is attached hereto as **Exhibit 1**.

1.      "**Communication**" means or refers to the transmission of information, facts, or ideas, including any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recordings, voicemail, e-mail message, telegram, computer files, computer disks, text (SMS) message, advertisement, or other form of exchange of words, whether oral or written. This includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or between Your employees.

2.      "**Defendant**" means or refers to Service Sanitation, Inc., the Defendant in the Action.

3.      "**Describe**" when used in relation to any process, policy, act, agreement, object or event means explain the process, policy, act, agreement, object or event in complete and reasonable detail, stating the time, date, and location, Identifying all Persons participating or present, and Identifying all Documents relating thereto.

4.      "**Document**" means or refers to any Communications, writings, memoranda or notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data compilations—including ESI—stored in any medium from which information can be

obtained.

5.     "**Electronically Stored Information**" or "**ESI**" means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape, or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

6.     "**Family Members**" means or refers to all individuals related by blood or law to the individual.

7.     "**Genetic Information**" means or refers to a Person's Genetic Tests, Genetic Tests of family members, the manifestation of a disease or disorder in family members of a Person, any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the Person or any family member of the Person.

8.     "**Genetic Test**" means or refers to any information that is obtained by an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, if the analysis detects genotypes, mutations, or chromosomal changes.

9.     "**Genetic Monitoring**" means or refers to the periodic examination of employees to evaluate acquired modifications to their genetic material, such as chromosomal damage or evidence of increased occurrence of mutations that may have developed in the course of employment due to exposure to toxic substances in the workplace in order to identify, evaluate, and respond to effects of or control adverse environmental exposures in the workplace.

10.    "**GIPA**" means or refers to the Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*.

11.    "**Identify**" means:

         a.     <u>For natural persons</u>: Provide the Person's full name, current business title and address, business and personal telephone numbers, last

2

known home address, city of residence, and a summary of their relevant knowledge. Include where and how the knowledge was obtained, whether it was discussed with You, when those discussions occurred, who participated, and the substance of the discussions.

      b.  <u>For entities</u>: Provide the entity's full legal name, last known address(es), telephone number, and organizational form (e.g., corporation, partnership, joint venture).

      c.  <u>For acts or events</u>: Describe in detail the act or event, including the date, time, location, and the Persons or entities involved.

      d.  <u>For documents</u>: State the type of document (e.g., letter, memorandum, email), its author(s), addressee(s) or recipient(s), title or subject matter, last known custodian or location, and date. If already produced, reference its production number; if not produced, provide the information and produce it pursuant to Fed. R. Civ. P. 34. and to Identify its last known custodian or location.

      e.  <u>For oral communications</u>: State the date, time, place, and method (e.g., phone call, in-person meeting), identify all participants and any Persons who overheard it, and provide a detailed summary of the communication's content.

12.    "**Medical Examination**" means any pre-employment or post-employment medical examination, interview, or other similar procedure performed on Defendant's employee in Illinois or an applicant for employment with Defendant in Illinois.

13.    "**Medically Examined Person**" means any of Defendant's employees or any Person who applied for employment with Defendant who underwent any medical examination, interview, or other similar procedure performed by or on behalf of Defendant in Illinois.

14.    "**Plaintiff**" means or refers to Isaac Foster, the Plaintiff in the Action.

15.    "**Person**" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

2.    "**You**" and "**Your**" as used herein shall refer to 1 Source OHS, LLC and any of its parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities.

## <u>INSTRUCTIONS</u>

1.     Unless otherwise specified, the relevant time period for each request below is January 21, 2020, through the present, unless otherwise specifically indicated, and shall include all Documents, Communications, and ESI that relate to such period, even if prepared or published before then. If a Document, Communication, or ESI prepared or published before this period is necessary for a correct or complete understanding of any Document, Communication, or ESI responsive to a request, you must produce the earlier Document, Communication, or ESI as well. If any Document, Communication, or ESI is undated and the date of its preparation or publication cannot be determined, the Document, Communication, or ESI shall be produced if otherwise responsive to a request.

2.     Documents shall be produced in the manner and order in which they appear in Your files, and shall not be shuffled or otherwise rearranged. Documents that were, in their original condition, stapled, clipped, or otherwise fastened together shall be produced in such form.

3.     For any objection grounded on a privilege or immunity, set forth the facts and supporting material, including, where necessary, a privilege log disclosing the general nature of what is being withheld and substantiating the basis of any claim of privilege or immunity, including:

    a. The name(s) of the author(s) of the document;
    b. The name(s) of the sender(s) of the document;
    c. The name(s) of the person(s) who received the document or to whom copies were sent or exhibited at any time;
    d. The name(s) of all persons presently having possession of the document or a copy thereof;
    e. A brief description of the nature and subject matter of the document; and
    f. The privilege asserted and the statute, rule, decision, or other basis that is claimed to give rise to the privilege.

4.  If no documents exist that are responsive to any request to identify or to produce, so state.

## DOCUMENT REQUESTS

1.      All Documents, Communications and ESI Concerning Plaintiff.

2.      All agreements, contracts, statements of work, and the like (and all exhibits and schedules and the like thereto) between You and Defendant.

3.      All Documents (Standard Forms, Notes, Writings, etc.) used for the coordination, performance, execution, or scheduling of Medical Examinations.

4.      All Documents, Communications, and ESI exchanged between You and Defendant (or any third party on their   behalf) Concerning the coordination,   performance,   execution,   or scheduling of Medical Examinations.

5.      All Documents, Communications, and ESI that You have sent to or received from Defendant (or any third party on their behalf) Concerning the Action.

6.      All Documents, Communications, and ESI Concerning any and all complaints, inquiries,  or  concerns  received  Concerning the coordination,  performance,  execution,  or scheduling of Medical Examinations by Defendant (or another third party on their behalf).

7.      All Documents, Communications, and ESI Concerning Your policies of retention Concerning any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

8.      All Documents, Communications, and ESI Concerning the destruction or deletion of any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

9.      Documents, Communications, and ESI sufficient to Identify the total number of Medically Examined Persons for whom You coordinated, performed, executed, or scheduled Medical Examinations on behalf of Defendant.

10.     Without temporal restriction, all Communications between You and Defendant relating to Medical Examinations or Medically Examined Persons, including Communications describing what information would be or has been collected, stored, recorded, or examined.

11.     Without temporal restriction, Documents sufficient to Identify Your Role in, and the period of time that You participated in that role, the coordination, performance, execution, or scheduling of Medical Examinations (including any changes to the scope of work or performance).

12.     Documents sufficient to Identify the total number of Medically Examined Persons who underwent Medical Examinations coordinated or conducted by You.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| Isaac Foster | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:25-CV-02101 |
| | ) | |
| Service Sanitation, Inc. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  Examinetics, Inc.
                    10561 Barkley St Suite 400 Overland Park, KS 66212 USA
_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See Schedule A.

| Place: Veritext<br>317 6th Avenue Suite 200<br>Des Moines, IA 50309 | Date and Time:<br><br>10/28/2025 at 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/09/2025

        _CLERK OF COURT_
                                                          OR
                                                          s/ Elliot O. Jackson
      _Signature of Clerk or Deputy Clerk_                      _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Isaac Foster
_____ , who issues or requests this subpoena, are:

Elliot O. Jackson, Hedin LLP, 1395 Brickell Ave. Suite 610, Miami, FL 33131, ejackson@hedinllp.com, 305-357-2107

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-CV-02101

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment          Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

<u>DEFINITIONS</u>

1.      "**Action**" means or refers to Case No. 25-CV-02101, pending in the United States District Court for the Northern District of Illinois, which was commenced by Defendant's filing of a notice of removal on February 28, 2025.  A copy of the operative pleading is attached hereto as **Exhibit 1**.

1.      "**Communication**" means or refers to the transmission of information, facts, or ideas, including any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recordings, voicemail, e-mail message, telegram, computer files, computer disks, text (SMS) message, advertisement, or other form of exchange of words, whether oral or written. This includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or between Your employees.

2.      "**Defendant**" means or refers to Service Sanitation, Inc., the Defendant in the Action.

3.      "**Describe**" when used in relation to any process, policy, act, agreement, object or event means explain the process, policy, act, agreement, object or event in complete and reasonable detail, stating the time, date, and location, Identifying all Persons participating or present, and Identifying all Documents relating thereto.

4.      "**Document**" means or refers to any Communications, writings, memoranda or notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data compilations—including ESI—stored in any medium from which information can be

obtained.

5. "**Electronically Stored Information**" or "**ESI**" means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape, or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

6. "**Family Members**" means or refers to all individuals related by blood or law to the individual.

7. "**Genetic Information**" means or refers to a Person's Genetic Tests, Genetic Tests of family members, the manifestation of a disease or disorder in family members of a Person, any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the Person or any family member of the Person.

8. "**Genetic Test**" means or refers to any information that is obtained by an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, if the analysis detects genotypes, mutations, or chromosomal changes.

9. "**Genetic Monitoring**" means or refers to the periodic examination of employees to evaluate acquired modifications to their genetic material, such as chromosomal damage or evidence of increased occurrence of mutations that may have developed in the course of employment due to exposure to toxic substances in the workplace in order to identify, evaluate, and respond to effects of or control adverse environmental exposures in the workplace.

10. "**GIPA**" means or refers to the Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*.

11. "**Identify**" means:

    a. <u>For natural persons</u>: Provide the Person's full name, current business title and address, business and personal telephone numbers, last

known home address, city of residence, and a summary of their relevant knowledge. Include where and how the knowledge was obtained, whether it was discussed with You, when those discussions occurred, who participated, and the substance of the discussions.

      b.   <u>For entities</u>: Provide the entity's full legal name, last known address(es), telephone number, and organizational form (e.g., corporation, partnership, joint venture).

      c.   <u>For acts or events</u>: Describe in detail the act or event, including the date, time, location, and the Persons or entities involved.

      d.   <u>For documents</u>: State the type of document (e.g., letter, memorandum, email), its author(s), addressee(s) or recipient(s), title or subject matter, last known custodian or location, and date. If already produced, reference its production number; if not produced, provide the information and produce it pursuant to Fed. R. Civ. P. 34. and to Identify its last known custodian or location.

      e.   <u>For oral communications</u>: State the date, time, place, and method (e.g., phone call, in-person meeting), identify all participants and any Persons who overheard it, and provide a detailed summary of the communication's content.

12.    "**Medical Examination**" means any pre-employment or post-employment medical examination, interview, or other similar procedure performed on Defendant's employee in Illinois or an applicant for employment with Defendant in Illinois.

13.    "**Medically Examined Person**" means any of Defendant's employees or any Person who applied for employment with Defendant who underwent any medical examination, interview, or other similar procedure performed by or on behalf of Defendant in Illinois.

14.    "**Plaintiff**" means or refers to Isaac Foster, the Plaintiff in the Action.

15.    "**Person**" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

2.    "**You**" and "**Your**" as used herein shall refer to Examinetics, Inc. and any of its parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities.

## **INSTRUCTIONS**

1.      Unless otherwise specified, the relevant time period for each request below is January 21, 2020, through the present, unless otherwise specifically indicated, and shall include all Documents, Communications, and ESI that relate to such period, even if prepared or published before then. If a Document, Communication, or ESI prepared or published before this period is necessary for a correct or complete understanding of any Document, Communication, or ESI responsive to a request, you must produce the earlier Document, Communication, or ESI as well. If any Document, Communication, or ESI is undated and the date of its preparation or publication cannot be determined, the Document, Communication, or ESI shall be produced if otherwise responsive to a request.

2.      Documents shall be produced in the manner and order in which they appear in Your files, and shall not be shuffled or otherwise rearranged. Documents that were, in their original condition, stapled, clipped, or otherwise fastened together shall be produced in such form.

3.      For any objection grounded on a privilege or immunity, set forth the facts and supporting material, including, where necessary, a privilege log disclosing the general nature of what is being withheld and substantiating the basis of any claim of privilege or immunity, including:

> a. The name(s) of the author(s) of the document;
> b. The name(s) of the sender(s) of the document;
> c. The name(s) of the person(s) who received the document or to whom copies were sent or exhibited at any time;
> d. The name(s) of all persons presently having possession of the document or a copy thereof;
> e. A brief description of the nature and subject matter of the document; and
> f. The privilege asserted and the statute, rule, decision, or other basis that is claimed to give rise to the privilege.

4.  If no documents exist that are responsive to any request to identify or to produce, so state.

## DOCUMENT REQUESTS

1.      All Documents, Communications and ESI Concerning Plaintiff.

2.      All agreements, contracts, statements of work, and the like (and all exhibits and schedules and the like thereto) between You and Defendant.

3.      All Documents (Standard Forms, Notes, Writings, etc.) used for the coordination, performance, execution, or scheduling of Medical Examinations.

4.      All Documents, Communications, and ESI exchanged between You and Defendant (or any third party on their   behalf) Concerning the coordination,   performance,   execution,   or scheduling of Medical Examinations.

5.      All Documents, Communications, and ESI that You have sent to or received from Defendant (or any third party on their behalf) Concerning the Action.

6.      All Documents, Communications, and ESI Concerning any and all complaints, inquiries,   or   concerns   received   Concerning the coordination,   performance,   execution,   or scheduling of Medical Examinations by Defendant (or another third party on their behalf).

7.      All Documents, Communications, and ESI Concerning Your policies of retention Concerning any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

8.      All Documents, Communications, and ESI Concerning the destruction or deletion of any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

9.      Documents, Communications, and ESI sufficient to Identify the total number of Medically Examined Persons for whom You coordinated, performed, executed, or scheduled Medical Examinations on behalf of Defendant.

10.     Without temporal restriction, all Communications between You and Defendant relating to Medical Examinations or Medically Examined Persons, including Communications describing what information would be or has been collected, stored, recorded, or examined.

11.     Without temporal restriction, Documents sufficient to Identify Your Role in, and the period of time that You participated in that role, the coordination, performance, execution, or scheduling of Medical Examinations (including any changes to the scope of work or performance).

12.     Documents sufficient to Identify the total number of Medically Examined Persons who underwent Medical Examinations coordinated or conducted by You.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Isaac Foster | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 25-CV-02101 |
| | ) |
| Service Sanitation, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                      Creative Rehab, Inc.
Attn: Nicole Harju, CEO, 495 N IL Route 21, Suite #101, Gurnee, IL 60031

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.

| Place: Veritext<br>1 N Franklin Suite 2100 Chicago, IL 60606 | Date and Time:<br><br>11/10/2025 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        10/20/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elliot O. Jackson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Isaac Foster
_____ , who issues or requests this subpoena, are:

Elliot Jackson, Hedin LLP 1395 Brickell Ave. Suite 610, Miami, Florida 33131, ejackson@hedinllp.com, 305-357-2107

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 25-CV-02101

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

[ Print ]    [ Save As... ]    [ Add Attachment ]          [ Reset ]

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

<u>DEFINITIONS</u>

1.      "**Action**" means or refers to Case No. 25-CV-02101, pending in the United States District Court for the Northern District of Illinois, which was commenced by Defendant's filing of a notice of removal on February 28, 2025.  A copy of the operative pleading is attached hereto as **Exhibit 1**.

1.      "**Communication**" means or refers to the transmission of information, facts, or ideas, including any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recordings, voicemail, e-mail message, telegram, computer files, computer disks, text (SMS) message, advertisement, or other form of exchange of words, whether oral or written. This includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or between Your employees.

2.      "**Defendant**" means or refers to Service Sanitation, Inc., the Defendant in the Action.

3.      "**Describe**" when used in relation to any process, policy, act, agreement, object or event means explain the process, policy, act, agreement, object or event in complete and reasonable detail, stating the time, date, and location, Identifying all Persons participating or present, and Identifying all Documents relating thereto.

4.      "**Document**" means or refers to any Communications, writings, memoranda or notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data compilations—including ESI—stored in any medium from which information can be

obtained.

5.       **"Electronically Stored Information"** or **"ESI"** means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape, or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

6.       **"Family Members"** means or refers to all individuals related by blood or law to the individual.

7.       **"Genetic Information"** means or refers to a Person's Genetic Tests, Genetic Tests of family members, the manifestation of a disease or disorder in family members of a Person, any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the Person or any family member of the Person.

8.       **"Genetic Test"** means or refers to any information that is obtained by an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, if the analysis detects genotypes, mutations, or chromosomal changes.

9.       **"Genetic Monitoring"** means or refers to the periodic examination of employees to evaluate acquired modifications to their genetic material, such as chromosomal damage or evidence of increased occurrence of mutations that may have developed in the course of employment due to exposure to toxic substances in the workplace in order to identify, evaluate, and respond to effects of or control adverse environmental exposures in the workplace.

10.     **"GIPA"** means or refers to the Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*

11.     **"Identify"** means:

        a.    For natural persons: Provide the Person's full name, current business title and address, business and personal telephone numbers, last

known home address, city of residence, and a summary of their relevant knowledge. Include where and how the knowledge was obtained, whether it was discussed with You, when those discussions occurred, who participated, and the substance of the discussions.

  b. <u>For entities</u>: Provide the entity's full legal name, last known address(es), telephone number, and organizational form (e.g., corporation, partnership, joint venture).

  c. <u>For acts or events</u>: Describe in detail the act or event, including the date, time, location, and the Persons or entities involved.

  d. <u>For documents</u>: State the type of document (e.g., letter, memorandum, email), its author(s), addressee(s) or recipient(s), title or subject matter, last known custodian or location, and date. If already produced, reference its production number; if not produced, provide the information and produce it pursuant to Fed. R. Civ. P. 34. and to Identify its last known custodian or location.

  e. <u>For oral communications</u>: State the date, time, place, and method (e.g., phone call, in-person meeting), identify all participants and any Persons who overheard it, and provide a detailed summary of the communication's content.

12. "**Medical Examination**" means any pre-employment or post-employment medical examination, interview, or other similar procedure performed on Defendant's employee in Illinois or an applicant for employment with Defendant in Illinois.

13. "**Medically Examined Person**" means any of Defendant's employees or any Person who applied for employment with Defendant who underwent any medical examination, interview, or other similar procedure performed by or on behalf of Defendant in Illinois.

14. "**Plaintiff**" means or refers to Isaac Foster, the Plaintiff in the Action.

15. "**Person**" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

2. "**You**" and "**Your**" as used herein shall refer to Creative Rehab, Inc., and any of its parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities.

## INSTRUCTIONS

1.      Unless otherwise specified, the relevant time period for each request below is January 21, 2020, through the present, unless otherwise specifically indicated, and shall include all Documents, Communications, and ESI that relate to such period, even if prepared or published before then. If a Document, Communication, or ESI prepared or published before this period is necessary for a correct or complete understanding of any Document, Communication, or ESI responsive to a request, you must produce the earlier Document, Communication, or ESI as well. If any Document, Communication, or ESI is undated and the date of its preparation or publication cannot be determined, the Document, Communication, or ESI shall be produced if otherwise responsive to a request.

2.      Documents shall be produced in the manner and order in which they appear in Your files, and shall not be shuffled or otherwise rearranged. Documents that were, in their original condition, stapled, clipped, or otherwise fastened together shall be produced in such form.

3.      For any objection grounded on a privilege or immunity, set forth the facts and supporting material, including, where necessary, a privilege log disclosing the general nature of what is being withheld and substantiating the basis of any claim of privilege or immunity, including:

> a. The name(s) of the author(s) of the document;
> b. The name(s) of the sender(s) of the document;
> c. The name(s) of the person(s) who received the document or to whom copies were sent or exhibited at any time;
> d. The name(s) of all persons presently having possession of the document or a copy thereof;
> e. A brief description of the nature and subject matter of the document; and
> f. The privilege asserted and the statute, rule, decision, or other basis that is claimed to give rise to the privilege.

4.   If no documents exist that are responsive to any request to identify or to produce, so state.

## DOCUMENT REQUESTS

1.     All Documents, Communications and ESI Concerning Plaintiff.

2.     All agreements, contracts, statements of work, and the like (and all exhibits and schedules and the like thereto) between You and Defendant.

3.     All Documents (Standard Forms, Notes, Writings, etc.) used for the coordination, performance, execution, or scheduling of Medical Examinations.

4.     All Documents, Communications, and ESI exchanged between You and Defendant (or any third party on their   behalf) Concerning the coordination,   performance,   execution,   or scheduling of Medical Examinations.

5.     All Documents, Communications, and ESI that You have sent to or received from Defendant (or any third party on their behalf) Concerning the Action.

6.     All Documents, Communications, and ESI Concerning any and all complaints, inquiries,   or   concerns   received   Concerning the coordination,   performance,   execution,   or scheduling of Medical Examinations by Defendant (or another third party on their behalf).

7.     All Documents, Communications, and ESI Concerning Your policies of retention Concerning any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

8.     All Documents, Communications, and ESI Concerning the destruction or deletion of any Documents, Communications, or ESI sought in this subpoena or that otherwise concern the Action.

9.     Documents, Communications, and ESI sufficient to Identify the total number of Medically Examined Persons for whom You coordinated, performed, executed, or scheduled Medical Examinations on behalf of Defendant.

10.     Without temporal restriction, all Communications between You and Defendant relating to Medical Examinations or Medically Examined Persons, including Communications describing what information would be or has been collected, stored, recorded, or examined.

11.     Without temporal restriction, Documents sufficient to Identify Your Role in, and the period of time that You participated in that role, the coordination, performance, execution, or scheduling of Medical Examinations (including any changes to the scope of work or performance).

12.     Documents sufficient to Identify the total number of Medically Examined Persons who underwent Medical Examinations coordinated or conducted by You.