EXHIBIT B

| | |
|---|---|
| **From:** | Frank Hedin |
| **To:** | Clark, Gary R. |
| **Cc:** | Elliot Jackson; Shastri, Rucha L.; Hartstein, Brian A.; Carl Malmstrom; Erin Arribas |
| **Subject:** | Re: Foster v. Service Sanitation: Plaintiffs" First Set of Discovery Requests [QBLLP-ACTIVE.FID45291392] |
| **Date:** | Thursday, October 9, 2025 7:01:53 PM |

Gary, one other thing. If the companies that are the subject of these subpoenas have "no relationship to the case," as you say below, then how does your client have standing to object to the subpoenas?

Sent from my iPhone

> On Oct 9, 2025, at 7:57 PM, Frank Hedin <fhedin@hedinllp.com> wrote:

> Gary:
> Thanks for the email, but please knock it off with the aggression. You're not scaring anyone. We're not in any peril serving our subpoenas. There is no rule that we postpone serving the subpoenas simply because you say you object to them in an email. If you think there is, then point us to that rule.

> We are available to speak by phone about your objections to the subpoena, but the subpoenas are going to be sent out for formal service tomorrow. If you want to move to quash them, like the rules provide, go ahead and do that.

> We are of course willing to meet and confer with you on any topic; what is your availability like on Monday?

> Frank

> Sent from my iPhone

>> On Oct 9, 2025, at 1:07 PM, Clark, Gary R. <gary.clark@quarles.com> wrote:

>> How can we have a motion to quash on file if you sent the subpoenas over an hour ago? The reason the federal rules require you to give prior notice is to determine whether there is any objection to the subpoenas before serving them. We put you on notice of our objection and made a request to meet and confer. If you decide to serve the subpoenas anyways (or already served them without the requisite prior notice), you do so at your own peril.

We are requesting the meet and confer for several reasons, one of which is that several of the companies appear to have no relationship to this case.

<image001.png>

**Gary Clark | Partner**
gary.clark@quarles.com | D. 312-715-5040
Quarles & Brady LLP
155 North Wacker Drive, Suite 3200, Chicago, IL 60606
Bio | vCard | quarles.com | LinkedIn
Assistant: Mary Ann Tobar, 312-715-5224

---

**From:** Frank Hedin <fhedin@hedinllp.com>
**Sent:** Thursday, October 9, 2025 11:54 AM
**To:** Clark, Gary R. <gary.clark@quarles.com>
**Cc:** Elliot Jackson <ejackson@hedinllp.com>; Shastri, Rucha L. <rucha.shastri@quarles.com>; Hartstein, Brian A. <brian.hartstein@quarles.com>; Carl Malmstrom <malmstrom@whafh.com>; Erin Arribas <earribas@hedinllp.com>
**Subject:** Re: Foster v. Service Sanitation: Plaintiffs' First Set of Discovery Requests [QBLLP-ACTIVE.FID45291392]

Have you filed a motion to quash? The subpoenas are being served.
Sent from my iPhone

> On Oct 9, 2025, at 12:12 PM, Clark, Gary R. <gary.clark@quarles.com> wrote:
>
> Elliot:
>
> These subpoenas make no sense for this case, so we request a meet and confer to see if an agreement can be reached on the scope of the subpoenas or if we will need to move to quash.  The subpoenas should

not be served until any agreement is reached or motion to quash is resolved.

Related to this point, I was going to reach out for you this week about issuing subpoenas to 1Source and the clinic where Mr. Foster was tested for any records they have related to Mr. Foster. I have spoken with both 1Source and the clinic director, who are each wiling to provide a declaration or a witness for deposition on the following points: (i) there is no questionnaire or other document in the 1Source and clinic testing materials that requests family medical history; (ii) there is no medical examination that is part of the pre-hire testing process for employees like Mr. Foster; (iii) there is no aspect of the SSI testing protocol that involves a request for family medical history; and (iv) no such questions are asked as part of the SSI pre-hire testing process. As you know, the absence of any policy or practice of requesting such information is irreconcilable with any attempt to pursue this case on a class basis. My suggestion is that the parties initially focus on subpoenas to 1Source and the clinic on these issues and a declaration or deposition for them as well. At that point, you can make a decision regarding whether it makes sense for Plaintiff to continue this lawsuit.

<image001.png>
**Gary Clark | Partner**
gary.clark@quarles.com | D. 312-715-5040
Quarles & Brady LLP
155 North Wacker Drive, Suite 3200, Chicago, IL 60606
Bio | vCard | quarles.com | LinkedIn
Assistant: Mary Ann Tobar, 312-715-5224

**From:** Elliot Jackson <ejackson@hedinllp.com>
**Sent:** Thursday, October 9, 2025 10:29 AM
**To:** Shastri, Rucha L. <rucha.shastri@quarles.com>;
Hartstein, Brian A. <brian.hartstein@quarles.com>; Clark,
Gary R. <gary.clark@quarles.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>; Malmstrom, Carl
<malmstrom@whafh.com>; Erin Arribas
<earribas@hedinllp.com>
**Subject:** Foster v. Service Sanitation: Plaintiffs' First Set of
Discovery Requests

Good morning, counsel.

Please find Plaintiff's first set of discovery requests
attached to this email. Additionally, I have attached
the non-party subpoenas that Plaintiff intends to
serve pursuant to FRCP 45.

Best regards,

Elliot O. Jackson
Associate

<image004.png>
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801

NOTICE: This e-mail is from a law firm, Hedin LLP,
and is intended solely for the use of the individual(s) to
whom it is addressed. The e-mail may contain information
that is confidential and may be protected by the attorney-
client communications privilege and/or other applicable
privileges and/or exemptions and may constitute non-
public information. If you believe you received this e-mail
in error, please notify the sender immediately, delete the e-
mail entirely from your computer, and do not copy or
disclose the e-mail to anyone else. Unauthorized use,
dissemination, distribution, or reproduction of this
message is strictly prohibited and may be unlawful.

If you are not a current client of Hedin LLP, nothing in
this email serves to form an attorney-client relationship,