### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC FOSTER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>SERVICE SANITATION, INC.<br><br>      Defendant. | Case No.: 1:25-cv-02101<br><br>Judge: Hon. Sara Ellis |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

Plaintiff Isaac Foster, by and through undersigned counsel, submits this response in opposition to Defendant's Motion to Quash and/or for Protective Order. *See* Defendant's "Motion to Quash" ("Motion" or "Mot."), ECF No. 37.

### INTRODUCTION

Defendant Service Sanitation, Inc. ("Defendant" or "SSI") has moved to quash subpoenas issued to six non-parties, or in the alternative, for a protective order to prohibit the disclosure of certain categories of information requested therein. *See* ECF No. 37. The Motion fails on its face for three reasons.

First, the Motion should be denied because Defendant lacks standing to challenge the non-party subpoenas under any of the three grounds asserted: (1) that they are invalid under the federal Health Insurance Portability and Accountability Act ("HIPAA"); (2) that they are invalid under Illinois laws, such as 410 ILCS 50/3, 735 ILCS 5/8-2001, and 20 ILCS § 301/30-5; and (3) that they are disproportionate, unnecessary, burdensome, and not proportional. ECF No. 37, at 6–10. It is a well-established concept that "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *See Kessel v. Cook County,* No. 00 C 3980, 2002 WL 398506 at *1–2 (N.D. Ill. Mar. 13, 2002). Not a single argument asserted in the Motion comes

close to "asserting a personal right or privilege with regard to the documents" sought. Therefore, Defendant lacks standing and the Motion should be summarily denied.

Second, the Motion should be stricken because Defendant's counsel violated this Court's discovery procedures. Defendant unilaterally filed—depriving Plaintiff of the opportunity to see its arguments, prepare a response thereto, or even offer a compromise—a fourteen (14) page motion far exceeding the five (5) page limit and structural requirements outlined in this Court's discovery procedures.[1] The Motion violates the Court's discovery procedures as implemented by Local Rule 5.3(a). The Motion should be stricken with prejudice on this basis alone. *See e.g., Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC*, No. 06-C-305-C, 2007 WL 5312630, at *1 (W.D. Wis. Jan. 9, 2007).

Third, even if the Court considered Defendant's remaining arguments (which it should not), the Motion still fails because the discovery sought complies with Rule 26(b). There are two reasons for this. First, Defendant failed to inform this Court that Plaintiff consented to the negotiation of a qualified protective order two times before Defendant filed its Motion, which would be sufficient to protect patient privacy and comply with Illinois and Federal law. *See, e.g., Haywood v. Wexford Health Sources, Inc.*, No. 1:16-cv-03566, 2021 WL 2254968, at *6 (N.D. Ill. June 3, 2021) (collecting cases). Second, Defendant's proportionality arguments amount to an improper request for reconsideration because this Court did not bifurcate class and merits discovery in the Order denying the motion to dismiss or in the scheduling order—making any unilateral narrowing of discovery a violation of the Federal Rules of Civil Procedure. *See, e.g., Hossfeld v. Allstate Ins. Co.*, No. 20-CV-7091, 2021 WL 4819498, at *3 (N.D. Ill. Oct. 15, 2021) (rejecting a defendant's objection to class-wide discovery where discovery had not been bifurcated); *see also* ECF Nos. 33, 36.

---

[1] *See* https://www.ilnd.uscourts.gov/judge_display.php?LastName=Ellis

## BACKGROUND

Plaintiff Isaac Foster commenced this putative class action against Defendant as a result of its violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, et seq. ("GIPA"). *See* ECF No. 1-1. On March 31, 2025, Defendant filed a motion to dismiss, which alternatively sought to strike the nationwide class allegations. *See* ECF No. 14. On August 14, 2025, the Court entered an Order denying Defendant's motion in its entirety. *See* ECF No. 33. That Order concluded with the following sentence: "Therefore, the Court does not find it appropriate to strike the nationwide class allegations and will allow Foster to proceed to discovery on them." *See id.* On September 2, 2025, the Court entered a scheduling order that did not bifurcate discovery. *See* ECF No. 36.

On October 9, 2025, Plaintiff provided notice to Defendant that subpoenas were soon to be served on five non-parties pursuant to Federal Rule of Civil Procedure 45. *See* ECF No. 37-2, at 5. The five non-parties are reflected in the following table:

| Non-Party Subpoenas Issued by Plaintiff's Counsel on October 9, 2025 | | |
|---|---|---|
| **Non-Party Name** | **Relationship to Case** | **Status** |
| eScreen, Inc. | Company that received and tested Plaintiff's drug screen sample. | Active |
| Abbott Laboratories, Inc. | Parent company to eScreen, Inc. | Withdrawn[2] |
| 1 Source OHS, LLC | Company listed on the Medical Procedure Summary for Plaintiff | Active |
| Examinetics, Inc. | Parent company that acquired 1 Source OHS, LLC during the statutory period. | Active |
| Lake County Immediate Care, LLC d/b/a PromptMed Urgent Care | Facility that treated Plaintiff and performed a drug screening on Defendant's behalf | Active |

On October 13, 2025, the Parties held a telephonic meet-and-confer regarding the nature and scope of the subpoenas. A true and accurate copy of the Email Thread between Counsel for the Parties is attached hereto as **Exhibit A**. The Motion further omits all email communications between counsel from October 20, 2025 through October 21, 2025, which include that Plaintiff's counsel attempted twice to negotiate entry of a HIPAA-qualified protective order before Defendant filed its Motion. *See* **Exhibit A**, at 3–4. On October 20, 2025, Plaintiff provided notice to

---

[2]     Footnote 2 in the Motion is only partially correct because Plaintiff did agree to withdraw the subpoena to Abbott Laboratories, Inc. However, Defendant omits that Plaintiff canceled service of the subpoena through ABC Legal. *See* **Exhibit B**.

Defendant that a subpoena was soon to be served on another non-party, Creative Rehabs, Inc. (a clinic identified by Defendant as the clinic that performed testing on Plaintiff) pursuant to Federal Rule of Civil Procedure 45.

## LEGAL STANDARD

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts in this district have concluded that "[o]rdinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Kessel*, 2002 WL 398506 at *1–2 (N.D. Ill. Mar. 13, 2002). Rule 26(b)'s proportionality, relevancy, and burden limitations apply to non-party subpoenas under Rule 45. *See, e.g.*, *Buonavolanto v. LG Chem, Ltd.*, No. 18 C 2802, 2019 WL 8301068, at *2 (N.D. Ill. Mar. 8, 2019).

Rule 37 provides in part that if a discovery motion is denied "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(B); Local Rule 37.2. But a court may not award fees "if the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(B). "The test for substantial justification for this purpose is whether there is a genuine dispute." *Haywood*, 2021 WL 2254968, at *9.

## ARGUMENT

### A. The Motion Should be Denied Because Defendant Lacks Standing

The Motion should be denied because the Defendant lacks standing to quash subpoenas issued to third parties, absent any indication of a personal right or privilege with regard to the documents sought.

Generally, "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *See United States v. Raineri,* 670 F.2d 702, 712 (7th Cir. 1982) ("A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests."); *Kessel*, 2002 WL 398506 at *1–2; *Buonavolanto*, 2019 WL 8301068, at *2. "Instead, it is usually up to the non-party to bring its own motion to quash." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013). Courts have interpreted the phrase "personal right or privilege" to reach a non-exhaustive list of rights or privileges including: "the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party." *See id.* (collecting cases); *Buonavolanto*, 2019 WL 8301068, at *2.

Without addressing the threshold issue of standing, Defendant presents three reasons to challenge the subpoenas: (1) they are invalid under HIPAA; (2) they are invalid under Illinois laws, such as 410 ILCS 50/3(d), 735 ILCS 5/8-2001(b), and 20 ILCS § 301/30-5; and (3) they are disproportionate, unnecessary, burdensome, and not proportional. ECF No. 37, at 6–10. Notably, none of these arguments claim a personal right or privilege on Defendant's behalf. Even if a right or privilege could be construed from its Motion (it cannot), Defendant does not have a HIPAA right or privilege— Defendant is not a patient. Because Defendant is not a patient, this argument fails, just as it did in *Buonavolanto*, where the defendant acknowledged it did not assert a personal privilege under HIPAA because "LG CHEM is not a patient as at one of the hospitals." *See* 2019 WL 8301068, at *2. Additionally, Defendant's arguments are barred by the Seventh Circuit's ruling in *Nw. Mem'l Hosp. v. Ashcroft*, which stated that "HIPAA is not rightly understood as an Act of Congress that creates a privilege." 362 F.3d 923, 926 (7th Cir. 2004). The court further

explained that HIPAA's purpose is not to prevent disclosure of medical records, but to establish a procedure for obtaining authorization to use them in litigation.  *See id.*

Defendant's reliance on the state laws cited in the Motion fails for the same reasons: the patient, not Defendant, is the holder of the privilege.  *See* 410 ILCS 50/3(d) ("This right may be **waived in writing by the patient** or the patient's guardian or legal representative") (emphasis added); 735 ILCS 5/8-2001(h) ("a health care facility or health care practitioner shall provide without charge one complete copy of a patient's records **if the records are being requested by the patient or a person, entity, attorney, registered representative, or organization presenting a valid authorization**[.]") (emphasis added); ("If the information is not exempt, a disclosure can be made only under the following circumstances: **(A) With patient consent . . . (E) With a court order**[.]") (emphasis added).

Therefore, the Motion should be denied on the basis that Defendant has failed to identify any "personal right or privilege with regard to the documents sought" sufficient to confer standing to pursue the relief sought. *See Raineri,* 670 F.2d at 712; *Kessel*, 2002 WL 398506 at *1–2; *Buonavolanto*, 2019 WL 8301068, at *2.

### B.  The Motion Should be Stricken for Violating the Court's Discovery Procedures

If the Motion is not denied for Defendant's lack of standing, the Motion should be stricken for violating Judge Ellis's discovery procedures by exceeding the five-page limit and joint-filing requirement for discovery motions.

Here, Defendant's counsel concedes in Footnote 1 in the Motion that it is aware of the Court's discovery procedures. *See* ECF No. 37. ("SSI notes the Court's requirement for a five-page joint motion to handle discovery disputes"). However, the Defendant ignored Judge Ellis's discovery procedures and submitted its Motion despite being aware that such a filing was not

allowed. Plaintiff's counsel even re-directed Defendant to this Court's procedures before this Motion was filed, but Defendant ignored that redirection and continued with its own impermissible tactic to seek judicial intervention. *See* **Exhibit A**. It is plainly within a district judge's discretion to manage her docket and order that filings be stricken for non-compliance with that judge's procedures or a local rule of the Court. *See e.g., e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 646 (7th Cir. 2011) (affirming the district court's decision to strike a filing as a discovery sanction); *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670 (7th Cir. 1996); *Engineered Abrasives, Inc. v. Am. Mach. Prods. & Serv. Inc.*, No. 1:13-cv-07342-SLE, 2015 WL 1281460, at *14 (N.D. Ill. Mar. 18, 2015). Because Defendant unilaterally filed its Motion in violation of Judge Ellis's procedures, the Motion should be stricken.

**C. The Motion Should be Denied Because the Discovery Sought Satisfies Rule 26(b)**

If the Motion is not denied for lack of standing or otherwise stricken, it should be denied because Plaintiff's discovery requests satisfy Rule 26(b)'s proportionality, relevancy, and burden limitations.

"A district court is in the best position to decide the proper scope of discovery and to settle any discovery disputes." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). As Judge Cole explained:

> Under Rule 26, the discovery sought must not only be relevant, but it must be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). These principles are no less important in class actions. Indeed, district courts enjoy "broad discretion in deciding the degree to which discovery concerning class certification issues should

go forward and such discovery is allowed where there is a need to determine whether Rule 23 requirements are met." *Gebka v. Allstate Corporation*, No. 19-cv-06662, 2021 WL 825612, at *5 (N.D. Ill. 2021).

While Defendant lacks standing to outright quash the subpoenas as discussed in Section A above, if the requisite showing is made, Defendant is permitted "to seek a protective order to limit" the scope of the discovery from a third party based on relevance and proportionality. *See Buonavolanto*, 2019 WL 8301068, at *2 (citation omitted). However, Defendant has failed to carry its burden in several respects.

First, this Court explicitly authorized nationwide discovery in its Order denying Defendant's motion to dismiss. *See* ECF No. 33, at 10 ("Therefore, the Court does not find it appropriate to strike the nationwide class allegations and will allow Foster to proceed to discovery on them."); *see also Hossfeld*, 2021 WL 4819498, at *3 ("Given that the Court has not bifurcated merits and class discovery, the fact that the internal DNC list is relevant to the class certification inquiry or even to a later standing determination of which class members have suffered a redressable injury does not make it disproportional to the needs of the case or otherwise improper at this time"). Therefore, Defendant cannot ignore the Court's Order and set its own discovery limits for the purpose of seeking reconsideration on an issue that has already been settled when the Court has already determined class discovery is not separated from merits discovery. Defendant's reliance on *Harris-Morrison v. Sabert Corp.*, does not alter this outcome. Nor does *Harris-Morrison* even stand for the proposition that multiple courts have, as a general rule, limited or bifurcated discovery in GIPA cases—that assertion is simply incorrect. *See* No. 1:23-CV16120, 2024 WL 5264702, at *5 (N.D. Ill. Dec. 31, 2024). *Harris-Morrison* is a single case where class discovery was bifurcated, and that is because Judge Chang recognized the defendant raised a

preemption defense under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* In this case, Defendant has not raised an ERISA defense, and none applies. Therefore, Judge Chang's decision to bifurcate discovery based on the possibility that the court may lack jurisdiction has no bearing on this case.[3]

Second, Defendant has offered no evidence beyond conclusory assertions that "costly, time-consuming and burdensome discovery into communications and records related to individual putative class members." *See* ECF No. 37, at 12. Courts in this Circuit have rejected similar arguments where a party has "made no factual showing that discovery here is any more burdensome than is typical in responding to discovery requests in complex cases." *See Schachar v. Am. Acad. of Ophthalmology, Inc.*, 106 F.R.D. 187, 190 (N.D. Ill. 1985) (ordering the disclosure of medical records in an antitrust case). In *Schachar*, for example, the court rejected a party's attempt to resist discovery on the basis that "the information would be better sought by deposition", reasoning that written discovery promotes judicial economy, is less costly to the parties, and avoids unnecessary depositions. *See* 106 F.R.D. at 190. This Court should similarly reject Defendant's argument that "SSI has likewise encouraged Plaintiff to depose a corporate representative for each entity on SSI's prehire testing process and whether it includes a request for family medical history information." *See* ECF No. 37, at 11–12. Defendant cannot unilaterally dictate the manner and

---

[3]     Defendant cites other non-GIPA cases in support of the contention that discovery should be bifurcated. None of those cases are analogous. For example, *Ragsdale v. Harmony Leads, Inc.*, No. 1:24-CV-02510-CNS-SBP, 2025 WL 1617233 (D. Colo. May 9, 2025) was a Telephone Consumer Protection Act ("TCPA") case involving unique issues with the name plaintiff's adequacy to serve as a class representative. Notably, the Court recognized a separate line of cases existed that reach an opposite conclusion. *See id.* Defendant also cites *Fania v. Kin Ins., Inc.*, No. 22-12354, 2024 WL 2607303 (E.D. Mich. May 24, 2024), which involved credible evidence that the named plaintiff may have consented to receive the communication and precluding the TCPA claim asserted. Defendant's reliance on *Rivera v. Google Inc.*, No. 16 C 02714, 2017 WL 11895720, at *2 (N.D. Ill. June 27, 2017) is similarly misplaced, since that case involved defenses that the plaintiff lacked Article III standing and that observation led the court to bifurcate discovery. None of these scenarios are factually analogous to the case before this Court.

9

method of discovery in federal litigation or limit what information can be obtained from non-parties.

Third, Defendant should be denied from relying on HIPAA or any Illinois privacy-related laws because Defendant obstructed Plaintiff from obtaining a valid court order in compliance with the laws mentioned above, as shown in **Exhibit A**. "[T]he onus was on [Defendant] to propose or develop one, or respond to" either of the emails sent by Plaintiff's counsel requesting a draft protective order. *See e.g.*, *Haywood*, 2021 WL 2254968, at *7. To date, Defendant has still failed to provide Plaintiff's counsel with the draft protective order mentioned in **Exhibit A**. Moreover, Defendant cannot invoke privacy when the Motion makes no mention of the option of redacting medical records to protect patient confidentiality. *See Schachar*, 106 F.R.D. at 190. Therefore, the Motion should be denied on the basis that the discovery sought complies with Rule 26(b).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Defendant's Motion in its entirety.


Dated: October 27, 2025        Respectfully submitted,

By: */s/ Elliot O. Jackson*

**HEDIN LLP**
Elliot O. Jackson
ejackson@hedinllp.com
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

*Counsel for Plaintiff and the Putative Classes*

10