IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC FOSTER, | ) | |
| | ) | |
| On behalf of himself and all others similarly situated | ) ) ) | Case No. 1:25-cv-02101 |
| | ) | Judge Sara L. Ellis |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | |
| SERVICE SANITATION, INC., | ) ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
QUASH SUBPOENAS AND/OR FOR A PROTECTIVE ORDER**

Defendant Service Sanitation, Inc. ("SSI") respectfully submits this reply brief to address Plaintiff Isaac Foster's ("Plaintiff") arguments challenging SSI's standing to pursue its Fed. R. Civ. P. 45 motion to quash and the multiple misstatements of fact and law in Plaintiff's response brief (Dkt. # 37).

    A.    **SSI Has Standing to Move to Quash Plaintiff's Subpoenas.**

Plaintiff argues that SSI lacks standing to move to quash the third-party subpoenas at issue here because there is no assertion that the materials sought are protected by the attorney/client and/or work product privileges. This is an incorrect statement of law as it focuses on the Fed. R. Civ. P. 45(3)(A) requirements for when a Court *must* quash a subpoena and not the Fed. R. Civ. P. 45(3)(B) standard for when a Court *may* quash a subpoena.[1] Indeed, Rule 45(3)(B) permits the Court to quash a subpoena "to protect a

---

[1] Even the statement on when a Court must quash a subpoena is incorrect as it omits that a Court must quash a subpoena that requires disclosure of, "privileged *or other protected matter*." Fed. R. Civ. P. 45(3)(A) (emphasis supplied). As SSI argued in its motion, the

person subject to or affected by a subpoena" when that subpoena requires, "disclosing a trade secret or other confidential research, development, or commercial information." *Id.*

Consistent with this, courts have generally found standing to exist where a party has a legitimate interest in the materials sought. *See e.g. Architectural Iron Workers' Loc. No. 63 Welfare Fund v. Legna Installers Inc.*, No. 22 C 5757, 2023 WL 2974083, at *2 (N.D. Ill. Apr. 17, 2023) ("Thus, because Defendants have at least a minimal and legitimate interest in the documents requested, they can contest the issuance of the non-party subpoenas."); *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) ("Here, because [the defendant] 'has at least a minimal privacy interest in the information requested by the subpoena, he has standing to object.'"). Indeed, "[t]he burden to establish standing to challenge a Rule 45 subpoena is not a high one." *Gassman v. Cook Cnty.*, No. 24-CV-1279, 2025 WL 2855043, at *2 (N.D. Ill. Oct. 8, 2025).

The subpoenas at issue here seek any and all documents or materials related to individual medical examinations, drug tests and pre-hire tests that SSI's vendors conducted for SSI's employees and any communications that entity had with SSI about the same. Frankly, it is disingenuous to suggest that SSI has no interest in maintaining the privacy of such records for its employees and its communications with the subpoena recipients regarding the same. As such, SSI has standing to move to quash the subpoenas at issue in this case. *See Bilek v. Nat'l Cong. of Emps., Inc.*, No. 18 C 3083, 2020 WL 10963975, at *2 (N.D. Ill. May 21, 2020) ("Undercutting Plaintiff's argument a bit is the language of Rule 45(d)(3)(B) which provides that a person subject to or *affected* by a subpoena can file

---

materials sought here are protected by HIPAA and state laws protecting personal health information and drug tests.

a motion to quash or modify a subpoena that requires production of, among other things, "confidential commercial information."); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013) ("Instances that fall under the personal right or privilege exception and confer standing on a party include . . . interference with business relationships, or production of private information about the party that may be in the possession of a third party.").

B. **Plaintiff's Arguments Regarding Bifurcation are a Red Herring**.

In a surprising lack of candor, Plaintiff claims that this motion is an attempt to seek reconsideration of the Court's denial of a prior SSI request to bifurcate discovery. (Plaintiff's Response, Dkt. #37, pp. 2, 8). Yet, a quick perusal of the docket shows ***that SSI has never moved to bifurcate discovery***; nor has the Court ever considered a request to bifurcate.

Even now, SSI is not seeking bifurcation of discovery and is, instead, seeking to modify the subpoenas to limit them to the materials needed to evaluate Plaintiff's individual Genetic Information Privacy Act ("GIPA") claim and whether there is any policy or practice of requesting family medical history (as Plaintiff claims) that could be used to support a Fed. R. Civ. P. 23 class claim. Specifically, SSI is asking the Court to limit the subpoenas and initial discovery to: (i) Plaintiff's individual pre-hire testing records and communications; (ii) any agreements, contracts or general statements of work for the pre-hire testing process the vendor administers for SSI; (iii) any templates or forms utilized for the pre-hire testing process; and (iv) any materials discussing the pre-hire testing on a general basis and not involving individual putative class members. This will prevent expensive and time-consuming discovery into medical records, drug testing records and

pre-hire testing for individual putative class members if initial discovery reveals a lack of merit to Plaintiff's individual GIPA claim or that there is no practice or policy of requesting family medical history information in the pre-hire testing process to support a Fed. R. Civ. P. 23 class claim.

This is consistent with how Judge Chang handled another GIPA case where there was uncertainty as to the merits of the plaintiff's individual claim and their ability to pursue the claim as a Fed. R. Civ. P. 23 class action. *See Harris-Morrison v. Sabert Corp.*, No. 1:23-CV-16120, 2024 WL 5264702, at *5 (N.D. Ill. Dec. 31, 2024). In *Harris*, Judge Chang limited initial discovery to matters impacting the viability of the GIPA claim pled, which included determining whether the alleged request for family medical history was requested by the third-party healthcare provider for its own benefit or pursuant to a policy or practice of the employer's. While the latter might support a Fed. R. Civ. P. 23 class claim, an isolated request by a third-party healthcare provider would not.[2]

### C. Plaintiff Has Refused to Answer Written Discovery Regarding His Individual GIPA Claim and Proposed Class Claim.

SSI is not asking the Court to compel Plaintiff to answer the written discovery served on September 2, 2025. Rather, SSI is sharing this information with the Court because it reveals a pattern of bad faith in how Plaintiff is conducting discovery in this

---

[2] The vendors for Plaintiff's pre-hire testing, 1Source and Creative Rehab, are prepared to provide the applicable forms and templates for the pre-hire testing as well as a corporate representative for a declaration or deposition to make clear that there is no component of the SSI pre-hire test that involves requesting family medical history from an individual. Plaintiff has refused this initial step, choosing instead to launch into discovery as to the individual putative class members – even though the entire basis of the Complaint's Fed. R. Civ. P. 23 class claim is the allegation that SSI had a practice or policy of requesting family medical history as part of pre-hire physical ability testing. (Complaint, ¶¶ 41 – 49).

case. The responses served on November 4, 2025 (attached as Exhibits 1 - 2) fail to: (i) answer any interrogatory with anything more than "see the Complaint;" (ii) identify a single document responsive to any interrogatories or requests for production; and (iii) produce even one document – even though Plaintiff has received some individual records pursuant to his subpoenas. It is bad faith and incredibly self-serving to argue an entitlement to a nationwide, scorched earth fishing expedition via subpoena while refusing to answer simple written discovery regarding Plaintiff's own individual GIPA claim.

### D. Plaintiff's Counsel's Failure to Comply with HIPAA is their Own Fault.

Plaintiff's response brief curiously argues that SSI "obstructed" Plaintiff from complying with HIPAA and state laws governing the privacy of the records Plaintiff seeks. (Dkt. #37, p. 10). This argument is curious because Plaintiff served the subpoenas over SSI's objection and request for a meet and confer (Plaintiff refused to hold the subpoenas and issued them before the meet and confer). Similarly, after the meet and confer where SSI pointed out the HIPAA and privacy law problems with the subpoenas already served, Plaintiff's only response was to ask SSI to draft any materials that Plaintiff would need to comply with these laws. SSI not surprisingly refused to draft a motion for Plaintiff seeking Court authorization to serve the subpoenas and a qualified protective order governing the request. Meanwhile, nothing prevented Plaintiff from attempting to comply with state and federal law *before* the subpoenas were served or in the thirty (30) days that have passed since the subpoenas were served.[3]

---

[3] Plaintiff also argues that the failure to pursue this dispute as a joint motion deprived Plaintiff of the opportunity to propose compromises. This argument is disingenuous in light of the meet and confer held on October 13, 2025 wherein Plaintiff refused to compromise or modify the subpoenas in any manner because (counsel claimed) the

Dated: November 7, 2025            Respectfully Submitted,

                                                             **SERVICE SANITATION, INC.**

                                         By:    */s/ Gary R. Clark*
                                                             One of Its Attorneys

Gary R. Clark, #6271092
Brian A. Hartstein, #6289689
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000 | (312)715-5155 (fax)
gary.clark@quarles.com
brian.hartstein@quarles.com

---

Court's order on the motion to dismiss authorized the issuance of the subpoenas. Nor did Plaintiff propose any such compromises in its response brief or in the three weeks that have passed since the meet and confer between the parties.

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on November 7, 2025, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system.

                                                   /s/*Gary R. Clark*