**EXHIBIT 1**

**EXHIBIT 1**

Docusign Envelope ID: 722B231B-E2F2-4B52-A745-2AC59EBF2263

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC FOSTER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICE SANITATION, INC.<br><br>    Defendant. | Case No.: 1:25-cv-02101 |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT SERVICE SANITATION, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Isaac Foster hereby responds and objects to the First Set of Interrogatories from Defendant Service Sanitation, Inc. ("SSI") as follows.

## PRELIMINARY STATEMENT

All responses contained herein are based only upon information presently available to and known explicitly by Plaintiff. These responses are based upon facts and information that are now known to Plaintiff and are in no way intended to, and should not, be deemed as a waiver by Plaintiff of all or any part of any objection to any Interrogatory. Further, in responding to all or any portion of any Interrogatory, Plaintiff does not concede the relevance of the Interrogatory or his responses thereto.

As this litigation proceeds, Plaintiff anticipates that other facts may be discovered and/or recalled. Further independent discovery, independent investigation, legal research, and analysis may supply additional facts or add meaning to the known facts. The responses set forth herein are provided without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts that may later develop.

Without in any way obligating Plaintiff to do so, Plaintiff reserves the right to alter, supplement, amend, or otherwise modify these responses.

1

## GENERAL OBJECTIONS TO INTERROGATORIES

Plaintiff generally objects to the Interrogatories on the following grounds, each of which is incorporated by reference in the responses to the individual Interrogatory below. All responses set forth herein are subject to, and without waiver of, these General Objections:

1. Plaintiff objects to the Interrogatory to the extent that it seeks to impose obligations on plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules of the Central District of California ("Local Rules"), or the applicable orders of this Court, including the form of production.

2. Plaintiff objects to the Interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Such production as may hereafter occur pursuant to the Interrogatory shall not include any documents or information protected from disclosure by such privileges or doctrines. Inadvertent production of any such document or information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection, or immunity, in whole or in part.

3. Plaintiff objects to the Interrogatory to the extent that it imposes a duty to seek out information and documents that are not in Plaintiff's possession, custody, or control.

4. Plaintiff objects to the Interrogatory as an improper, premature, and unduly burdensome early contention interrogatory propounded in advance of substantial completion of document and other prerequisite discovery.

5. Plaintiff objects to the Interrogatory on the ground of undue burden to the extent that the Interrogatory seeks information that is already in the possession, custody, or control of SSI

or its agents or affiliates or otherwise is equally available to SSI or information that originated in SSI's or its agents' or affiliates' possession, custody, or control.

      6.      Plaintiff objects to the Interrogatory to the extent that it is overbroad, seeking information that has no bearing on any party's ability to prove any claim or defense in this action.

      7.      Plaintiff objects to the Interrogatory to the extent it is unduly burdensome.

      8.      Plaintiff objects to the Interrogatory to the extent that any term, aspect, or portion therein is vague, ambiguous, or unintelligible.

      9.      Plaintiff objects to the Interrogatory to the extent that it fails to state with sufficient particularity the information and categories of information to be provided.

      10.      Plaintiff objects to the Interrogatory to the extent that it seeks information that may be protected by the right to confidentiality or privacy recognized under federal or state laws.

      11.      Plaintiff objects to the Interrogatory to the extent that it seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

      12.      Plaintiff's decision to provide information or documents, notwithstanding the objectionable nature of any aspect or portion of the Interrogatory itself, should not be construed as: (a) an admission that the material is relevant; (b) a waiver of the General Objections or the objections asserted in response to the specific Interrogatory; or (c) an agreement that a request for similar information in this or any other related proceedings will be treated in a similar manner.

      13.      In responding to the Interrogatory, Plaintiff does not in any way waive or intend to waive any privilege or objection, but rather intend to, and do, preserve the following:

            (a)      All objections as to the competency, relevancy, and admissibility of any Interrogatory;

(b) All objections as to vagueness, ambiguity, or other infirmity in the form of the Interrogatory, and any objections based on undue burden imposed by the Interrogatory;

(c) All rights to object on any ground to the use of any of the responses or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d) All rights to object on any ground to any further interrogatories or other discovery involving or related to the same subject matter;

(e) The right to supplement responses to the Interrogatory prior to trial; and

(f) Any and all applicable privileges and/or rights under the Federal Rules of Civil Procedure or other statutes, regulations, guidelines, or common law.

14. The failure to object herein on a particular ground or grounds shall not be construed as a waiver of Plaintiff's right to object on any additional grounds.

15. Plaintiff reserves the right to supplement and/or amend the specific objections and responses set forth below.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

The following specific objections and responses do not intend to limit, waive, or restrict any other objection made herein. A statement in the following responses does not constitute a representation that any documents or information exist. To the extent Plaintiff has objected to any specific Interrogatory, Plaintiff is willing to meet and confer to discuss the Interrogatory.

**INTERROGATORY No. 1:**

Identify each and every person (per instruction 7 above) whom you believe possesses knowledge of any facts or circumstances related to Plaintiff's claim that genetic information was solicited by, or on behalf of, SSI and any damages related to this alleged solicitation.

**INTERROGATORY RESPONSE No. 1**:

Plaintiff responds to this Interrogatory as follows: Plaintiff incorporates in full the information provided in Plaintiff's Rule 26 disclosures and the Rule 26 disclosures of all other parties in this case.

**INTERROGATORY No. 2**:

Identify all persons who supplied any information used to answer or respond to these interrogatories or requests for the production of documents.

**INTERROGATORY RESPONSE No. 2**:

Plaintiff responds to this Interrogatory as follows: Counsel for Plaintiff, Elliot Jackson, Esq., assisted in the preparation of these Interrogatory responses.

**INTERROGATORY No. 3**:

State your factual basis for your contention that your genetic information was solicited, requested, and/or required by Defendant as a condition of employment.

**INTERROGATORY RESPONSE No. 3**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005). Plaintiff further objects to this Interrogatory to the extent it seeks information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff was required to provide his genetic information to Defendant in or around May 2024 as a precondition of employment. Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 1, 5, 18–22, and 24–30.

**INTERROGATORY No. 4**:

Identify each medical condition (and the relevant family member) which you allege you disclosed in response to a solicitation for such information, including the date, time, and place for

5

the alleged solicitation and disclosure, the identity of the individual doing the alleged solicitation, and your basis for claiming it constitutes genetic information under the GIPA.

**INTERROGATORY RESPONSE No. 4**:

Plaintiff objects to this Interrogatory to the extent it seeks information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 24–30.

**INTERROGATORY No. 5**:

State your factual basis for claiming any solicitation or disclosure identified in response to Interrogatory Nos. 4 or 7 was made by SSI, on behalf of SSI, at SSI's direction or by an agent or employee of SSI, including any factual basis you claim supports an alleged employment or agency relationship.

**INTERROGATORY RESPONSE No. 5**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005). Plaintiff further objects to this Interrogatory to the extent it seeks information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff was required to provide his genetic information to Defendant in or around May 2024 as a precondition of employment. Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 1, 5, 18–22, and 24–30.

**INTERROGATORY No. 6**:

State your factual basis for your contention that you were required to undergo a medical examination as part of the pre-hire process, including the Identity of the individual conducting the alleged examination and a full description of any tests or procedures conducted as part of this medical examination.

**INTERROGATORY RESPONSE No. 6**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005). Plaintiff further objects to this Interrogatory to the extent it seeks information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this interrogatory as follows: Plaintiff was required to provide his genetic information to Defendant in or around May 2024 as a precondition of employment. Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 1, 5, 18–22, and 24–30.

**INTERROGATORY No. 7**:

State your factual basis for claiming that genetic information, including but not limited to family medical history, was solicited from other individuals as a condition of applying for positions at SSI or working for SSI, including the identity of said individuals, your factual basis for so contending and your basis for contending that SSI is responsible for the alleged solicitation.

**INTERROGATORY RESPONSE No. 7**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005). Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion as to the phrase "is responsible." Plaintiff further objects to this Interrogatory to the extent it seeks

information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 1, 5, 18–22, and 24–30.

**INTERROGATORY No. 8**:

State your factual basis for claiming that other individuals were required to undergo a medical examination as part of the pre-hire process.

**INTERROGATORY RESPONSE No. 8**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005). Plaintiff further objects to this Interrogatory to the extent it seeks information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff was required to provide his genetic information to Defendant in or around May 2024 as a precondition of employment. Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 1, 5, 18–22, and 24–30.

**INTERROGATORY No. 9**:

Identify all individuals for whom you intend to seek relief, including when their genetic information was allegedly solicited and/or disclosed, the identity of the individual making the alleged solicitation, the identity of the individual to whom the information was allegedly disclosed, and the purpose of the alleged solicitation or disclosure.

**INTERROGATORY RESPONSE No. 9**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper pre-certification discovery request directed towards members of the putative class. *See e.g., Drake v. Aerotek, Inc.*,

No. 14-CV-216-BBC, 2014 WL 7408715, at *2 (W.D. Wis. Dec. 30, 2014) ("[A]ccess to putative class members' information [may be] unnecessary and even intrusive, such as when a plaintiff is seeking information for numerosity purposes only."). Plaintiff further objects to this Interrogatory to the extent it seeks information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 31–32.

**INTERROGATORY No. 10:**

Identify all adverse consequences (if any) you or any other putative class member has suffered as a result of the alleged solicitation and/or disclosure of genetic information by or to SSI.

**INTERROGATORY RESPONSE No. 10:**

Plaintiff objects to this Interrogatory to the extent it calls for a legal conclusion as to the phrase "adverse consequences." Plaintiff further objects to this Interrogatory as vague and ambiguous with respect to the phrase "adverse consequences." Plaintiff further objects to this Interrogatory on the grounds that it seeks irrelevant information unrelated to any claim or defense in the Action and that it is not proportional to the needs of this case. Plaintiff further objects to this Interrogatory on the grounds that it is an improper, unduly burdensome, and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005).

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Defendant's solicitation of, collection, or disclosure of Plaintiff's nonpublic genetic information on his family medical history was invasive of Plaintiff's statutorily protected right to privacy (as conferred to him by GIPA) and intruded substantially upon his solitude and seclusion (including his personal affairs and concerns) in a way that was highly offensive to Plaintiff and would be highly offensive to a reasonable person in his position. Plaintiff refers Defendant to, and hereby

Docusign Envelope ID: 722B231B-E2F2-4B52-A745-2AC59EBF2263

incorporates by reference, his allegations in the Complaint in the action, specifically paragraphs 1, 5, 18–22, and 49–51.

**INTERROGATORY No. 11:**

Describe in detail all meetings, conversations or communications between you and any SSI employee or agent (past, present or future) with regard to the claims in this lawsuit, the alleged solicitation of genetic information, and any pre-hire testing or medical examination related to SSI employment, including, but not limited to, the Identity (per Instruction 7 above) of each such individual with whom the communication took place, the date(s) of the meetings, conversations or communications, a description of everything said in the meetings or conversations, the identity of all witnesses, and the identity of any documents relating to such communications.

**INTERROGATORY RESPONSE No. 11:**

Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information unrelated to any claim or defense in the Action and that it is not proportional to the needs of this case. Plaintiff further objects to this Interrogatory as temporally overbroad insofar as it seeks information pertaining to matters occurring after the claims alleged in the action accrued. Plaintiff further objects to this Interrogatory as unduly burdensome to the extent it seeks information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff will not provide a response to this Interrogatory on the basis of the foregoing objections.

**INTERROGATORY No. 12:**

Describe in detail all the damages and relief you believe you are entitled to as a result of SSI's alleged conduct, including: the nature of the damage or relief claimed; the date(s) the damage was allegedly incurred; the basis for your belief that the damage was caused by SSI; your efforts to mitigate the damage claimed; the amount, basis for, and calculations of any monetary damages claimed to date; and the identity of any documents related to the claim for damages.

**INTERROGATORY RESPONSE No. 12**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005).

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 18–22, and 49–51.

**INTERROGATORY No. 13**:

Identify every lawsuit or administrative proceeding, including any bankruptcy proceeding, in which you have been involved, whether as a charging party, complainant, respondent, plaintiff, defendant or witness, by providing the name and number for each case, the court or agency in which it is or was pending, the date(s) such proceeding(s) were initiated, the nature of the dispute, the capacity in which you were involved and the outcome. Identify all documents relating to your answer to this interrogatory.

**INTERROGATORY RESPONSE No. 13**:

Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information unrelated to any claim or defense in the Action, that it is not proportional to the needs of this case, and that it is overbroad (both temporally and in subject matter) and meant to harass Plaintiff. Plaintiff further objects to this Interrogatory as vague and ambiguous with respect to the phrases "in which you were involved" and "nature of the dispute" Plaintiff further objects to this Interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, immunity, or the like. Plaintiff further objects to this Interrogatory as unduly burdensome. Plaintiff will not provide a response to this Interrogatory on the basis of the foregoing objections.

**INTERROGATORY No. 14**:

Identify every criminal act of which you have been convicted, pled guilty or pled nolo contendere, excluding speeding tickets and traffic offenses, and include the date of the conviction or plea, the court in which the conviction or plea occurred, the case number related to the criminal proceeding and any sentence or criminal penalty resulting from the conviction or plea.

**INTERROGATORY RESPONSE No. 14**:

Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information unrelated to any claim or defense in the Action, that it is not proportional to the needs of this case, and that it is overbroad (both temporally and in subject matter) and meant to harass Plaintiff. Plaintiff further objects to this Interrogatory as vague and ambiguous with respect to the phrases "of which You have been convicted." Plaintiff further objects to this Interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, immunity, or the like. Plaintiff further objects to this Interrogatory as unduly burdensome. Plaintiff will not provide a response to this Interrogatory on the basis of the foregoing objections.

**INTERROGATORY No. 15**:

State the entire factual basis for your claim that SSI has a national or multi-state policy with regard to the solicitation of genetic information during the pre-hire process and that it has directed, overseen, and/or controlled this policy from Illinois.

**INTERROGATORY RESPONSE No. 15**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005). Plaintiff further objects to this Interrogatory to the extent it seeks information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 1, 5, and 18–22.

**INTERROGATORY No. 16**:

Identify each and every act performed in the state of Illinois, and the actor performing said act, that you contend supports your allegation that the alleged solicitation of genetic information was directed, overseen, and/or controlled from Illinois.

**INTERROGATORY RESPONSE No. 16**:

Plaintiff objects to this Interrogatory on the grounds that it is an improper and premature contention interrogatory propounded in advance of the completion of document, expert and other necessary discovery. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005). Plaintiff further objects to this Interrogatory to the extent it seeks information that is already within Defendant's possession, custody, or control, which is equally available to Defendant, and/or that is more easily discoverable from other means.

Subject to and without waiver of any objections, Plaintiff responds to this Interrogatory as follows: Plaintiff was required to provide his genetic information to Defendant in or around May 2024 as a precondition of employment. Plaintiff refers Defendant to, and hereby incorporates by reference, his allegations within the Complaint, specifically paragraphs 1, 5, 18–22, and 24–30.

Dated: November 4, 2025　　　　　　　　　Respectfully submitted,

By: */s/ Elliot O. Jackson*

**HEDIN LLP**
Elliot O. Jackson
ejackson@hedinllp.com
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

*Counsel for Plaintiff and the Putative Classes*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 4, 2025, the foregoing document entitled Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories was emailed to Defendant's counsel of record.

*/s/ Elliot O. Jackson*

## VERIFICATION

I, Isaac Foster, have read the foregoing document entitled Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories and verify that, to the best of my knowledge, information, and belief, the factual information provided in the answers is true and correct. I understand that I am making this statement under penalty of perjury of the laws of the United States of America.

Dated: 10/30/2025

*DocuSigned by:*
*Isaac Fv*
FD467C6B824046A...
ISAAC FOSTER