**EXHIBIT 2**

**EXHIBIT 2**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC FOSTER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICE SANITATION, INC.<br><br>    Defendant. | Case No.: 1:25-cv-02101 |

## PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANT SERVICE SANITATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Isaac Foster hereby responds and objects to the First Set of Requests for Production from Defendant Service Sanitation, Inc. ("SSI") as follows.

## PRELIMINARY STATEMENT

All responses contained herein are based only upon information presently available to and known explicitly by Plaintiff. These responses are based upon facts and information that are now known to Plaintiff and are in no way intended to, and should not, be deemed as a waiver by Plaintiff of all or any part of any objection to any request. Further, in responding to all or any portion of any request, Plaintiff does not concede the relevance of the requests or his responses thereto.

As this litigation proceeds, Plaintiff anticipates that other facts may be discovered and/or recalled. Further independent discovery, independent investigation, legal research and analysis may supply additional facts or add meaning to the known facts. The responses set forth herein are provided without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts that may later develop.

Without in any way obligating Plaintiff to do so, Plaintiff reserves the right to alter, supplement, amend, or otherwise modify these responses.

1

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

The following specific objections and responses do not intend to limit, waive, or restrict any other objection made herein. A statement in the following responses does not constitute a representation that any documents or information exist. To the extent Plaintiff has objected to any specific request, Plaintiff is willing to meet and confer to discuss the request.

**REQUEST FOR PRODUCTION No. 1**:

Any and all documents identified in your responses to SSI's First Set of Interrogatories.

**REQUEST FOR PRODUCTION RESPONSE No. 1**:

Plaintiff will produce any non-privileged, responsive documents in his possession, custody, or control located after a reasonable search.

**REQUEST FOR PRODUCTION No. 2**:

Any and all documents used to answer SSI's First Set of Interrogatories.

**REQUEST FOR PRODUCTION RESPONSE No. 2**:

Plaintiff objects to this request to the extent that it seeks material or information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, doctrine, immunity, or the like. Plaintiff further objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 3**:

Any and all documents that refer or relate to any of the allegations in the Complaint.

**REQUEST FOR PRODUCTION RESPONSE No. 3**:

Plaintiff objects to this request to the extent that it seeks material or information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, doctrine, immunity, or the like. Plaintiff further objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's

possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 4**:

Any and all statements, affidavits, correspondence, faxes, instant messages, direct messages, e-mails, text messages or memoranda from any person, which relate to any of the allegations in the Complaint.

**REQUEST FOR PRODUCTION RESPONSE No. 4**:

Plaintiff objects to this request on the grounds that it seeks irrelevant materials and information unrelated to any claim or defense in the Action and that it is not proportional to the needs of this case. Plaintiff further objects to the term "correspondence" as vague and ambiguous. Plaintiff further objects to this request as temporally overbroad. Plaintiff also objects to this request to the extent that it seeks material or information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, doctrine, immunity, or the like. Plaintiff objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 5**:

Any and all documents containing, reflecting or memorializing any statements made by you related to allegations in the Complaint.

**REQUEST FOR PRODUCTION RESPONSE No. 5**:

Plaintiff objects to this request on the grounds that it seeks irrelevant materials and information unrelated to any claim or defense in the Action and that it is not proportional to the needs of this case. Plaintiff further objects to the term "statement" as vague and ambiguous. Plaintiff further objects to this request as temporally overbroad. Plaintiff also objects to this request to the extent that it seeks material or information protected from disclosure by the attorney-

3

client privilege, the work product doctrine or any other applicable privilege, doctrine, immunity, or the like. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 6**:

Any and all documents containing, reflecting or memorializing any statements made by any individual you allege was an SSI employee or agent which relate to the allegations in the Complaint.

**REQUEST FOR PRODUCTION RESPONSE No. 6**:

Plaintiff objects to this request on the grounds that it seeks irrelevant materials and information unrelated to any claim or defense in the Action and that it is not proportional to the needs of this case. Plaintiff further objects to the term "statement" as vague and ambiguous. Plaintiff further objects to this request as temporally overbroad. Plaintiff also objects to this request to the extent that it seeks material or information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, doctrine, immunity, or the like. Finally, Plaintiff objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 7**:

All documents and communications concerning any claim or defense in this matter.

**REQUEST FOR PRODUCTION RESPONSE No. 7**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 8**:

Any and all documents concerning any complaints or concerns that you raised with SSI concerning the alleged solicitation of genetic information.

**REQUEST FOR PRODUCTION RESPONSE No. 8**:

Plaintiff objects to this request on the grounds that it seeks irrelevant materials and information unrelated to any claim or defense alleged in the Action and that it is not proportional to the needs of this case. Plaintiff further objects to the phrase "complaints or concerns" as vague and ambiguous. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 9**:

Any and all documents that support your contention that SSI solicited, requested, or required genetic information from Plaintiff and/or putative class members as a condition of applying for employment.

**REQUEST FOR PRODUCTION RESPONSE No. 9**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 10**:

A copy of any questionnaires or other materials you submitted or received as part of pre-hire testing or a physical examination where you contend genetic information was solicited in violation of GIPA.

**REQUEST FOR PRODUCTION RESPONSE No. 10**:

Plaintiff objects to this request on the grounds that it seeks irrelevant materials and information unrelated to any claim or defense in the Action and that it is not proportional to the needs of this case. Plaintiff further objects to the phrase "questionnaires or other materials" as vague and ambiguous. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 11**:

All medical records related to pre-hire testing or a physical examination where you contend genetic information was solicited in violation of GIPA.

**REQUEST FOR PRODUCTION RESPONSE No. 11**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that

is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 12**:

Any and all documents relating to your contention that SSI had a nationwide or multistate policy of soliciting genetic information during its pre-hire process.

**REQUEST FOR PRODUCTION RESPONSE No. 12**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 13**:

Any and all documents related to your contention that any alleged solicitation of genetic information from you or a putative class member was done at SSI's direction.

**REQUEST FOR PRODUCTION RESPONSE No. 13**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff

also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 14**:

Any and all documents provided to you by SSI concerning the pre-employment testing.

**REQUEST FOR PRODUCTION RESPONSE No. 14**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 15**:

Any and all documents provided to you by SSI concerning the requirements of the hiring process.

**REQUEST FOR PRODUCTION RESPONSE No. 15**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff

also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 16**:

Any and all documents related to your contention that you were required to disclose your genetic information as a condition of employment with SSI.

**REQUEST FOR PRODUCTION RESPONSE No. 16**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 17**:

Any and all documents related to your contention that genetic information, including but not limited to family medical history, was solicited from other individuals applying for positions at SSI or working for SSI, including documents related to the alleged solicitation and your basis for contending that SSI was responsible for the alleged solicitation.

**REQUEST FOR PRODUCTION RESPONSE No. 17**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert

9

and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 18**:

Any and all documents related to the alleged solicitation of genetic information for any individual for whom you intend to seek relief in this lawsuit, either individually or with regard to a putative class member.

**REQUEST FOR PRODUCTION RESPONSE No. 18**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff also objects to this request as improper pre-certification discovery regarding unnamed class members. *See e.g., Drake v. Aerotek, Inc.*, No. 14-CV-216-BBC, 2014 WL 7408715, at *2 (W.D. Wis. Dec. 30, 2014). Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 19**:

Any and all documents related to any claim that a clinic or other third-party was acting as an agent of SSI, or at the direction of SSI, at the time of any alleged solicitation of genetic information.

**REQUEST FOR PRODUCTION RESPONSE No. 19**:

Plaintiff objects to this request as it calls for a legal conclusion as to the phrases "acting as an agent" and "at the direction of." Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 20**:

Any and all documents that support your claim for damages in this lawsuit.

**REQUEST FOR PRODUCTION RESPONSE No. 20**:

Plaintiff objects to the term "damages" as vague and ambiguous. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 21**:

Documents sufficient to show the total value of the damages you claim you and the putative class members sustained as a result of SSI's conduct.

11

**REQUEST FOR PRODUCTION RESPONSE No. 21**:

Plaintiff objects to the term "damages" as vague and ambiguous. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as improper pre-certification discovery regarding unnamed class members. *See e.g., Drake v. Aerotek, Inc.*, No. 14-CV-216-BBC, 2014 WL 7408715, at *2 (W.D. Wis. Dec. 30, 2014). Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 22**:

Any and all documents related to your claim that SSI had a national or multi-state policy with regard to the solicitation of genetic information during the pre-hire process and that it has directed, overseen, and/or controlled this policy from Illinois.

**REQUEST FOR PRODUCTION RESPONSE No. 22**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 23**:

Any and all documents related to any act allegedly performed in Illinois for the purpose of directing, overseeing and/or controlling the alleged national or multi-state policy of soliciting genetic information during the pre-hire process.

**REQUEST FOR PRODUCTION RESPONSE No. 23**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 24**:

Any and all documents related to your contention that SSI's pre-hire process includes a medical examination.

**REQUEST FOR PRODUCTION RESPONSE No. 24**:

Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of this case at this stage. Plaintiff further objects to this request as a premature contention-type request improperly propounded in advance of the completion of document, expert and other necessary discovery. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *3 (N.D. Ill. Nov. 19, 2018) ("contention-type requests that, as framed, are premature, overbroad, and not proportional to the needs of the case at this juncture."). Plaintiff also objects to this request as unduly burdensome to the extent it seeks material or information that is already within Defendant's possession, custody, or control, that is equally available to Defendant, and/or

that is more easily discoverable from other means. Plaintiff is withholding documents based on these objections.

**REQUEST FOR PRODUCTION No. 25**:

Any and all documents not provided in response to other requests that you contend support your position in this case.

**REQUEST FOR PRODUCTION RESPONSE No. 25**:

Plaintiff objects to this request as premature, unduly burdensome, and it is not proportional to the needs of the case at this stage. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005).

Subject to and without waiving any objections, Plaintiff will identify trial exhibits consistent with the deadlines outlined by the Court's Order dated September 26, 2024. *See* ECF No. 36.

**REQUEST FOR PRODUCTION No. 26**:

Any and all documents you intend to use at trial.

**REQUEST FOR PRODUCTION RESPONSE No. 26**:

Plaintiff objects to this request as premature, unduly burdensome, and it is not proportional to the needs of the case at this stage. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005).

Subject to and without waiving any objections, Plaintiff will identify trial exhibits consistent with the deadlines outlined by the Court's Order dated September 26, 2024. *See* ECF No. 36.

**REQUEST FOR PRODUCTION No. 27**:

Any and all curriculum vitas or resumes of any individual whom you plan on calling as a witness to provide expert opinion testimony.

**REQUEST FOR PRODUCTION RESPONSE No. 27**:

Plaintiff objects to this request as premature, unduly burdensome, and it is not proportional to the needs of the case at this stage. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005).

Subject to and without waiving any objections, Plaintiff will disclose expert information consistent with the deadlines outlined by the Court's Order dated September 26, 2024. *See* ECF No. 36.

**REQUEST FOR PRODUCTION No. 28**:

Copies of any reports that were prepared by any individual who you plan on calling as a witness to provide expert opinion testimony, related to this case.

**REQUEST FOR PRODUCTION RESPONSE No. 28**:

Plaintiff objects to this request as premature, unduly burdensome, and it is not proportional to the needs of the case at this stage. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005).

Subject to and without waiving any objections, Plaintiff will disclose expert information consistent with the deadlines outlined by the Court's Order dated September 26, 2024. *See* ECF No. 36.

**REQUEST FOR PRODUCTION No. 29**:

Any and all documents you receive pursuant to a subpoena in this matter.

**REQUEST FOR PRODUCTION RESPONSE No. 29**:

Plaintiff objects to this request on the grounds that the phrase "pursuant to a subpoena" is vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks materials or information (including "communications related to same") that are protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, doctrine, immunity, or the like.

Subject to and without waiving the foregoing objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody, or control that are located

15

following a reasonable search, with such production to occur on or before December 10, 2025, and will thereafter produce on a periodic rolling basis any additional materials subsequently produced by third parties in response to subpoenas served on them by Plaintiff in this action.

Dated: November 4, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: */s/ Elliot O. Jackson*

　　　　　　　　　　　　　　　　　　　　**HEDIN LLP**
　　　　　　　　　　　　　　　　　　　　Elliot O. Jackson
　　　　　　　　　　　　　　　　　　　　ejackson@hedinllp.com
　　　　　　　　　　　　　　　　　　　　1395 Brickell Ave, Suite 610
　　　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　　　Tel: (305) 357-2107
　　　　　　　　　　　　　　　　　　　　Fax: (305) 200-8801

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff and the Putative Classes*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, the foregoing document entitled Plaintiff's Responses and Objections to Defendant's First Set of Request for Productions was emailed to Defendant's counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Elliot O. Jackson*